Ex. J

1   Michael Buschbacher*
    James R. Conde*
2   James R. Wedeking*
    Laura B. Ruppalt*
3   Boyden Gray PLLC
    800 Connecticut Avenue NW, Suite 900
4   Washington, D.C. 20006
    (202) 955-0620
5   mbuschbacher@boydengray.com
    *Pro hac vice applications forthcoming
6
    Eric Grant (Bar No. 151064)
7   John B. Thomas (Bar No. 269538)
    Hicks Thomas LLP
8   701 University Avenue, Suite 106
    Sacramento, California 95825
9   (916) 447-4900
    grant@hicks-thomas.com
10
    Counsel for Proposed Intervenor-Defendants
11  (complete list on signature page)

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15  STATE OF CALIFORNIA, STATE OF          )  No. 4:25-cv-04966-HSG
    COLORADO, STATE OF DELAWARE,           )
16  COMMONWEALTH OF                        )
    MASSACHUSETTS, STATE OF NEW            )  **INTERVENOR-DEFENDANTS' ANSWER**
17  JERSEY, STATE OF NEW MEXICO,           )
    STATE OF NEW YORK, STATE OF            )
18  OREGON, STATE OF RHODE ISLAND,         )
    STATE OF VERMONT, and STATE OF         )
19  WASHINGTON,                            )
                                           )
20              Plaintiffs,                )
                                           )
21       v.                                )
                                           )
22  UNITED STATES OF AMERICA, U.S.         )
    ENVIRONMENTAL PROTECTION               )
23  AGENCY, LEE ZELDIN, in his official    )
    capacity as Administrator of the U.S.  )
24  Environmental Protection Agency, and   )
    DONALD J. TRUMP, in his official capacity as )
25  President of the United States,        )
                                           )  Courtroom: 2, 4th Floor Oakland Courthouse
26              Defendants.                )  Judge:     Hon. Haywood S. Gilliam, Jr.
                                           )
27  _____   )

28

1     Intervenor-Defendants American Free Enterprise Chamber of Commerce, Illinois Corn
2  Growers Association, Indiana Corn Growers Association, Iowa Corn Growers Association, Kansas
3  Corn Growers Association, Kentucky Corn Growers Association, Michigan Corn Growers
4  Association, Missouri Corn Growers Association, Nebraska Corn Growers Association,
5  Tennessee Corn Growers Association, Texas Corn Producers, Wisconsin Corn Growers
6  Association, and National Corn Growers Association hereby answer the Complaint, ECF No. 1
7  (June 12, 2025), filed by Plaintiffs the States of California, Colorado, Delaware, New Jersey, New
8  Mexico, New York, Oregon, Rhode Island, Vermont, Washington, and the Commonwealth of
9  Massachusetts.

**RESPONSES TO THE NUMBERED PARAGRAPHS IN THE COMPLAINT**

Intervenor-Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Intervenor-Defendants may refer to such materials for their accurate and complete contents in response; however, Intervenor-Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Intervenor-Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

**INTRODUCTION**[*]

1.   This paragraph contains legal conclusions and characterizations of statutory provisions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization of the statutory provisions, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

2.   Intervenor-Defendants deny the allegations in Paragraph 2.

---

[*] For ease of reference, Intervenor-Defendants refer to Plaintiffs' headings and titles, but to the extent that those headings and titles could be construed to contain factual allegations, such allegations are denied.

3.  Intervenor-Defendants admit the first sentence of Paragraph 3, which alleges that the Clean Air Act waiver provision was enacted in 1967 and that EPA has granted more than seventy-five preemption waivers for California's new motor vehicle emissions regulations. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

4.  Intervenor-Defendants admit the first sentence of Paragraph 4 to the extent that it alleges that between April 2023 and January 2025, EPA granted California's requests for Clean Air Act waivers of preemption for the Advanced Clean Trucks ("ACT"), Advanced Clean Cars II ("ACC II"), and Omnibus Low $NO_x$ ("Omnibus") regulations. Intervenor-Defendants admit the second sentence of Paragraph 4 to the extent that it alleges that other States, including the remaining Plaintiffs, purport to have adopted some or all of these standards pursuant to Section 177 of the Clean Air Act. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

