# EXHIBIT A
# AFPM Declaration

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; U.S. ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; and DONALD J. TRUMP, in his official capacity as President of the United States, <br><br> Defendants. | Case No. 4:25-cv-04966 <br><br> **DECLARATION OF GEOFFREY MOODY IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** |

I, Geoffrey Moody, declare as follows:

1. I am the Senior Vice President of Government Relations & Policy of American Fuel & Petrochemical Manufacturers (AFPM). In that capacity, I lead AFPM's work on all aspects of policy. My business address is 1800 M Street, N.W., Suite 900N, Washington, D.C. I am familiar with the activities and mission of the organization, with the views, priorities, and concerns of AFPM's membership, and with the facts stated in this Declaration.

2. I am over 18 years old. This Declaration is based upon my personal knowledge and/or upon my review of business records of AFPM.

3. AFPM is the leading trade association representing the makers of the fuels that keep Americans moving and the petrochemicals that are essential building blocks of modern life. AFPM's members provide critical energy and chemical products and support millions of American jobs.

4. AFPM has a long history of engagement on issues concerning environmental and vehicle emission policy. AFPM regularly participates in federal rulemakings and has engaged in litigation related to vehicle emissions standards and Clean Air Act waivers.

5. AFPM's members include petroleum refiners that produce gasoline and diesel, fuel marketers that distribute refined petroleum products, and petrochemical manufacturers that rely on demand for liquid transportation fuels. AFPM's membership also includes companies that operate refineries and other energy infrastructure in California. AFPM members such as Cenovus, Chevron U.S.A., ExxonMobil, Flint Hills Resources, HF Sinclair, Marathon Petroleum, and Valero sell gasoline and diesel. Those and other members' sales will be reduced, causing monetary injury, if California's waivers are reinstated, because the reinstated waivers would allow California and Section 177 states to enforce regulations that phase out internal combustion engine vehicles, resulting in significant curtailment in the use of gasoline and diesel. These rules would suppress demand for some of the core products AFPM members manufacture and distribute, thereby reducing sales, imposing conflicting regulatory requirements, forcing costly operational changes, undermining settled business expectations nationwide, disrupting investment planning, and introducing uncertainty into fuel markets. Furthermore, reinstating the waivers will limit the choice of vehicle types available to purchase by both consumers and AFPM members, in both California and Section 177 states.

6. I am familiar with the vehicle emissions control waivers that the United States Environmental Protection Agency (EPA) granted to California between 2023 and 2025. These waivers authorized California to enforce its Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus Low NOx regulations. *See* 88 Fed. Reg. 20,688 (Apr. 6, 2023); 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025).

7. I am also aware that Congress recently exercised its authority under the Congressional Review Act to disapprove EPA's decisions to grant these waivers. On June 12, 2025, the President signed joint resolutions of disapproval passed by both the House and the Senate. These resolutions lawfully nullified EPA's waiver grants to California, preventing the enforcement of California's Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus Low NOx regulations.

8. EPA's decisions to grant these waivers and Congress's disapproval of them have a significant impact on the interests of most of AFPM's members.

9. The California regulations at issue impose stringent zero-emission vehicle sales requirements and stricter emissions standards for internal combustion engines and vehicles. AFPM's members have raised concerns that these regulations will restrict market access for liquid fuel-powered vehicles, distort national fuel markets, and undermine efforts to maintain consumer choice and fuel affordability.

10. AFPM's participation as a Defendant-Intervenor in this action is germane to its mission and purpose. AFPM seeks to protect its members from regulatory burdens that exceed federal statutory limits and from state actions that conflict with national fuel policies.

11. AFPM's members need clarity on whether these state standards will remain enforceable to allow for investment and other planning.

12. AFPM has maintained regular communication with its members regarding these waivers and the legal developments surrounding them. AFPM is well-positioned to represent the collective interests of its members in this litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of August 2025, in Washington, D.C.

_____
GEOFFREY MOODY,
DECLARANT