# EXHIBIT C
# NACS Declaration

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 4:25-cv-04966 |
| Plaintiffs, | **DECLARATION OF DOUGLAS KANTOR IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** |
| v. | |
| UNITED STATES OF AMERICA; U.S. ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; and DONALD J. TRUMP, in his official capacity as President of the United States, | |
| Defendants. | |

I, Douglas Kantor, declare as follows:

1. I am the General Counsel of the National Association of Convenience Stores (NACS). My business address is 1600 Duke Street, Alexandria, VA 22314. In that capacity, I lead NACS's work on all aspects of legal advocacy on behalf of the convenience store industry. I am familiar with the activities, mission, membership, and operations of NACS, and with the facts stated in this declaration.

2. I am over 18 years old. This Declaration is based upon my personal knowledge and/or upon my review of business records of NACS.

3. NACS is the leading trade association representing the convenience and fuel retailing industry. Its members include about 1,300 retail and 1,600 supplier businesses. In the United States, the industry NACS represents includes more than 150,000 convenience stores. These businesses engage in approximately 165 million transactions with customers each day and sell about 80% of the motor fuels purchased at retail across the United States.

4. NACS has a longstanding interest in regulatory issues that affect transportation fuel markets, retail operations, and consumer access to motor fuels. NACS regularly engages in federal rulemakings and has participated in litigation involving environmental standards, fuel policy, and state-level mandates that affect national supply chains.

5. NACS has members who buy and sell fuel at wholesale and sell fuel at retail. NACS members also operate fleets of trucks to distribute fuels and blend traditional petroleum-based motor fuels with renewable fuels such as ethanol, biodiesel and renewable diesel. NACS members operate in every state in the nation including California and all of the states that adopt rules set by California pursuant to waivers granted to California by the United States Environmental Protection Agency (EPA).

6. NACS members in California include fuel sellers such as Loop Neighborhood Markets and Bambury, Inc. dba Bonneau Markets. NACS members in states that have adopted California's rules include 36 Lyn Refuel Station (in Minnesota) and Reid Petroleum (in New York). Those and other members' sales will be reduced, causing monetary harm, if California's lawsuit is successful because the waiver program enables California and aligned states to enforce increasingly aggressive mandates that limit the sale of internal combustion engine vehicles. In addition, electric utilities have monopoly positions and use them in a way that makes it difficult or impossible for NACS members to profitably sell electric vehicle charging. Reinstating the waivers would force businesses to adjust to inconsistent regulatory regimes across state lines, inject uncertainty into long-term planning, and threaten the viability of fuel retail operations in markets affected by California's rules.

7. I am familiar with the vehicle emissions control waivers that the United States Environmental Protection Agency (EPA) granted to California between 2023 and 2025. These waivers authorized California to enforce its Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus Low NOx regulations. *See* 88 Fed. Reg. 20,688 (Apr. 6, 2023); 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025).

8. I am also aware that Congress recently exercised its authority under the Congressional Review Act to disapprove EPA's decisions to grant these waivers. On June 12, 2025, the President signed joint resolutions of disapproval passed by both the House and the Senate. These resolutions lawfully nullified EPA's waiver grants to California, preventing the enforcement of California's Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus Low NOx regulations.

**DECLARATION OF DOUGLAS KANTOR IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE, NO. 4:25-cv-04966**

3

9. EPA's decisions to grant these waivers and Congress's disapproval of them have a significant impact on the interests of NACS's members.

10. The California regulations at issue impose stringent zero-emission vehicle sales requirements and strict tailpipe standards for internal combustion engine vehicles. NACS's members have raised concerns that these regulations will significantly disrupt fuel retail operations and result in fewer fuel sales. Members operating in California and Section 177 states fear they will be compelled to comply with complex and evolving state-level mandates, even as consumer demand for internal combustion vehicles remains strong in many regions. These requirements also threaten to fragment the national fuel market, forcing retailers to manage different compliance regimes across state lines, complicating logistics, increasing operational costs, and undermining the efficiency of nationwide supply chains.

11. NACS's participation as a Defendant-Intervenor in this case is consistent with its mission to represent the interests of fuel retailers and ensure a stable, consistent regulatory environment.

12. NACS seeks clarity about whether California's standards are enforceable in light of Congress's disapproval. The stakes for its members—many of whom operate across multiple states—are significant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 4th day of August, 2025, in Alexandria, VA.

_____
Douglas Kantor