1  Brandon Q. Tran (CA Bar No. 223435)
   btran@dhillonlaw.com
2  (949) 340-1968 (voice and fax)
   4675 MacArthur Court, Suite 1410
3  Newport Beach, CA 92660

4
   James K. Rogers*
5  Ryan Giannetti*
   America First Legal Foundation
6  611 Pennsylvania Ave., SE #231
   Washington, D.C. 20003
7  (202) 964-3721
   James.Rogers@aflegal.org
8  ryan.giannetti@aflegal.org

9
   Additional Counsel listed on second page.
10
11 ***Counsel for Proposed Intervenor-Defendant*, State of Texas**

12           **IN THE UNITED STATES DISTRICT COURT**
             **FOR NORTHERN DISTRICT OF CALIFORNIA**
13                      **OAKLAND DIVISION**

14
   **STATE OF CALIFORNIA, STATE OF**          Case No.: 4:25-CV-04966-HSG
15 **COLORADO, STATE OF DELAWARE,**
   **COMMONWEALTH OF**                        **DECLARATION OF BRANDON Q.**
16 **MASSACHUSETTS, STATE OF NEW**            **TRAN IN SUPPORT OF THE STATE**
   **JERSEY, STATE OF NEW MEXICO,**           **OF TEXAS'S MOTION TO**
17 **STATE OF NEW YORK, STATE OF**            **INTERVENE PURSUANT TO FRCP**
   **OREGON, STATE OF RHODE ISLAND,**         **RULE 24**
18 **STATE OF VERMONT, and STATE OF**
   **WASHINGTON**,                            **[Filed concurrently with Notice of**
19                                            **Motion, Memorandum of Points and**
                Plaintiffs,                   **Authorities, and [Proposed] Order]**
20
        v.                                    Judge:      Haywood S. Gilliam, Jr.
21                                            Date:       November 6, 2025
   **UNITED STATES OF AMERICA, U.S.**         Time:       2:00 p.m.
22 **ENVIRONMENTAL PROTECTION**               Place:      Courtroom 2 – 4th Floor
   **AGENCY, LEE ZELDIN, in his official**
23 **capacity as Administrator of the U.S.**  Complaint filed:    June 12, 2025
   **Environmental Protection Agency, and**
24 **DONALD J. TRUMP, in his official**
   **capacity as President of the United States**,
25
                Defendants.
26

27

28

---
1
**DECL. OF BRANDON Q. TRAN**                              **4:25-CV-04966-HSG**

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Austin Kinghorn**
Deputy Attorney General for Civil Litigation

**Kellie E. Billings-Ray**
Chief, Environmental Protection Division

**Ian Lancaster\***
**Wesley S. Williams\***
**Steven Loomis\***
Assistant Attorneys General
Office of the Attorney General
Environmental Protection Division
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2012
Ian.Lancaster@oag.texas.gov
Wesley.Williams@oag.texas.gov
Steven.Loomis@oag.texas.gov

*\* Pro hac vice application forthcoming*

***Counsel for Proposed Intervenor-Defendant, State of Texas***

**DECL. OF BRANDON Q. TRAN**                                    **4:25-CV-04966-HSG**

I, Brandon Q. Tran, declare as follows:

1.      I am a senior counsel with the law firm of Dhillon Law Group, counsel of record for proposed Intervenor-Defendant, State of Texas ("Texas"), in this action.    I submit this declaration in support of Texas's Motion to Intervene Pursuant to FRCP Rule 24.    I make this declaration based upon personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the proposed Answer my office intends to file on behalf of Texas.

3.      However, even though Rule 24 requires a "pleading," FRCP Rule 12 requires that certain defenses be asserted by motion prior to a responsive pleading.  If granted intervention, my office intends to file a motion to dismiss prior to filing Texas's answer.  Accordingly, Texas requests that its Proposed Answer not be automatically filed if the Motion to Intervene is granted.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 22th day of August, 2025, in Newport Beach, California.


_____*/s/ Brandon Q. Tran*_____
Brandon Q. Tran

**DECL. OF BRANDON Q. TRAN**                                                      **4:25-CV-04966-HSG**

# Exhibit "1"

Brandon Q. Tran (CA Bar No. 223435)
btran@dhillonlaw.com
(949) 340-1968 (voice and fax)
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

James K. Rogers*
Ryan Giannetti*
America First Legal Foundation
611 Pennsylvania Ave., SE #231
Washington, D.C. 20003
(202) 964-3721
James.Rogers@aflegal.org
Ryan.Giannetti@aflegal.org

Additional Counsel listed on second page.

***Counsel for Proposed Intervenor-Defendant*, State of Texas**

# IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WASHINGTON,** | Case No.: 4:25-CV-04966-HSG<br><br>**[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS**<br><br>Complaint filed:    June 12, 2025 |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and DONALD J. TRUMP, in his official capacity as President of the United States,** | |
| Defendants. | |

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Austin Kinghorn**
Deputy Attorney General for Civil Litigation

**Kellie E. Billings-Ray**
Chief, Environmental Protection Division

**Ian Lancaster***
**Wesley S. Williams***
**Steven Loomis***
Assistant Attorneys General
Office of the Attorney General
Environmental Protection Division
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2012
Ian.Lancaster@oag.texas.gov
Wesley.Williams@oag.texas.gov
Steven.Loomis@oag.texas.gov

* *Pro hac vice application forthcoming*

***Counsel for Proposed Intervenor-Defendant, State of Texas***

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS                                        4:25-CV-04966-HSG

## STATE OF TEXAS'S ORIGINAL ANSWER

**SPECIFIC DENIALS**

Pursuant to Federal Rule of Civil Procedure 8(b), Texas denies each and every allegation contained in Plaintiffs' Complaint except for those expressly admitted herein. In several instances, Texas has identified statements in Plaintiffs' Complaint that are legal conclusions or non-factual statements rather than factual assertions. No response to such legal conclusions or non-factual statements is required; however, if such a response is required, Texas denies such legal conclusions and non-factual statements. The Complaint also purports to quote or characterize other documents. To the extent the Complaint could be understood to incorporate statements of fact or implications of fact within those documents as factual allegations, Texas denies such allegations unless expressly admitted herein.

The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Complaint. Those titles and headings are reproduced in this Original Answer for organizational purposes only, and Texas does not admit any matter contained in them.

1. The allegations in Paragraph 1 purport to characterize the federal Clean Air Act ("CAA"), which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

2. The allegations in Paragraph 2 purport to characterize and quote the decisions in *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979) and *New State Ice Co. v. Liebmann*, 285 U.S. 262 (1932), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

3. The allegations in the first sentence of Paragraph 3 purport to characterize the CAA, which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with their plain language, context, and meaning. Further, the allegations in the first sentence of Paragraph 3 contain factual allegations to which Texas lacks sufficient information or knowledge to formulate a belief as to the truth of the allegations and deny them on that basis. The

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS                    4:25-CV-04966-HSG

1  allegations in the second sentence of Paragraph 3 characterize the decision in *Motor & Equip. Mfrs.*
2  *Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), which speaks for itself and provides the best
3  evidence as to its contents. Texas denies any allegations inconsistent with their plain language,
4  context, and meaning.