5.  Intervenor-Defendants admit the first two sentences of Paragraph 5, which allege that the Senate and House passed three joint resolutions, H.J. Res. 87, 88, 89, 119th Congress (2025), disapproving the ACT, ACC II, and Omnibus waivers, and that the President signed them. Intervenor-Defendants also admit Plaintiffs filed this lawsuit. The remainder of the paragraph contains arguments and legal conclusions that do not require a response. To the extent that a response is required, Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

6.  This paragraph contains legal conclusions and characterizations of statutory provisions, which require no response. To the extent a response is required, Intervenor-Defendants deny any characterization of the statutory provisions, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

7.  Intervenor-Defendants deny the allegations in Paragraph 7.

8.  This paragraph contains argument and legal conclusions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any factual allegations contained in this paragraph.

9.  This paragraph contains argument and legal conclusions, which require no response. To

the extent that a response is required, Intervenor-Defendants deny any factual allegations contained in this paragraph.

10. Intervenor-Defendants deny the allegations in Paragraph 10.

11. Intervenor-Defendants deny the allegations in Paragraph 11.

12. This paragraph contains argument and legal conclusions, which require no response. To the extent that a response is required, Intervenor-Defendants deny the allegations.

13. Intervenor-Defendants deny the allegations in Paragraph 13.

**PARTIES**

14. Intervenor-Defendants admit the allegations in Paragraph 14.

15. Intervenor-Defendants admit the allegations in Paragraph 15.

16. Intervenor-Defendants admit the allegations in Paragraph 16.

17. Intervenor-Defendants admit the allegations in Paragraph 17.

18. Intervenor-Defendants admit the allegations in Paragraph 18.

19. Intervenor-Defendants admit the allegations in Paragraph 19.

20. Intervenor-Defendants admit the allegations in Paragraph 20.

21. Intervenor-Defendants admit the allegations in Paragraph 21.

22. Intervenor-Defendants admit the allegations in Paragraph 22.

23. Intervenor-Defendants admit the allegations in Paragraph 23.

24. Intervenor-Defendants admit the allegations in Paragraph 24.

25. Intervenor-Defendants admit the allegations in Paragraph 25.

26. Intervenor-Defendants admit the allegations in Paragraph 26.

27. Intervenor-Defendants admit the allegations in Paragraph 27.

28. Intervenor-Defendants admit the allegations in Paragraph 28.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

29. This paragraph contains legal conclusions, which require no response.

30. This paragraph contains legal conclusions, which require no response.

31. This paragraph contains legal conclusions, which require no response.

32. This paragraph contains legal conclusions, which require no response.

**FACTUAL BACKGROUND**

33. Intervenor-Defendants admit only so much of Paragraph 33 that alleges that California began mandating motor vehicle emission standards before Congress did so. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

34. Intervenor-Defendants admit only so much of Paragraph 34 that alleges that California has requested and received from EPA waivers of Clean Air preemption of California motor vehicle emissions standards under 42 U.S.C. § 7543(b)(1). Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

35. Intervenor-Defendants admit that the Senate and House proposed different text for what would later become 42 U.S.C. § 7543(b). Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

36. Intervenor-Defendants admit only so much of Paragraph 36 that alleges that members of Congress made the statements that appear there in quotation marks. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

37. Intervenor-Defendants admit that 42 U.S.C. § 7543(b)(1) uses the word "shall" and that the provisions were codified as specified in Footnote 4. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

38. Intervenor-Defendants deny the allegations in Paragraph 38.

39. This paragraph characterizes House reports and statutory provisions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the reports and provisions, which speak for themselves. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

40. This paragraph characterizes statutory text, which requires no response. To the extent that a response is required, the Intervenor-Defendants deny any characterization and refer the Court to the statute, which speaks for itself. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

41. Intervenor-Defendants admit that EPA has granted California numerous waivers of Clean Air Act preemption, that those waivers have been granted under both Democratic and Republican

presidential administrations, and that EPA's issuance of those waivers is subject to judicial review under 42 U.S.C. § 7607(b)(1). Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

42. Intervenor-Defendants deny that an "electric or hydrogen vehicle" is a "zero-emission vehicle," as alleged in Footnote 6. Intervenor-Defendants admit that EPA granted waivers of Clean Air Act preemption as indicated in the Federal Register citations, and that California has adopted increasingly stringent emissions requirements for passenger cars and light trucks over time.