5        4.      The allegations in the first two sentences of Paragraph 4 purport to characterize three
6  Federal Register notices issued by the EPA: *California State Motor Vehicle and Engine Pollution*
7  *Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance*
8  *Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train*
9  *Certification; Waiver of Preemption; Notice of Decision*, 88 Fed. Reg. 20,688 (Apr. 6, 2023);
10  *California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II;*
11  *Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 642 (Jan. 6, 2025); and *California State*
12  *Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low*
13  *NOX Regulation; Waiver of Preemption; Notice of Decision*, 90 Fed. Reg. 643 (Jan. 6, 2025). These
14  notices speak for themselves and provide the best evidence as to their contents. Texas denies any
15  allegations inconsistent with their plain language, context, and meaning. The final sentence of
16  Paragraph 4 contains allegations regarding actions taken under the CAA. Texas lacks sufficient
17  information or knowledge to formulate a belief as to the truth of the allegations in the final sentence
18  of Paragraph 4 and denies them on that basis.

19        5.      The allegations in the first three sentences of Paragraph 5 purport to characterize the
20  legislative history of H.J. Res 87, 88, and 89 (119th Congress), which speak for themselves and
21  provide the best evidence of the resolutions' legislative history. Texas denies any allegations
22  inconsistent with the resolutions' legislative history. Texas admits that the Resolutions were passed
23  by the Senate, passed by the House of Representatives, and signed into law by the President of the
24  United States in accordance with constitutional legislative procedure. The fourth sentence of
25  Paragraph 5 purports to quote the decision in *South Carolina v. Baker*, 485 U.S. 505 (1988), which
26  speaks for itself and provides the best evidence as to its contents. Texas denies any allegations
27  inconsistent with its plain language, context, and meaning. Further, the fourth sentence of Paragraph
28  5 contains legal conclusions that require no response. To the extent a response is required, Texas

denies this allegation. The final sentence of Paragraph 5 consists of a characterization of the Plaintiffs' suit, which requires no response. To the extent a response is required, Texas denies the allegations.

6.      The allegations in Paragraph 6 purport to characterize and quote provisions of the Congressional Review Act ("CRA"), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

7.      The allegations in Paragraph 7 contain a mixture of allegations regarding the nature of federal legislation and speculation as to what would have happened had such legislation been structured or characterized differently. Texas denies the allegations in the first two sentences of Paragraph 7. The allegations in the third sentence of Paragraph 7 purport to characterize and quote the decision in *Alden v. Maine*, 527 U.S. 706, 715 (1999), which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that decision. To the extent the sentence makes a broader factual allegation about typical State behavior, Texas denies this allegation.

8.      The allegations in Paragraph 8 purport to characterize and quote the decisions in *Gregory v. Ashcroft*, 501 U.S. 452 (1991) and *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985), which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

9.      Texas denies the allegations in the first sentence of Paragraph 9. The allegations in the second and third sentences of Paragraph 9 purport to characterize and quote *California State Motor Vehicle and Engine Pollution Control Standards; Heavy-Duty Vehicle and Engine Emission Warranty and Maintenance Provisions; Advanced Clean Trucks; Zero Emission Airport Shuttle; Zero-Emission Power Train Certification; Waiver of Preemption; Notice of Decision*, 88 Fed. Reg. 20,688 (Apr. 6, 2023), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas denies the remaining allegations in Paragraph 9.

10.      The allegations in Paragraph 10 contain factual allegations to which Texas lacks

sufficient information or knowledge to formulate a belief as to the truth of the allegations in Paragraph 10 and denies them on that basis.

11.     The allegations in Paragraph 11 purport to characterize and quote news articles, which speak for themselves and provide the best evidence of their contents. Texas lacks sufficient information or knowledge to formulate a belief as to the truth of the allegations incorporated by reference to the underlying content of the articles and denies them on that basis. Texas denies the remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 contain legal conclusions, which do not require a response. To the extent a response is required, Texas denies the allegations. Further, the allegations in Paragraph 12 purport to characterize and quote the decisions in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985) and *South Carolina v. Baker*, 485 U.S. 505 (1988), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

13.     Texas denies the allegations in Paragraph 13.

**PARTIES**

14.     Texas admits that the State of California is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 14 and denies them on that basis.

15.     Texas admits that the State of Colorado is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 16 and denies them on that basis.

16.     Texas admits that the State of Delaware is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 15 and denies them on that basis.

17.     Texas admits that the Commonwealth of Massachusetts is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 17 and denies them on that basis.

18.    Texas admits that the State of New Jersey is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 18 and denies them on that basis.

19.    Texas admits that the State of New Mexico is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 19 and denies them on that basis.

20.    Texas admits that the State of New York is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 20 and denies them on that basis.

21.    Texas admits that the State of Oregon is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 21 and denies them on that basis.

22.    Texas admits that the State of Rhode Island is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 22 and denies them on that basis.

23.    Texas admits that the State of Vermont is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 23 and denies them on that basis.

24.    Texas admits that the State of Washington is a sovereign state in the United States of America and a plaintiff in this case. Texas lacks sufficient information or knowledge to formulate a belief as to the remaining allegations in Paragraph 24 and denies them on that basis.

25.    Texas admits Paragraph 25.

26.    Texas admits Paragraph 26.

27.    Texas admits Paragraph 27.

28.    Texas admits Paragraph 28.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

29.    The allegations in Paragraph 29 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

7

30.    The allegations in Paragraph 30 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the second and third sentences in paragraph 30 purport to characterize and quote the decision in *New York v. United States*, 505 U.S. 144 (1992), which speaks for itself and provides the best evidence for its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

31.    The allegations in Paragraph 31 contain legal conclusions, which require no response.

32.    The allegations in Paragraph 32 contain legal conclusions, which require no response.

**FACTUAL BACKGROUND**

**I.    Congress Enacted the Clean Air Act Waiver Provision to Allow California's Regulatory Program to Continue with Minimal Federal Oversight**

33.    The allegations in Paragraph 33 characterize the decision in *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

34.    The allegations in Paragraph 34 purport to characterize the decision in *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), Pub. L. No. 90-148, § 208(b), 81 Stat. 485, 501 (1967), and 42 U.S.C. § 7543(b)(1), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

35.    The allegations in the first sentence of Paragraph 35 purport to reference and quote the opinion in *Gregory v. Ashcroft*, 501 U.S. 452 (1991), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. The allegations in the remainder of Paragraph 35 purport to characterize the legislative debate surrounding an amendment to the CAA, as recorded at 113 Cong. Rec. 30,950, 30,952, and 30,956–57 (1967). The Congressional Record speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of the

1  legislative record. To the extent further response is required to the factual characterizations of the

2  legislative debate surrounding the 1967 amendment to the CAA or other matters asserted in

3  Paragraph 35, Texas lacks sufficient knowledge regarding the allegations and on that basis denies

4  them.

5  36.    The allegations in Paragraph 36 purport to characterize the legislative debate

6  surrounding an amendment to the CAA, as recorded at H.R. Rep. No. 90-728 and 113 Cong. Rec.

7  at 30941, 30,955. The Congressional Record and House of Representatives Reports speak for

8  themselves and are the best evidence of their content. Texas denies any allegations inconsistent with

9  the plain language, context, and meaning of the legislative record. To the extent further response is

10  required to the factual characterizations of the legislative debate surrounding the 1967 amendment

11  to the CAA or other matters asserted in Paragraph 36, Texas lacks sufficient knowledge regarding

12  the allegations and on that basis denies them.