43. This paragraph characterizes California ACC II regulations, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the regulations, which speak for themselves.

44. This paragraph characterizes California ACT regulations, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the regulations, which speak for themselves. Intervenor-Defendants admit that the California Air Resources Board ("CARB") issued the statement in quotation marks. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

45. This paragraph characterizes California Omnibus regulations, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the regulations, which speak for themselves.

46. Intervenor-Defendants deny the allegations in Paragraph 46.

47. Intervenor-Defendants deny the allegations in Paragraph 47.

48. This paragraph characterizes a Senate report, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the report, which speaks for itself. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

49. This paragraph characterizes a House report, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the report, which speaks for itself. Intervenor-Defendants admit that Congress did not impose a moratorium on all new federal regulations in 1995. Intervenor-Defendants deny any additional

factual allegations contained in this paragraph.

50. Intervenor-Defendants admit the allegations in Paragraph 50, which describe the 1996 enactment of the bill that included the Congressional Review Act ("CRA").

51.  This paragraph characterizes statutory text, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the text, which speaks for itself.

52. This paragraph characterizes statutory text, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the text, which speaks for itself.

53. This paragraph characterizes statutory text, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the text, which speaks for itself.

54. Intervenor-Defendants admit only so much of Paragraph 54 that alleges that Congress has established an ad-hoc, informal process involving the Government Accountability Office ("GAO"), for instance, where an agency fails to submit an action that one or more members of Congress believe is a "rule" subject to the CRA. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

55. This paragraph characterizes statutory text, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the text, which speaks for itself. To the extent that Plaintiffs' characterization contains additional factual allegations, Intervenor-Defendants deny them.

56. Intervenor-Defendants admit the allegations in Paragraph 56.

57. Intervenor-Defendants deny the allegations in the first sentence of Paragraph 57. The remainder of the paragraph characterizes statutory text, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the statutory text, which speaks for itself.

58. This paragraph contains argument and legal conclusions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any factual allegations the

paragraph contains.

59. This paragraph contains argument and legal conclusions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any factual allegations the paragraph contains.

60. This paragraph contains argument and legal conclusions, which require no response. Intervenor-Defendants, however, deny that the agency actions disapproved by the joint resolutions passed by the Senate on May 22, 2025 are "outside the [CRA's] intended and explicit scope."

61. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61.

62. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 related to what Congress has considered using the CRA to disapprove. Intervenor-Defendants deny that waivers of Clean Air Act preemption are "similar" to "a radio spectrum license, mining permit, or oil lease."

63. This paragraph characterizes statutory text and contains argument and legal conclusions, which requires no response. To the extent that a response is required, Intervenor-Defendants refer the Court to the statutory text, which speaks for itself.

64. This paragraph contains legal conclusions, which require no response. To the extent that a response is required, Intervenor-Defendants deny any factual allegations the paragraph contains.

65. This paragraph characterizes statements by EPA published in the Federal Register, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the Federal Register publications, which speak for themselves. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

66. This paragraph characterizes a GAO decision letter, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the letter, which speaks for itself. To the extent that Plaintiffs' characterization contains additional factual allegations, Intervenor-Defendants deny them.

67. Intervenor-Defendants admit that the members of Congress specified made the statements indicated in quotation marks. Intervenor-Defendants deny any additional factual allegations

contained in this paragraph.

68. This paragraph contains argument and legal conclusions, which require no response. To the extent a response is required, Intervenor-Defendants admit that EPA provided opportunity for public hearing and comment on the waiver requests. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

69. This paragraph characterizes statements by EPA published in the Federal Register, which require no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the Federal Register publications, which speak for themselves.

70. Intervenor-Defendants admit that EPA did not submit the waivers of Clean Air Act preemption for Advanced Clean Cars II ("ACC II"), Advanced Clean Trucks ("ACT"), and the Omnibus regulations to Congress at the same time that they were published in the Federal Register. Intervenor-Defendants admit, based on their knowledge and belief, that any member could have asked GAO for an opinion on whether the waivers were subject to the CRA after the waivers were published in the Federal Register time, and that no member of Congress did so.