13  37.    The allegations in Paragraph 37 purport to quote *Ford Motor Co. v. EPA*, 606 F.2d

14  1293 (D.C. Cir. 1979) and characterize 42 U.S.C. § 7543(b)(1), which speak for themselves and are

15  the best evidence of their content. Texas denies any allegations inconsistent with the plain language,

16  context, and meaning of those documents.

17  38.    The allegations in Paragraph 38 purport to quote and characterize *Engine Mfrs. Ass'n

18  v. EPA*, 88 F.3d 1075 (D.C. Cir. 1996), *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095

19  (D.C. Cir. 1979), *Printz v. United States*, 521 U.S. 898 (1997), H.R. Rep. No. 90-728 (1967), and

20  S. Rep. No. 90-403 (1967), which speak for themselves and are the best evidence of their content.

21  Texas denies any allegations inconsistent with the plain language, context, and meaning of those

22  documents.

23  39.    The allegations in Paragraph 39 purport to characterize the intent of Congress. Texas

24  lacks sufficient knowledge regarding the intent of a third party as alleged and on that basis denies

25  the allegations. Paragraph 39 also purports to characterize and quote from *Motor & Equip. Mfrs.

26  Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), H.R. Rep. No. 94-1175 (1976), H.R. Rep. No.

27  95-294 (1977), and 42 U.S.C. § 7543(b)(1), which speak for themselves and are the best evidence

28  of their content. Texas denies any allegations inconsistent with the plain language, context, and

9

meaning of those documents.

40.    Paragraph 40 purports to characterize the intent of Congress. Texas lacks sufficient knowledge regarding the intent of a third party as alleged and on that basis denies the allegations. Paragraph 40 also purports to quote and characterize 42 U.S.C. § 7507, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that statute.

41.    Texas lacks sufficient knowledge regarding the factual allegations in Paragraph 42 and on that basis denies the allegations. To the extent the allegations purport to reference or incorporate 42 U.S.C. § 7607(b)(1) or EPA, *Vehicle Emissions California Waivers and Authorizations*, https://perma.cc/9F5K-QC79 (as of May 14, 2025), those sources speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that state and that document, respectively.

42.    The allegations in Paragraph 42 purport to characterize or summarize the regulations at 58 Fed. Reg. 4166 (Jan. 13, 1993), 71 Fed. Reg. 78, 190 (Dec. 28, 2006), 78 Fed. Reg. 2112 (Jan. 9, 2013), and Cal. Code Regs. tit. 13, § 1960.1(g)(2) (1991), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with the plain language, context, and meaning of those regulations.

43.    The allegations in Paragraph 43 purport to characterize or summarize California's Advanced Clean Cars II regulation, Cal. Code Regs. tit. 13, §§ 1962.4(c), (e)(1)(c), and 1961.4, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that regulation. To the extent that Plaintiffs' characterizations of the effects of the regulation could be treated as factual allegations, Texas lacks sufficient knowledge of the alleged matters and on that basis denies them.

44.    The allegations in the first sentence of Paragraph 44 purport to characterize or summarize California's Advanced Clean Trucks regulation, Cal. Code Regs. tit. 13, § 1963.1(b), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that regulation. To the extent that Plaintiffs' characterizations of the effects of the regulation could be treated as factual allegations,

**[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS**          4:25-CV-04966-HSG

Texas lacks sufficient knowledge of the alleged matters and on that basis denies them. The allegations in the second and third sentences of Paragraph 44 purport to quote or characterize CARB, *Advanced Clean Trucks Credits Summary as of March 31, 2022*, https://perma.cc/2DHP-FUR9 (as of May 24, 2025) and CARB, *Advanced Clean Trucks Credit Summary through the 2023 Model Year* (May 22, 2024), https://perma.cc/7B5E-2RBG (as of May 24, 2025), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with the plain language, context, and meaning of those documents. To the extent that references to those documents, their incorporation by reference, or any other aspect of Paragraph 44 could be understood as factual allegations, Texas lacks sufficient knowledge of the alleged matters and on that basis denies them.

45.    The allegations in Paragraph 45 purport to characterize or summarize a regulation described as California's "Omnibus" regulation, Cal. Code Regs. tit. 13, § 1956.8, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that regulation. To the extent that Plaintiffs' characterizations of the effects of the regulation could be treated as factual allegations, Texas lacks sufficient knowledge of the alleged matters and on that basis denies them.

46.    Texas lacks sufficient knowledge of the matters alleged in Paragraph 46 and on that basis denies them.

47.    Based on the market-distorting reality of the regulatory regime at issue, Texas denies the allegations in Paragraph 47. To the extent Paragraph 47 purports to paraphrase or characterize 42 U.S.C. § 7507, the law speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that statute.

**II.    Congress Enacted the Congressional Review Act to Enhance Its Oversight of Generally Applicable *Federal Rules* and, Prior to these Resolutions, Has Only Used It for that Purpose**

48.    The allegations in Paragraph 48 purport to characterize or quote S. Rep. 104-15 (Mar. 16, 1995), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that statute. To the extent the broad

statements in Paragraph 48 about how some population of "Republicans" viewed the 1994 midterm election could be taken as a factual allegation, Texas lacks sufficient information about the matters alleged and on that basis denies them.

49.     The allegations in Paragraph 49 purport to characterize or quote H.R. Rep. No. 104-39 (Feb. 16, 1995), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with the plain language, context, and meaning of that statute.

50.     The allegations in Paragraph 50 purport to characterize the legislative history and contents of the Contract with America Advancement Act of 1996, Pub. L. 104-121, 110 Stat. 847 (Mar. 29, 1996); 142 Cong. Rec. S3114 (Mar. 28, 1996), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

51.     The allegations in Paragraph 51 purport to characterize and quote 5 U.S.C. § 801(a)(1)(A), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

52.     The allegations in Paragraph 52 purport to characterize and quote 5 U.S.C. § 804, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

53.     The allegations in Paragraph 53 purport to characterize and quote 5 U.S.C. §§ 801(b)(2) and 802(a), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

54.     The allegations in Paragraph 54 purport to characterize and quote the Congressional Research Service, *The Congressional Review Act: Determining Which "Rules" Must be Submitted to Congress* (updated Oct. 22, 2024), https://perma.cc/PNE9-6SLX, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent Paragraph 54 alleges that the Government Accountability Office ("GAO") has conclusive or dispositive authority over the application of the CRA, Texas denies the allegation.