71. Intervenor-Defendants admit the second sentence of Paragraph 71, which alleges that President Trump signed a day-one Executive Order indicating certain "state emissions waivers" should be ended. Intervenor-Defendants deny any remaining factual allegations contained in this paragraph.

72. This paragraph characterizes an Executive Order, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the Executive Order, which speaks for itself. To the extent that Plaintiffs' characterization of that order contains additional factual allegations, Intervenor-Defendants deny them.

73. Intervenor-Defendants admit that President Trump and EPA Administrator Zeldin made the announcement in the first sentence of Paragraph 73. Intervenor-Defendants deny that this announcement "changed course." Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

74. This paragraph characterizes EPA Zeldin's announcement, which requires no response.

To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the announcement, which speaks for itself.

75. This paragraph characterizes EPA Zeldin's announcement, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the announcement, which speaks for itself.

76. This paragraph characterizes an X (formerly, Twitter) post, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the post, which speaks for itself. To the extent that Paragraph 76 contains additional factual allegations, Intervenor-Defendants deny them.

77. Intervenor-Defendants admit that EPA submitted the waivers to Congress in February 2025. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. This paragraph characterizes actions recounted in a letter written by GAO, which Plaintiffs attached to their Complaint as Exhibit B, and so requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to Exhibit B, which speaks for itself.

79. Intervenor-Defendants admit that the letter that Plaintiffs attached as Exhibit B states that three Senators requested a legal opinion from GAO on whether the waivers were rules under the CRA.

80. This paragraph characterizes actions recounted in a letter written by GAO, which Plaintiffs attached to their Complaint as Exhibit B, and so requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to Exhibit B, which speaks for itself.

81. Intervenor-Defendants admit that Senator Capito made the statement quoted in the Times of San Diego in this paragraph. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

82. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82.

83. This paragraph characterizes a letter written by GAO, which Plaintiffs attached to their Complaint as Exhibit B, and so requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to Exhibit B, which speaks for itself. To the extent that Plaintiffs' characterization of the letter contains additional factual allegations, Intervenor-Defendants deny them.

84. This paragraph characterizes a letter written by GAO, which Plaintiffs attached to their Complaint as Exhibit B, and so requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to Exhibit B, which speaks for itself. To the extent that Plaintiffs' characterization of the letter contains additional factual allegations, Intervenor-Defendants deny them.

85. Intervenor-Defendants admit that the House of Representatives introduced H.J. Res. 87, 88, and 89 "[a]bout a month" after the date of the letter that Plaintiffs attached to their Complaint as Exhibit B. Intervenor-Defendants deny any additional factual allegations in Paragraph 85.

86. This paragraph characterizes a newsletter published by a media outlet, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization of the newsletter or additional factual allegations contained in the paragraph and refer the Court to the newsletter, which speaks for itself.

87. Intervenor-Defendants deny the allegations in Paragraph 87.

88. This paragraph characterizes a publicly available journal article, and so requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization of that article and refer the Court to the article, which speaks for itself.

89. Intervenor-Defendants admit that the Senate parliamentarian was presented with the question whether the waivers were subject to the CRA. The remainder of this paragraph consists of legal conclusions, which require no response. To the extent that any further response is required, Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

90. Intervenor-Defendants admit that the cited source reported an opinion by the Senate parliamentarian on April 4, 2025. Intervenor-Defendants lack sufficient knowledge or information to form an opinion as to the truth of the remaining allegations in Paragraph 90.

91. The first sentence of Paragraph 91 contains a legal conclusion, which requires no response. To the extent that the first sentence of Paragraph 91 contains factual allegations, Intervenor-Defendants deny them. The second sentence of Paragraph 92 characterizes a publicly available article, which requires no response. To the extent that a response is required, Intervenor-Defendants deny that characterization and any additional factual allegations contained in this paragraph.

92. This paragraph characterizes publicly available articles, which require no response. To the extent that a response is required, Intervenor-Defendants deny Plaintiffs' characterization and any additional factual allegations contained in this paragraph, and refer the Court to the articles, which speak for themselves.

93. Intervenor-Defendants admit that House members introduced resolutions under the CRA for three EPA waivers. Intervenor-Defendants deny all other factual allegations in this paragraph.