55.     The allegations in Paragraph 55 purport to characterize and quote 5 U.S.C. §

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS                    4:25-CV-04966-HSG

802(d)(1)–(2), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

56.     The allegations in Paragraph 56 purport to characterize and quote 5 U.S.C. § 805, which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

57.     The allegations in Paragraph 57 purport to characterize and quote 5 U.S.C. § 801(a)(1)(B), the Contract with America Advancement Act of 1996, Pub. L. 104-121, 110 Stat. 847 (Mar. 29, 1996), and the CRA writ large, which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

58.     The allegations in Paragraph 58 are a mixture of legal argumentation, requiring no response, and allegations purporting to quote or characterize *Gregory v. Ashcroft*, 501 U.S. 452 (1991), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

59.     The allegations in Paragraph 59 are a mixture of legal argumentation, requiring no response, and allegations purporting to quote or characterize *West Virginia v. EPA*, 597 U.S. 697 (2022) (Gorsuch, J., concurring), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

60.     Texas lacks sufficient knowledge of the matters alleged in Paragraph 60 and on that basis denies them.

61.     Texas lacks sufficient knowledge of the matters alleged in Paragraph 61 and on that basis denies them. To the extent the allegations in Paragraph 61 purport to characterize or quote *Ctr. for Biological Diversity v. Regan*, 734 F. Supp. 3d 1 (D.D.C. 2024) and the Centers for Medicare & Medicaid Services, State Waivers List, https://perma.cc/22KX-GD9Y (as of May 8, 2025), they speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

62.     Texas lacks sufficient knowledge of the matters alleged in Paragraph 62 and on that basis denies them.

III.    **For Half a Century, and Regardless of Which Party Occupied the White House, Clean Air Act Preemption Waivers Have Been Understood to Be Adjudicatory *Orders*, Not *Rules***

63.    The allegations in Paragraph 63 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize 42 U.S.C. §§ 7521(a)(1) & 7543(b)(1), 5 U.S.C. § 551(4), and *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

64.    The allegations in Paragraph 64 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize 42 U.S.C. § 7607(d)(1), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

65.    The allegations in Paragraph 65 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize Executive Order 12,866, the Regulatory Flexibility Act, 5 U.S.C. § 601 (2), 75 Fed. Reg. 70,237, (Nov. 17, 2010), 69 Fed. Reg. 59,920 (Oct. 6, 2004), 73 Fed. Reg. 12,156 (Mar. 6, 2008), and 84 Fed. Reg. 51,310 (Sept. 27, 2019), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning. To the extent the allegations in Paragraph 65 could be understood as factual allegations regarding the history of EPA waivers and interpretations thereof, Texas lacks sufficient information of the matters alleged and on that basis denies them.

66.    Texas denies the allegation in Paragraph 66 that the GAO is "the entity Congress relies on for CRA applicability determinations." The remaining allegations in Paragraph 66 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize GAO Decision B-334309, *Environmental Protection Agency—Applicability of Congressional Review Act to Notice of Decision on Clean Air Act Waiver of Preemption* (Nov. 30, 2023), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

67.     The allegations in Paragraph 67 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize Mike Lee, *Stop CARB Act One Pager* (118th Congress), https://perma.cc/LNG5-45AW (as of May 4, 2025), S.5038, 118th Cong. (2024), H.R. 9574, 118th Cong. (2024), and Troy E. Nehls, *Rep. Troy E. Nehls Introduces the Stop CARB Act* (Sep. 12, 2024), https://perma.cc/55TB-737M (as of May 4, 2025), which speak for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning.

68.     The allegations in Paragraph 68 are legal argumentation, which requires no response. To the extent the allegations purport to characterize 88 Fed. Reg. 88,908 (Dec. 26, 2023), it speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent the allegations in Paragraph 68 could be understood to contain factual allegations regarding the EPA's understanding of its own rulemaking procedures, adherence to or deviation from its own rulemaking procedures, or the specifics of a particular rulemaking, Texas lacks sufficient information and, on that basis, denies the allegations.

69.     The allegations in Paragraph 69 purport to characterize or quote 88 Fed. Reg. 20,688 (Apr. 6, 2023), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

70.     Texas lacks sufficient information about the allegations in Paragraph 70 and on that basis denies them.

### IV.    The Trump Administration Implements a CRA Playbook, Without Providing Any Legal Rationale and Without Any Administrative Process

71.     The allegations in Paragraph 71 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize Exec. Order No. 14,154: *Unleashing American Energy*, 90 Fed. Reg. 8353 (Jan. 20, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent allegations purporting to characterize President Trump's intentions, mindset, or objectives could be viewed as factual allegations, Texas lacks sufficient information about third parties' thoughts and, on that basis, denies the allegations.

15

72.     The allegations in Paragraph 72 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize Exec. Order No. 14,154: *Unleashing American Energy*, 90 Fed. Reg. 8353 (Jan. 20, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

73.     The allegations in Paragraph 73 are a mixture of legal argumentation, which requires no response, and allegations purporting to quote or characterize the documents EPA, *Trump EPA to Transmit to California Waivers to Congress in Accordance with Statutory Reporting Requirement* (Feb. 14, 2025), https://perma.cc/GDF5-HVM2 (as of May 5, 2025) and Boyden Gray PLLC, *Buschbacher, Conde Discuss How to Ocerturn CA's EV Mandate in the Wall Street Journal* (Jan. 9, 2025), https://perma.cc/D59T-Q7JB (as of May 17, 2025) which speaks for themselves and are the best evidence of their content. Texas denies any allegations inconsistent with their plain language, context, and meaning. To the extent allegations purporting to characterize President Trump's or EPA Administrator Lee Zeldin's intentions, mindset, or objectives could be viewed as factual allegations, Texas lacks sufficient information about third parties' thoughts and, on that basis, denies the allegations.

74.     The allegations in Paragraph 74 are legal argumentation requiring no response. To the extent the second sentence could be said to contain factual allegations, Texas admits that EPA did not reference having ever treated waiver decisions as orders rather than rules in the cited announcement; to the contrary, the announcement consistently refers to the waivers at issue as "rules." Texas otherwise denies the allegations in Paragraph 74. To the extent the allegations in Paragraph 74 purport to quote or characterize EPA, *Trump EPA to Transmit to California Waivers to Congress in Accordance with Statutory Reporting Requirement* (Feb. 14, 2025), https://perma.cc/GDF5-HVM2 (as of May 5, 2025), the document itself is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

75.     The allegations in Paragraph 75 are legal argumentation requiring no response. To the extent the allegations in Paragraph 75 purport to quote or characterize 5 U.S.C. § 801(a)(1)(A), the statute itself is the best evidence of its content. Texas denies any allegations inconsistent with

1    its plain language, context, and meaning. To the extent allegations regarding the existence of
2    sufficiency of explanations in the Administration's announcement could be treated as factual
3    allegations, Texas lacks sufficient information to form a response and so denies the allegations on
4    that basis.

5          76.     The allegations in Paragraph 76 are a combination of legal argumentation requiring
6    no response and allegations purporting to quote or characterize an X post from "@EPWGOD,"
7    @EPWGOP, X, https://perma.cc/5WMM-DQVJ (Feb. 14, 2025) (as of May 11, 2025), which
8    speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent
9    with its plain language, context, and meaning. To the extent that characterizations of California's
10   regulations or the legislative process at issue in this matter could be taken as factual allegations,
11   Texas denies the allegations, which mischaracterize California's regulations, the impact of those
12   regulations on the automotive market nationwide, and the legislative process in question.

13         77.     The allegations in Paragraph 77 purport to quote or characterize GAO Letter B-
14   337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of*
15   *Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional review Act* (Mar.
16   6, 2025) and EPA, *Trump EPA to Transmit to California Waivers to Congress in Accordance with*
17   *Statutory Reporting Requirement* (Feb. 14, 2025), https://perma.cc/GDF5-HVM2 (as of May 5,
18   2025), which speak for themselves and are the best evidence of their content. Texas denies any
19   allegations inconsistent with their plain language, context, and meaning.