94. Intervenor-Defendants deny the allegations in Paragraph 94.

95. Intervenor-Defendants admit that the House voted to adopt three resolutions of disapproval related to EPA waivers of Clean Air Act preemption for California emissions standards.

96. Intervenor-Defendants deny the allegations in Paragraph 96.

97. This paragraph characterizes a publicly available document, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the document, which speaks for itself.

98. Intervenor-Defendants admit that the Senate proceeded with votes on resolutions of disapproval under the CRA regarding EPA's waivers. Intervenor-Defendants deny any remaining factual allegations contained in this paragraph.

99. Intervenor-Defendants admit that the cited article contains the phrases set out in quotation marks. Intervenor-Defendants deny any remaining factual allegations contained in this paragraph.

100.    Intervenor-Defendants admit that in the quoted statement, if accurate, Senate Majority Leader Thune did not explain how the Senate would proceed with the resolutions of disapproval regarding EPA's waivers. To the extent that this paragraph contains additional factual allegations,

1    Intervenor-Defendants deny them.

2        101.    Intervenor-Defendants admit that Majority Leader Thune introduced the indicated

3    point of order and that the Senate voted to agree to that point of order. Intervenor-Defendants

4    deny any remaining factual allegations contained in this paragraph.

5        102.    This paragraph contains legal conclusions, which require no response. To the extent

6    that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

7        103.    The first and fourth sentences of Paragraph 103 state argument and legal conclusions,

8    which requires no response. To the extent that these sentences contain factual allegations,

9    Intervenor-Defendants deny them. Intervenor-Defendants admit the factual allegations in the

10   second and third sentences of this paragraph, which explain the point of order and its effect.

11       104.    This paragraph characterizes a statement by Senator Whitehouse reported in the

12   Congressional Record, which requires no response. To the extent that a response is required,

13   Intervenor-Defendants deny any characterization and refer the Court to the Congressional Record,

14   which speaks for itself. Intervenor-Defendants deny any remaining factual allegations this

15   paragraph.

16       105.    This paragraph contains legal conclusions, which require no response. To the extent

17   that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

18       106.    This paragraph characterizes a statement by Senator Capito reported in the

19   Congressional Record, which requires no response. To the extent that a response is required,

20   Intervenor-Defendants deny any characterization and refer the Court to the Congressional Record,

21   which speaks for itself. Intervenor-Defendants deny any remaining factual allegations contained in

22   this paragraph.

23       107.    This paragraph characterizes statements by Senators Barrasso and Capito reported in

24   the Congressional Record, which requires no response. To the extent that a response is required,

25   Intervenor-Defendants deny any characterization and refer the Court to the Congressional Record,

26   which speaks for itself. Intervenor-Defendants deny any remaining factual allegations contained in

27   this paragraph.

28       108.    This paragraph characterizes statements by lawmakers reported in the Congressional

1  Record, which requires no response. To the extent that a response is required, Intervenor-

2  Defendants deny any characterization and refer the Court to the Congressional Record, which

3  speaks for itself. Intervenor-Defendants deny any remaining factual allegations contained in this

4  paragraph.

5      109.    Intervenor-Defendants deny the allegations in Paragraph 109.

6      110.    This paragraph characterizes statements by lawmakers reported in the Congressional

7  Record, which requires no response. To the extent that a response is required, Intervenor-

8  Defendants deny any characterization and refer the Court to the Congressional Record, which

9  speaks for itself. Intervenor-Defendants deny any remaining factual allegations contained in this

10  paragraph.

11      111.    Intervenor-Defendants admit that the Senate voted to adopt the resolutions of

12  disapproval in May 2025.

13      112.    Intervenor-Defendants admit that EPA issued a press release that included the

14  statements in quotation marks. Intervenor-Defendants deny any remaining factual allegations

15  contained in this paragraph.

16      113.    Intervenor-Defendants admit the allegations in Paragraph 113.

17                          **CLAIMS FOR RELIEF**

18                              **COUNT I**
                  *Ultra Vires* **– Conduct in Excess of Statutory Authority**
19                      **(Against All Defendants)**

20      114.    Intervenor-Defendants incorporate by reference each of their responses to the

21  preceding paragraphs as if fully set forth herein.