20   **V.      The GAO Determines (Again) that Waiver Decisions Are Not Subject to the CRA**

21         78.     The allegations in Paragraph 78 purport to quote or characterize GAO Letter B-
22   337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of*
23   *Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act* (Mar.
24   6, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations
25   inconsistent with its plain language, context, and meaning.

26         79.     The allegations in Paragraph 79 purport to quote or characterize GAO Letter B-
27   337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of*
28   *Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act* (Mar.

6, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent Paragraph 79 could be understood to state as a factual allegation that three senators requested a GAO legal opinion on or about February 21, 2025, Texas admits that Senators Sheldon Whitehouse, Alex Padilla, and Adam B. Schiff appear to have requested such an opinion.

80.     The allegations in Paragraph 80 purport to quote or characterize GAO Letter B-337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act* (Mar. 6, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

81.     The allegations in Paragraph 81 contain a mixture of legal argumentation, requiring no response, and purported characterizations or quotations of Times of San Diego, *Republicans in Congress Are Preparing to Break Decades of Precedent to Block Climate Policy* (Feb. 27, 2025), which speaks for itself and is the best evidence of its own content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent the allegations regarding the mindset of unnamed Congressmembers could be treated as factual allegations, Texas lacks sufficient information to respond and on that basis denies the allegations.

82.     Texas lacks sufficient information regarding the allegations in Paragraph 82 and, on that basis, denies them.

83.     The allegations in Paragraph 83 purport to quote or characterize GAO Letter B-337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act* (Mar. 6, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning.

84.     The allegations in Paragraph 84 purport to quote or characterize GAO Letter B-337179, *Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act* (Mar. 6, 2025), which speaks for itself and is the best evidence of its content. Texas denies any allegations

1    inconsistent with its plain language, context, and meaning.

2    **VI.    Congressional Leadership Considers Moving Forward with the Resolutions,**

3    **Despite GAO's Determination that the CRA Was Inapplicable**

4        85.    The allegations in Paragraph 85 contain a mixture of legal argumentation, requiring

5    no response, and purported characterizations of H.J. Res. 87 (introduced Apr. 2, 2025), H.J. Res. 88

6    (introduced Apr. 2, 2025), and H.J. Res. 89 (introduced Apr. 2, 2025), which speak for themselves

7    and are the best evidence of their own content. Texas denies any allegations inconsistent with their

8    plain language, context, and meaning.

9        86.    The allegations in Paragraph 85 contain a mixture of legal argumentation, requiring

10    no response, and purported characterizations of and quotations from the article: Alex Nieves,

11    *There's hope for the waivers still*, Politico (Mar. 20, 2025), including an alleged quotation from

12    Senator Shelley Moore Capito. That article speaks for itself and is the best evidence of its own

13    content. Texas lacks sufficient information regarding the factual assertions in the article that appear

14    to be incorporated as allegations in Paragraph 86, and so denies them on that basis.

15        87.    The allegations in Paragraph 87 consist of legal argumentation requiring no response.

16    To the extent they could be taken as factual statements, Texas denies that no legal justification was

17    provided for using the CRA and denies the remaining allegations in Paragraph 87.

18        88.    The allegations in Paragraph 88 consist of a combination of legal argumentation

19    requiring no response and purported quotation or characterization of Michael Buschbacher & Jimmy

20    Conde, *Congress Has the Authority to Review EPA "Waivers" of Clean Air Act Preemption*, Yale

21    J. Reg. (Mar. 5, 2025), https://perma.cc/C8V5-9KFY (as of May 11, 2025), which speaks for itself

22    and is the best evidence of its own contents. Texas denies any allegations inconsistent with the plain

23    language, context, and meaning of the article. Texas lacks sufficient information regarding any

24    factual statements that could be said to have been incorporated as factual allegations by reference,

25    and so denies them on that basis.

26    **VII.    The Senate Parliamentarian Also Concludes that these Waiver Decisions Are Not**

27    **Properly Subject to the CRA**

28        89.    The allegations in Paragraph 89 purport to characterize or quote from Congressional

Research Service, *The Congressional Review Act (CRA): Frequently Asked Questions* (Nov. 12, 2021) and Jonathan S. Gould, *Law Within Congress*, 129 Yale L. J. 1946 (2020), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of those articles. To the extent that Paragraph 89 could be understood to allege as a fact that the Senate Parliamentarian is the sole, definitive arbiter of parliamentary procedures in Congress, Texas denies the allegation.

90.     Texas lacks sufficient information regarding the allegations in Paragraph 90 and, on that basis, denies them.

91.     The allegations in Paragraph 91 consist of a combination of legal argumentation requiring no response and purported quotation or characterization of Jonathan S. Gould, *Law Within Congress*, 129 Yale L. J. 1946 (2020) and Russell Payne, *The Senate parliamentarian could block some of Trump's agenda—and be a scapegoat for Republicans*, Salon (Jan. 9, 2025), https://perma.cc/B8K5-CLCZ (as of May 10, 2025), which speak for themselves and are the best evidence of their own contents. To the extent Paragraph 91 could be understood to incorporate statements from those articles as factual allegations, Texas lacks sufficient information to respond and, on that basis, denies. To the extent Paragraph 91 could be understood as alleging that the parliamentarian's interpretation of Senate rules is binding, Texas denies the allegation because the Senate can, routinely does—and, in this case, did—overrule the parliamentarian's interpretation.

92.     The allegations in Paragraph 92 consist of a combination of legal argumentation requiring no response and purported quotation or characterization of Kelsey Brugger, *Senators weigh next move on California clean car rules*, E&E News (Apr. 10, 2025), https://perma.cc/SX9T-AAQK (as of May 11, 2025), and Russell Payne, *The Senate parliamentarian could block some of Trump's agenda—and be a scapegoat for Republicans*, Salon (Jan. 9, 2025), https://perma.cc/B8K5-CLCZ (as of May 10, 2025), which speak for themselves and are the best evidence of their own contents. To the extent Paragraph 92 could be understood to incorporate statements from those articles as factual allegations, Texas lacks sufficient information to respond and, on that basis, denies.

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS                    4:25-CV-04966-HSG

VIII.    **Congress Adopts the Resolutions, Flouting the GAO and Parliamentarian's Rulings**

93.    Most of the allegations in Paragraph 93 consist of legal argumentation requiring no response. To the extent the allegations in Paragraph 93 purport to characterize or quote 5 U.S.C. § 804(2), that statute speaks for itself and is the best evidence of its content. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent Paragraph 93 alleges as a factual matter that the House of Representatives considered Resolutions concerning the California waivers at issue, Texas admits that such Resolutions were introduced. Texas otherwise denies the allegations in Paragraph 93.

94.    The allegations in Paragraph 94 consist of a combination of legal argumentation requiring no response and allegations purporting to characterize or quote from the article Kelsey Brugger, *Senators weigh next move on California clean car rules*, E&E News (Apr. 10, 2025), https://perma.cc/SX9T-AAQK (as of May 11, 2025) which speaks for itself and is the best evidence of its own contents. To the extent Paragraph 94 can be understood to incorporate statements from that article as factual allegations, Texas lacks sufficient information to respond and, on that basis, denies.