22      115.    This paragraph contains legal conclusions, which require no response. To the extent

23  that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

24      116.    This paragraph contains legal conclusions, which require no response. To the extent

25  that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

26      117.    Intervenor-Defendants deny the allegations in Paragraph 117.

27      118.    This paragraph contains legal conclusions, which require no response. To the extent

28  that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

119.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

120.    Intervenor-Defendants deny the allegations in Paragraph 120.

121.    Intervenor-Defendants deny the allegations in Paragraph 121.

**COUNT II**
**Violation of the Administrative Procedure Act**
**(Against the United States, EPA, and Its Administrator)**

122.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

123.    Intervenor-Defendants admit the allegations in Paragraph 123.

124.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

125.    This paragraph characterizes statutory text, which requires no response. To the extent a response is required, Intervenor-Defendants deny any characterization and refer the Court to the text, which speaks for itself.

126.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

127.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

128.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

129.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

130.    Intervenor-Defendants deny the allegations in Paragraph 130.

131.    Intervenor-Defendants deny the allegations in Paragraph 131.

132.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

133.    Intervenor-Defendants deny the allegations in Paragraph 133.

134.    Intervenor-Defendants deny the allegations in Paragraph 134.

135.    Intervenor-Defendants deny the allegations in Paragraph 135.

**COUNT III**
**Violation of the Congressional Review Act**
**(Against All Defendants)**

136.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

137.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

138.    Intervenor-Defendants admit that EPA did not submit the waivers to Congress at the time it issued them, and that no member of Congress sought GAO's opinion whether the waivers were "rules" immediately following EPA's issuance of the waivers. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

139.    Intervenor-Defendants deny the allegations in Paragraph 139.

140.    Intervenor-Defendants admit that GAO concluded that the waivers are not "rules" under the CRA. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

141.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

142.    Intervenor-Defendants deny the allegations in Paragraph 142.

143.    Intervenor-Defendants deny the allegations in Paragraph 143.

**COUNT IV**
**Violation of the Take Care Clause**
**(Against President Trump, EPA, and Its Administrator)**

144.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

145.    This paragraph characterizes a provision of the United States Constitution, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and refer the Court to the Constitution, which speaks for itself.

146.    Intervenor-Defendants deny the allegations in Paragraph 146.

147.    The second sentence of this paragraph characterizes a publicly available document,

which requires no response. To the extent a response is required, Intervenor-Defendants deny any characterization and refer the Court to the document, which speaks for itself. Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 147. Intervenor-Defendants deny any additional factual allegations contained in this paragraph.

148.    Intervenor-Defendants deny the allegations in Paragraph 148.

149.    Intervenor-Defendants deny the allegations in Paragraph 149.

150.    Intervenor-Defendants deny the allegations in Paragraph 150.

151.    Intervenor-Defendants deny the allegations in Paragraph 151.

152.    Intervenor-Defendants deny the allegations in Paragraph 152.

**COUNT V**
**Violation of Separation of Powers**
**(Against All Defendants)**

153.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

154.    This paragraph contains argument and legal conclusions, which require no response. The paragraph also characterizes provisions of the Constitution, which requires no response. To the extent that a response is required, Intervenor-Defendants deny any characterization and any factual allegations, and refer the Court to the Constitution, which speaks for itself.

155.    This paragraph contains argument and legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

156.    Intervenor-Defendants deny the allegations in Paragraph 156.

157.    Intervenor-Defendants deny the allegations in Paragraph 157.

158.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

159.    This paragraph contains argument and  legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

160.    This paragraph contains argument, which requires no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

161.    This paragraph contains argument and legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

162.    This paragraph contains argument and legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

163.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

164.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

165.    Intervenor-Defendants admit that the waivers "were the subject of pending litigation at the time the Resolutions were introduced and voted on." The remainder of this paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any additional factual allegations, Intervenor-Defendants deny them.

166.    This paragraph contains legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

167.    This paragraph contains argument and legal conclusions, which require no response. To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

168.    Intervenor-Defendants deny the allegations in Paragraph 168.

169.    Intervenor-Defendants deny the allegations in Paragraph 169.

**COUNT VI**
**Violation of the Tenth Amendment and Structural Principles of Federalism**
**(Against All Defendants)**

170.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

171.    This paragraph contains argument and legal conclusions, which require no response.

To the extent that this paragraph contains any factual allegations, Intervenor-Defendants deny them.