95.    Texas admits that, with a majority of members present voting in favor of the Resolutions, the House of Representatives passed the Resolutions referenced in Paragraph 95.

96.    The allegations in Paragraph 96 consist of legal argumentation requiring no response. To the extent that Paragraph 96 could be read as making a factual allegation that no member of the House provided a rationale for their vote, Texas lacks sufficient information to respond and, on that basis, denies the allegation.

97.    The allegations in Paragraph 97 purport to quote and characterize the article Rachel Frazin, *House votes to overturn California gas car ban—again defying internal watchdog*, https://perma.cc/W7UY-CLGA (as of May 11, 2025), which speaks for itself and is the best evidence of its own contents. To the extent Paragraph 94 can be understood to incorporate statements from that article as factual allegations, Texas lacks sufficient information to respond and, on that basis, denies.

98.     Texas admits that the Senate voted upon and, with a majority of members present voting in favor of the Resolutions, passed the Resolutions referenced in Paragraph 98. To the extent Paragraph 98 could be read to contain other factual allegations, Texas denies.

99.     The allegations in Paragraph 99 consist of legal argumentation requiring no response. To the extent the allegations characterizing the opinions or statements of Senators John Thune and John Barrasso could be read as factual allegations about what those men said or thought, Texas lacks sufficient information to respond and, on that basis, denies.

100.    The allegations in Paragraph 100 consist of legal argumentation requiring no response. To the extent that Paragraph 100 could be read as factual allegations (e.g., if Paragraph 100 could be read to assert that overriding the Senate Parliamentarian is an "unprecedented step"), Texas denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 consist primarily of a purported characterization and quotation of Senate Floor Activity (May 21, 2025), *available at* https://perma.cc/4RK3-L4ZU, which speaks for itself and is the best evidence of its own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record. Texas admits that the point of order was agreed to by a majority of the Senate.

102.    The allegations in Paragraph 102 purport to characterize and quote 5 U.S.C. § 802(d)(1) and the point of order referenced in Paragraph 101, which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that statute or record, respectively.

103.    The first sentence of Paragraph 103 alleges that there was a single purpose for the point of order referenced in Paragraph 101; Texas lacks sufficient information about the internal thought process of third parties, including Senator Thune's purpose in proposing a point of order, and on that basis denies the allegation. The second, third, and fourth sentences purport to characterize and quote from Senate Floor Activity (May 21, 2025), *available at* https://perma.cc/4RK3-L4ZU, which speaks for itself and is the best evidence of its own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record.

104.    The allegations in Paragraph 104 purport to characterize and quote statements of Senator Sheldon Whitehouse found at 117 Cong. Rec. S3025 (May 21, 2025), which speaks for itself and is the best evidence of its own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record. To the extent the allegations could be read to incorporate any factual material, including the facts alleged in the Senator's comments, Texas lacks sufficient information about the matters alleged and, on that basis, denies the allegations.

105.    The allegations in Paragraph 105 consist of legal argumentation requiring no response. To the extent a response is required, Texas denies the allegations.

106.    The allegations in Paragraph 106 consist of a combination of legal argumentation requiring no response and purported quotation and characterization of comments that can be found at 117 Cong. Rec. S3052 (May 21, 2025), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record.

107.    Texas denies the allegation in the first sentence of Paragraph 107 that those supporting the Resolutions uniformly mischaracterized both California's regulations and the EPA waivers related to them. The allegations in the second sentence of the Paragraph purport to characterize and quote comments in the Congressional Record at 117 Cong. Rec. S3017 (May 21, 2025) and S3086–87 (May 21, 2025), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of those records. The allegations in the remaining sentences of Paragraph 107 consist of legal argumentation requiring no response.

108.    The allegations in Paragraph 108 consist of a combination of legal argumentation requiring no response and purported quotation and characterization of comments that can be found at 117 Cong. Rec. 3087–88 (May 21, 2025), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record. To the extent Paragraph 108 could be understood as presenting factual allegations beyond the presence of the quoted language in the Congressional Record, Texas denies those allegations.

109.  The allegations in Paragraph 109 consist of a combination of legal argumentation requiring no response and purported quotation and characterization of comments that can be found at 117 Cong. Rec. 3106 (May 21, 2025), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record. To the extent Paragraph 109 could be said to make factual allegations beyond the presence of the quoted language in the Congressional Record, Texas denies those allegations.

110.  The allegations in Paragraph 110 consist of a combination of legal argumentation requiring no response and purported quotation and characterization of comments that can be found at 117 Cong. Rec. 3087–88 (May 21, 2025), which speak for themselves and are the best evidence of their own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of that record. To the extent Paragraph 108 could be said to make factual allegations beyond the presence of the quoted language in the Congressional Record, Texas denies those allegations.

111.  Texas admits that, on or about May 22, 2025, the Senate, in accordance with its own rules, voted on H.J. Res. 87, H.J. Res. 88, and H.J. Res. 89, passing all three with a majority of the voting Senators voting in favor of the resolutions.

112.  Texas admits that someone, on behalf of the EPA, appears to have issued a press release on or about May 22, 2025, addressing the passage of the Resolutions listed in Paragraph 111. The remaining allegations of Paragraph 112 purport to characterize and quote the press release, EPA, *EPA Hails Congressional Disapproval of Biden EPA's California EV Mandate Rule* (May 22, 2025), *available at* https://perma.cc/WW4C-Z4P7 (as of May 23, 2025), which speaks for itself and is the best evidence of its own contents. Texas denies any allegations inconsistent with the plain language, context, and meaning of the record. To the extent Paragraph 112 alleges the press release mischaracterized the nature or impact of California's regulations, Texas denies.

113.  Texas admits that, following bicameral passage of the Resolutions and presentment to the President, the President signed the Resolutions into law on or about June 12, 2025.

**CLAIMS FOR RELIEF**

**COUNT I**

***Ultra Vires* – Conduct in Excess of Statutory Authority**

**(Against All Defendants)**

114.    Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

115.    The allegations in Paragraph 115 consist of legal argumentation requiring no response. To the extent Paragraph 115 could be understood as alleging that there was no legal authority for the process used to pass the Resolutions, Texas denies. *See* U.S. Const. art. I, § 5, cl. 2 ("Each House may determine the Rules of its Proceedings . . . .")

116.    The allegations in Paragraph 116 consist of legal argumentation requiring no response. To the extent a response is required, Texas denies the allegations.

117.    Texas denies the allegations in the first sentence in Paragraph 117. The second sentence of Paragraph 117 contains legal conclusions that require no response. To the extent a response is required, Texas denies the allegations.

118.    Texas denies the allegations in the first sentence of Paragraph 118. The remaining allegations in Paragraph 118 contain legal conclusions which require no response. To the extent a response is required, Texas denies the allegations.

119.    Texas denies the allegations in the first sentence of Paragraph 119. The remaining allegations in Paragraph 119 purport to characterize and quote the decision in *INS v. Chadha*, 462 U.S. 919 (1983), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. To the extent the second sentence of Paragraph 119 could be read as a factual allegation, Texas denies that Congress relied on Executive action to exercise Legislative authority and, therefore, denies that any characterization of actions taken by the President, EPA, or the EPA Administrator affects the legality of the Resolutions.