172.    Intervenor-Defendants deny the allegations in Paragraph 172.

173.    Intervenor-Defendants deny the allegations in Paragraph 173.

174.    Intervenor-Defendants deny the allegations in Paragraph 174.

175.    This paragraph contains argument and legal conclusions, which require no response. To the extent that the remainder of this paragraph contains any factual allegations, Intervenor-Defendants deny them.

176.    This paragraph contains argument and legal conclusions, which require no response. To the extent that the remainder of this paragraph contains any factual allegations, Intervenor-Defendants deny them.

177.    Intervenor-Defendants deny the allegations in Paragraph 177.

178.    Intervenor-Defendants deny the allegations in Paragraph 178.

**COUNT VII**
**Nonstatutory Review: Violations of Federal Law by Federal Officials**
**(Against All Defendants)**

179.    Intervenor-Defendants incorporate by reference each of their responses to the preceding paragraphs as if fully set forth herein.

180.    This paragraph contains legal conclusions, which require no response. To the extent that the remainder of the paragraph contains factual allegations, Intervenor-Defendants deny them.

181.    Intervenor-Defendants admit that, following the enactment of the resolutions of disapproval, ACC II, ACT, and the Omnibus regulations are "preempted" by the Clean Air Act and so "unenforceable."

182.    Intervenor-Defendants deny the allegations in Paragraph 182.

183.    Intervenor-Defendants deny the allegations in Paragraph 183.

184.    Intervenor-Defendants deny the allegations in Paragraph 184.

185.    Intervenor-Defendants deny the allegations in Paragraph 185.

186.    Intervenor-Defendants deny the allegations in Paragraph 186.

187.    Intervenor-Defendants deny the allegations in Paragraph 187.

188.    Intervenor-Defendants deny the allegations in Paragraph 188.

### PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiffs' prayer for relief, which requires no response. To the extent that a response is deemed required, Intervenor-Defendants deny that Plaintiffs are entitled to the relief that they seek or to any other relief in this action.

### DEFENSES

1. **Rule 12(b)(1): Lack of Subject Matter Jurisdiction:** This court lacks subject matter jurisdiction over this case because Congress, in the Congressional Review Act, has expressly withheld jurisdiction over Plaintiffs' claims in this suit. *See* 5 U.S.C. § 805.

2. **Rule 12(b)(1): Lack of Article III Standing:** Plaintiffs lack Article III standing to bring their statutory claims because their alleged injury—their inability to enforce their preempted regulations—is neither fairly traceable to the challenged EPA actions, nor redressable by a favorable ruling related to those actions.

3. **Rule 12(b)(1): Lack of Subject Matter Jurisdiction:** This court lacks subject matter jurisdiction over Plaintiffs' Administrative Procedure Act claim because the challenged EPA actions are not "final agency action." 5 U.S.C. § 704.

4. **Rule 12(b)(1): Lack of Subject Matter Jurisdiction:** This court lacks subject matter jurisdiction over Plaintiffs' constitutional claims because they raise non-justiciable political questions.

5. **Rule 12(b)(6): Failure to State a Claim on Which Relief Can Be Granted:** This court should dismiss Plaintiffs' constitutional and nonstatutory review claims because they are not legally cognizable claims.

///

///

///

///

///

| | |
|---|---|
| 1 | Dated: _____ __, 2025 |

Respectfully submitted,

_____

Michael Buschbacher
James R. Conde
James R. Wedeking
Laura B. Ruppalt
Boyden Gray PLLC

Eric Grant
John B. Thomas
Hicks Thomas LLP

Counsel for Intervenor-Defendants
American Free Enterprise Chamber of
Commerce, Illinois Corn Growers Association,
Indiana Corn Growers Association, Iowa Corn
Growers Association, Kansas Corn Growers
Association, Kentucky Corn Growers
Association, Michigan Corn Growers
Association, Missouri Corn Growers
Association, Nebraska Corn Growers
Association, Tennessee Corn Growers
Association, Texas Corn Producers, Wisconsin
Corn Growers Association, and National Corn
Growers Association