120.    Texas denies the allegations in Paragraph 120.

121.    Texas denies the allegations in Paragraph 121.

**COUNT II**

**Violation of the Administrative Procedure Act**

**(Against the United States, EPA, and Its Administrator)**

122.     Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

123.     The allegations in Paragraph 123 purport to quote the decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

124.     The allegations in Paragraph 124 contain legal conclusions that require no response.

125.     The allegations in Paragraph 125 purport to characterize and quote provisions of the Administrative Procedure Act ("APA"), which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

126.     Texas denies the allegations in Paragraph 126.

127.     Texas denies the allegations in the first and second sentences of Paragraph 127. The third sentence of Paragraph 127 contains legal conclusions that require no response. To the extent a response is required, Texas denies the allegations. The fourth sentence of Paragraph 127 purports to quote and characterize *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1 (2020) and *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009), which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning. The final sentence of Paragraph 127 contains legal conclusions that require no response. To the extent a response is required, Texas denies the allegations.

128.     The allegations in Paragraph 128 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the allegations in Paragraph 128 purport to characterize and quote a provision of the APA, which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

26

129. The allegations in Paragraph 129 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the allegations in Paragraph 129 purport to characterize and quote provisions of the CAA, which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

130. The allegations in Paragraph 130 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the allegations in Paragraph 130 purport to characterize and quote *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979), and provisions of the CAA, which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

131. The allegations in Paragraph 131 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the allegations in Paragraph 131 purport to characterize and quote provisions of the APA, which speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

132. The allegations in Paragraph 132 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the last two sentences of Paragraph 132 purport to characterize and quote the decision in *INS v. Chadha*, 462 U.S. 919 (1983), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

133. Texas denies the allegations in Paragraph 133.

134. Texas denies the allegations in Paragraph 134.

135. Texas denies the allegations in Paragraph 135.

**COUNT III**

**Violation of the Congressional Review Act**

**(Against All Defendants)**

136. Texas incorporates each and every one of the preceding responses to the allegations

as if alleged herein.

137.    The allegations in Paragraph 137 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

138.    The allegations in Paragraph 138 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

139.    The allegations in Paragraph 139 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

140.    The allegations in Paragraph 140 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

141.    The allegations in Paragraph 141 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the second sentence of Paragraph 141 purports to characterize and quote the decision in *United States v. Ballin*, 144 U.S. 1 (1892), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

142.    Texas denies the allegations in Paragraph 142.

143.    Texas denies the allegations in Paragraph 143.

**COUNT IV**

**Violation of the Take Care Clause**

**(Against President Trump, EPA, and Its Administrator)**

144.    Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

145.    The allegations in Paragraph 145 purport to characterize and quote Article II of the United States Constitution, which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

146.    Texas lacks sufficient information or knowledge to formulate a belief as to the allegations in Paragraph 146 and denies them on that basis. Further, the allegations in Paragraph 146 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

147.    The allegations in Paragraph 146 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations.

148.    Texas denies the allegations in Paragraph 148.

149.    Texas denies the allegations in Paragraph 149.

150.    Texas denies the allegations in Paragraph 150.

151.    Texas denies the allegations in Paragraph 151.

152.    Texas denies the allegations in Paragraph 152.

**COUNT V**

**Violation of Separation of Powers**

**(Against All Defendants)**

153.    Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

154.    The allegations in Paragraph 154 purport to characterize the decision in *Bowsher v. Synar*, 478 U.S. 714 (1986), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. The final sentence in Paragraph 154 purports to characterize Article III of the United States Constitution, which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

155.    The allegations in Paragraph 155 purport to characterize the decision in *Bowsher v. Synar*, 478 U.S. 714 (1986), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

156.    The allegations in the first and second sentences of Paragraph 156 purport to characterize the CRA, which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas admits that Congress is capable of amending the CRA. Texas denies the remainder of the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. Further, the allegations

in Paragraph 157 purport to characterize or quote the CRA, which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

158.    The allegations in the first sentence of Paragraph 158 purport to characterize and quote Article I of the United States Constitution, which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas denies the remainder of the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. The remainder of Paragraph 159 purports to characterize and quote the decisions in *Horne v. Dep't of Agric.*, 576 U.S. 350 (2015) and *Gundy v. United States*, 588 U.S. 128 (2019), which speak for themselves and provide the best evidence of their contents. Texas denies any allegation inconsistent with their plain language, context, and meaning.

160.    The allegations in Paragraph 160 purport to characterize and quote the decisions in *Bowsher v. Synar*, 478 U.S. 714 (1986), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

161.    The allegations in Paragraph 161 purport to characterize and quote the decision in *NLRB v. Noel Canning*, 573 U.S. 513 (2014), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

162.    The allegations in the first sentence of Paragraph 162 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. The allegations in the second sentence of Paragraph 162 purport to characterize and quote *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

163.    Texas denies the allegations in Paragraph 163. The allegations in Paragraph 163 purport to characterize and quote the decision in *Marbury v. Madison*, 5 U.S. 137 (1803), as well as

Article III of the United States Constitution. These authorities speak for themselves and provide the best evidence of their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

164.    The allegations in the first sentence of Paragraph 164 contain legal conclusions, which require no response. To the extent a response is required, Texas denies the allegations. The remaining allegations in Paragraph 164 purport to characterize and quote the decision in *Bank Markazi v. Peterson*, 578 U.S. 212 (2016), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning.

165.    The allegations in the first sentence of Paragraph 165 purport to characterize and quote the decision in *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144 (1991), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas denies the remainder of the allegations in Paragraph 165.

166.    The allegations in the first sentence of Paragraph 166 purport to characterize and quote the decision in *Bank Markazi v. Peterson*, 578 U.S. 212 (2016), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. The second sentence purports to characterize the CRA, which speaks for itself and provides the best evidence as to its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas denies the remainder of the allegations in Paragraph 166.

167.    The allegations in the first and second sentences of Paragraph 167 purport to characterize and quote the decision in *INS v. Chada*, 462 U.S. 919 (1983), which speaks for itself and provides the best evidence of its contents. Texas denies any allegations inconsistent with its plain language, context, and meaning. Texas denies that the factual circumstances at issue in this case constitute a violation of the separation of powers. Texas denies the remainder of the allegations in Paragraph 167.

168.    Texas denies the allegations in Paragraph 168.

169.    Texas denies the allegations in Paragraph 169.

**COUNT VI**

**Violation of the Tenth Amendment and Structural Principles of Federalism**

**(Against All Defendants)**

170.    Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

171.    The allegations in Paragraph 171 purport to characterize and quote the decisions in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985) and *South Carolina v. Baker*, 485 U.S. 505 (1988), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

172.    Texas admits that the Resolutions were enacted by majority votes in both houses of Congress. Texas denies the remainder of the allegations in Paragraph 172.

173.    Texas denies the allegations in Paragraph 173.

174.    Texas denies the allegations in Paragraph 174.

175.    Texas denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 contain legal conclusions, which require no response. To the extent a response is necessary, Texas denies the allegations. Further, Paragraph 176 purports to quote and characterize the decisions in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985) and *South Carolina v. Baker*, 485 U.S. 505 (1988), which speak for themselves and provide the best evidence as to their contents. Texas denies any allegations inconsistent with their plain language, context, and meaning.

177.    Texas denies the allegations in Paragraph 177.

178.    Texas denies the allegations in Paragraph 178.

**COUNT VII**

**Nonstatutory Review: Violations of Federal Law by Federal Officials**

**(Against All Defendants)**

179.    Texas incorporates each and every one of the preceding responses to the allegations as if alleged herein.

180.    The allegations in Paragraph 180 purport to characterize or quote the decisions in

1    *Armstrong v. Exceptional Child Ctr.*, 575 U.S. 320 (2015) and *Free Enter. Fund v. Pub. Co. Acct.*

2    *Oversight Bd.*, 561 U.S. 477 (2010), which speak for themselves and provide the best evidence as

3    to their contents. Texas denies any allegations inconsistent with their plain language, context, and

4    meaning.

5        181.     Texas admits that the President, EPA, and EPA Administrator have correctly noted

6    that the Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus regulations are preempted

7    and unenforceable.

8        182.     Texas denies the allegations in Paragraph 182.

9        183.     Texas denies the allegations in Paragraph 183.

10        184.     Texas denies the allegations in Paragraph 184.

11        185.     Texas denies the allegations in Paragraph 185.

12        186.     Texas denies the allegations in Paragraph 186.

13        187.     Texas denies the allegations in Paragraph 187.

14        188.     Texas denies the allegations in Paragraph 188.

15 **PRAYER FOR RELIEF**

16       The remainder of the Complaint consists of Plaintiffs' prayer for relief, which requires no

17    response. To the extent a response is required, Texas denies that the Federal Defendants have

18    committed ultra vires conduct or have otherwise violated the APA, CRA, the Constitution, or any

19    other law, and denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

20 **GENERAL DENIAL**

21       To the extent that any allegations of the Complaint have not been admitted or responded to,

22    Texas denies any and all such allegations.

23 **AFFIRMATIVE DEFENSES**

24    **First Affirmative Defense**

25       The Complaint fails to state a claim upon which relief may be granted because resolutions

26    passed pursuant to the CRA are not subject to judicial review. 5 U.S.C. § 805.

27    **Second Affirmative Defense**

28       This Court lacks jurisdiction to review the claims because resolutions passed pursuant to the

33

1    CRA are not subject to judicial review. 5 U.S.C. § 805.

2              **Third Affirmative Defense**

3              The Complaint fails to state a claim upon which relief may be granted because an agency's

4    decision to submit a rule to Congress is not subject to judicial review. 5 U.S.C. § 805.

5              **Fourth Affirmative Defense**

6              This Court lacks jurisdiction to review the claims because an agency's decision to submit a

7    rule to Congress is not subject to judicial review. 5 U.S.C. § 805.

8              **Fifth Affirmative Defense**

9              This Complaint fails to state a claim upon which relief may be granted because Congress is

10   constitutionally empowered to establish its own rules of procedure, which it did in this case,

11   resulting in bicameral passage, presentment to the President, and Presidential ratification of the

12   Resolutions.

13             **Sixth Affirmative Defense**

14             Count I fails to state a claim upon which relief may be granted because Congress is

15   empowered by the Constitution to determine its own rules of procedure; no statutory authorization

16   to legislate is necessary.

17             **Seventh Affirmative Defense**

18             Count II fails to state a claim upon which relief may be granted because the APA does not

19   apply to congressional actions such as the Resolutions at issue in this case. Even as applied against

20   the EPA and its Administrator, Plaintiffs lack standing because no relief this Court could grant based

21   on the alleged Executive branch actions would remedy any harm Plaintiffs allege.

22             **Eighth Affirmative Defense**

23             Count III fails to state a claim upon which relief may be granted because the CRA is not

24   judicially reviewable and does not create any private right of action upon which any plaintiff may

25   sue for relief.

26             **Ninth Affirmative Defense**

27             Count V fails to state a claim upon which relief may be granted because the Complaint fails

28   to identify any justiciable separation of powers issue. Indeed, the Complaint acknowledges that the

**[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS**                    **4:25-CV-04966-HSG**

1  congressional action at issue "reflected the preferences . . . of majorities in Congress." ECF 1 at ¶

2  162.

3  **Tenth Affirmative Defense**

4  Count VI fails to state a claim upon which relief may be granted because it addresses only

5  congressional procedure (over which States have no authority or claim under the Tenth amendment),

6  while acknowledging that the alleged infringement on the States' prerogative (preempting vehicle

7  emissions standards) is both constitutionally legitimate and authorized under the CAA.

8  **Eleventh Affirmative Defense**

9  Count VII fails to state a claim upon which relief may be granted because it offers no

10  independent basis for court action, relying instead on a generic claim of illegality that, at best, is

11  redundant of Claim I. Put differently, Count VII fails to proffer an independent cause of action.

12  **Twelfth Affirmative Defense**

13  The Complaint fails to state a claim upon which relief may be granted because the issues in

14  this case—disputes over legislative procedure—are nonjusticiable political questions.

15  **Thirteenth Affirmative Defense**

16  All actions taken by the Federal Defendants were within their lawful authority under the

17  Constitution and laws of the United States.

18  **Fourteenth Affirmative Defense**

19  Texas reserves the right to assert further affirmative defenses as they become evident through

20  discovery and further investigation.

21  ///

22  ///

23

24

25

26

27

28

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS                    4:25-CV-04966-HSG

## PRAYER

For the foregoing reasons, Texas asks the Court to enter judgment that the Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against the Plaintiffs, and award Texas all other and further relief as Texas may be entitled.


Respectfully submitted,


DATED: August 19, 2025            By: ___/s/ *Brandon Q. Tran*___
                                       Brandon Q. Tran
                                       CA Bar No. 223435
                                       btran@dhillonlaw.com
                                       4675 MacArthur Court, Suite 1410
                                       Newport Beach, CA 92660

                                       James K. Rogers*
                                       Ryan Giannetti*
                                       America First Legal Foundation
                                       611 Pennsylvania Ave., SE #231
                                       Washington, D.C. 20003
                                       (202) 964-3721
                                       James.Rogers@aflegal.org
                                       Ryan.Giannetti@aflegal.org

                                       **Ken Paxton**
                                       Attorney General of Texas

                                       **Brent Webster**
                                       First Assistant Attorney General

                                       **Ralph Molina**
                                       Deputy First Assistant Attorney General

                                       **Austin Kinghorn**
                                       Deputy Attorney General for Civil Litigation

                                       **Kellie E. Billings-Ray**
                                       Chief, Environmental Protection Division
                                       **Ian Lancaster***
                                       **Wesley S. Williams***
                                       **Steven Loomis***
                                       Assistant Attorneys General
                                       Office of the Attorney General
                                       Environmental Protection Division

[PROPOSED] ORIGINAL ANSWER OF THE STATE OF TEXAS            4:25-CV-04966-HSG

1

Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2012
Ian.Lancaster@oag.texas.gov
Wesley.Williams@oag.texas.gov
Steven.Loomis@oag.texas.gov

2

3

4

5

*\* Pro hac vice application forthcoming*

6

**_Counsel for Proposed Intervenor-Defendant,_**
**State of Texas**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28