Exhibit B

Sean Howell, Bar No. 315967
GIBSON, DUNN & CRUTCHER
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel.: 415-393-8355
Fax: 415-801-7364
showell@gibsondunn.com

Raymond B. Ludwiszewski (*pro hac vice* forthcoming)
Rachel Levick (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER
1700 M Street, N.W.
Washington, DC 20036
Tel.: 202-955-8500ludwiszewski@gibsondunn.com
rlevick@gibsondunn.com

*Attorneys for Proposed Defendant-*
*Intervenors The Alliance for Automotive*
*Innovation and The National Automobile*
*Dealers Association*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 4:25-cv-04966-HSG |
| Plaintiffs, | **PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL AUTOMOBILE DEALERS ASSOCIATION** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | Administrative Procedure Act Case |
| Defendants. | Action Filed: June 12, 2025 |

Gibson, Dunn &
Crutcher LLP

PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL
AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG

1    Defendant-Intervenors the Alliance for Automotive Innovation and the National

2    Automobile Dealers Association, by and through their undersigned attorneys, answer Plaintiffs'

3    June 12, 2025, Complaint as follows:

4    <u>**INTRODUCTION**</u>

5    1.    Defendant-Intervenors admit that 42 U.S.C. § 7521(a) provides that the

6    Administrator of the United States Environmental Protection Agency (EPA) shall prescribe

7    standards applicable to the emission of any air pollutant from new motor vehicles, that 42 U.S.C.

8    § 7543(a) provides that no State shall adopt or attempt to enforce any standard relating to the control

9    of emissions from new motor vehicles, and that 42 U.S.C. § 7543(b)(1) allows EPA to waive

10   application of 42 U.S.C. § 7543(a) if certain enumerated conditions are satisfied. Otherwise, the

11   allegations in Paragraph 1 state legal arguments and conclusions to which no response is required.

12   2.    The allegations in Paragraph 2 state legal arguments and conclusions to which no

13   response is required. To the extent a response is required, Defendant-Intervenors deny the

14   allegations for lack of knowledge and information sufficient to form a belief about the truth of the

15   allegations concerning other parties. The judicial opinions cited speak for themselves.

16   3.    Defendant-Intervenors admit that 42 U.S.C. § 7543(b)(1) was enacted in 1967.

17   Otherwise, the allegations in Paragraph 3 state legal arguments and conclusions to which no

18   response is required. To the extent a response is required, Defendant-Intervenors deny the

19   allegations for lack of knowledge and information sufficient to form a belief about the truth of the

20   allegations concerning other parties. The judicial opinion cited speaks for itself.

21   4.    Defendant-Intervenors admit that EPA published the Federal Register notices listed

22   in Paragraph 4 on the dates cited therein. Otherwise, the allegations in Paragraph 4 state legal

23   arguments and conclusions to which no response is required. To the extent a response is required,

24   Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to

25   form a belief about the truth of the allegations concerning other parties. The Federal Register

26   notices cited speak for themselves.

27   5.    Defendant-Intervenors admit that, on May 22, 2025, the Senate adopted H.J. Res.

28

Gibson, Dunn &
Crutcher LLP

87, 88, 89, 119th Cong. (2025), and the President signed those resolutions on June 12, 2025. The remaining allegations in Paragraph 5 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief about the truth of the allegations concerning other parties. The Congressional resolutions cited speak for themselves.

6.      The allegations in Paragraph 6 state legal arguments and conclusions to which no response is required. The statutory provisions cited speak for themselves.

7.      The allegations in Paragraph 7 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief about the truth of the allegations concerning other parties. The judicial decision cited speaks for itself.

8.      The allegations in Paragraph 8 state legal arguments and conclusions to which no response is required. The judicial decisions cited speak for themselves.

9.      The allegations in Paragraph 9 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief about the truth of the allegations concerning other parties. The regulation cited speaks for itself.

10.      The allegations in Paragraph 10 state legal arguments and conclusions to which no response is required.

11.      The allegations in Paragraph 11 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The articles cited speak for themselves.

12.      The allegations in Paragraph 12 state legal arguments and conclusions to which no response is required. The judicial decisions cited speak for themselves.

13.      The allegations in Paragraph 13 consist of Plaintiffs' characterization of the relief Plaintiffs seek in this lawsuit to which no response is required. To the extent a response is required,

Defendant-Intervenors specifically deny that Plaintiffs are entitled to the relief sought, or any other relief.

**PARTIES**

14.     The allegations in Paragraph 14 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors admit that California is a state in the United States of America.  Defendant-Intervenors otherwise deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The regulations cited speak for themselves.

15.     The allegations in Paragraph 15 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The state statutory and regulatory provisions cited speak for themselves.

16.     The allegations in Paragraph 16 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The state statutory and regulatory provisions cited speak for themselves.

17.     The allegations in Paragraph 17 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The state statutory and regulatory provisions cited speak for themselves.

18.     The allegations in Paragraph 18 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

1   themselves.

2       19.     The allegations in Paragraph 19 state legal arguments and conclusions to which no

3   response is required.   To the extent a response is required, Defendant-Intervenors deny the

4   allegations for lack of knowledge and information sufficient to form a belief as to the truth of the

5   allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

6   themselves.

7       20.     The allegations in Paragraph 20 state legal arguments and conclusions to which no

8   response is required.   To the extent a response is required, Defendant-Intervenors deny the

9   allegations for lack of knowledge and information sufficient to form a belief as to the truth of the

10  allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

11  themselves.

12      21.     The allegations in Paragraph 21 state legal arguments and conclusions to which no

13  response is required.   To the extent a response is required, Defendant-Intervenors deny the

14  allegations for lack of knowledge and information sufficient to form a belief as to the truth of the

15  allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

16  themselves.

17      22.     The allegations in Paragraph 22 state legal arguments and conclusions to which no

18  response is required.   To the extent a response is required, Defendant-Intervenors deny the

19  allegations for lack of knowledge and information sufficient to form a belief as to the truth of the

20  allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

21  themselves.

22      23.     The allegations in Paragraph 23 state legal arguments and conclusions to which no

23  response is required.   To the extent a response is required, Defendant-Intervenors deny the

24  allegations for lack of knowledge and information sufficient to form a belief as to the truth of the

25  allegations concerning other parties.  The state statutory and regulatory provisions cited speak for

26  themselves.

27      24.     The allegations in Paragraph 24 state legal arguments and conclusions to which no

28

Gibson, Dunn &
Crutcher LLP

4

PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL
AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG

response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The state statutory and regulatory provisions cited speak for themselves.

25. Admitted.

26. Admitted.

27. Defendant-Intervenors admit that Lee Zeldin is EPA Administrator. The remaining allegations in Paragraph 27 state legal arguments, conclusions, and characterizations of Plaintiffs' complaint to which no response is required.

28. Defendant-Intervenors admit that Donald J. Trump is the President of the United States. The remaining allegations in Paragraph 28 state legal arguments, conclusions, and characterizations of Plaintiffs' complaint to which no response is required.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

29. The allegations in Paragraph 29 state legal arguments and conclusions to which no response is required. The statutory provisions cited speak for themselves.

30. The allegations in Paragraph 30 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations. The statutory provision and judicial decision cited speak for themselves.

31. The allegations in Paragraph 31 state legal arguments and conclusions to which no response is required. The statutory provision cited speaks for itself.

32. The allegations in Paragraph 32 state legal arguments and conclusions to which no response is required. The civil local rules cited speak for themselves.

## FACTUAL BACKGROUND

33. The allegations contained in Paragraph 33 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The statutory provisions and judicial provisions cited

speak for themselves.

34.     The allegations contained in Paragraph 34 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and judicial provisions cited speak for themselves.

35.     The allegations contained in Paragraph 35 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and judicial provisions cited speak for themselves.

36.     The allegations contained in Paragraph 36 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and judicial provisions cited speak for themselves.

37.     The allegations contained in Paragraph 37 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and judicial provisions cited speak for themselves.

38.     The allegations contained in Paragraph 38 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and judicial provisions cited speak for themselves.

39.     The allegations contained in Paragraph 39 state legal arguments and conclusions to

1  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

2  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

3  the allegations concerning other parties.  The statutory provisions and judicial provisions cited

4  speak for themselves.

5      40.     The allegations contained in Paragraph 40 state legal arguments and conclusions to

6  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

7  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

8  the allegations concerning other parties.  The statutory provision cited speaks for itself.

9      41.     The allegations contained in Paragraph 41 state legal arguments and conclusions to

10  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

11  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

12  the allegations concerning other parties.  The statutory provision and agency document cited speak

13  for themselves.

14      42.     The allegations contained in Paragraph 42 state legal arguments and conclusions to

15  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

16  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

17  the allegations concerning other parties.  The regulatory provisions cited speak for themselves.

18      43.     The allegations contained in Paragraph 43 state legal arguments and conclusions to

19  which no response is required.  The regulatory provisions cited speak for themselves.

20      44.     The allegations contained in Paragraph 44 state legal arguments and conclusions to

21  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

22  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

23  the allegations concerning other parties.  The regulatory provisions and agency documents cited

24  speak for themselves.

25      45.     The allegations contained in Paragraph 45 state legal arguments and conclusions to

26  which no response is required.  The regulatory provision cited speaks for itself.

27      46.     Defendant-Intervenors lack sufficient knowledge and information to form a belief

28

Gibson, Dunn &
Crutcher LLP

7
PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL
AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG

about the truth of Plaintiffs' factual allegations in Paragraph 46 and, on that basis, deny the allegations. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. To the extent the remaining allegations are legal conclusions or seek to characterize publicly available documents, the documents speak for themselves and no further response is required.

47. The allegations contained in Paragraph 47 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.

48. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 48 and, on that basis, deny the allegations. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. To the extent the remaining allegations are legal conclusions or seek to characterize publicly available documents, the documents speak for themselves and no further response is required.

49. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 49 and, on that basis, deny the allegations. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. To the extent the remaining allegations are legal conclusions or seek to characterize publicly available documents, the documents speak for themselves and no further response is required.

50. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 50 and, on that basis, deny the allegations. To the extent a response is required, Defendant-Intervenors deny the allegations for

lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. To the extent the remaining allegations are legal conclusions or seek to characterize publicly available documents, the documents speak for themselves and no further response is required.

51. The allegations contained in Paragraph 51 state legal arguments and conclusions to which no response is required. The statutory provision cited speaks for itself.

52. The allegations contained in Paragraph 52 state legal arguments and conclusions to which no response is required. The statutory provisions cited speak for themselves.

53. The allegations contained in Paragraph 53 state legal arguments and conclusions to which no response is required. The statutory provisions and congressional resolution cited speak for themselves.

54. The allegations contained in Paragraph 54 state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

55. The allegations contained in Paragraph 55 state legal arguments and conclusions to which no response is required. The statutory provisions cited speak for themselves.

56. Defendant-Intervenors admit that the CRA provides that "no determination, finding, action, or omission under [it] shall be subject to judicial review."

57. The allegations contained in Paragraph 57 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The statutory provisions cited speak for themselves.

58. The allegations contained in Paragraph 58 state legal arguments and conclusions to which no response is required. The judicial decision cited speaks for itself.

59. The allegations contained in Paragraph 59 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The judicial decision cited speaks for itself.

Gibson, Dunn & Crutcher LLP

1      60.     Defendant-Intervenors lack sufficient knowledge and information to form a belief

2   about the truth of Plaintiffs' factual allegations in Paragraph 60 and, on that basis, deny the

3   allegations.  To the extent the remaining allegations are legal conclusions or seek to characterize

4   publicly available documents, the documents speak for themselves and no further response is

5   required.

6      61.     Defendant-Intervenors lack sufficient knowledge and information to form a belief

7   about the truth of Plaintiffs' factual allegations in Paragraph 61 and, on that basis, deny the

8   allegations.  To the extent the remaining allegations are legal conclusions or seek to characterize

9   publicly available documents, the documents speak for themselves and no further response is

10  required.  The judicial decision cited speaks for itself.

11     62.     Defendant-Intervenors lack sufficient knowledge and information to form a belief

12  about the truth of Plaintiffs' factual allegations in Paragraph 62 and, on that basis, deny the

13  allegations.  The remaining allegations are legal conclusions for which no response is required.

14     63.     The allegations contained in Paragraph 63 state legal arguments and conclusions to

15  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

16  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

17  the allegations concerning other parties.  The statutory provisions and judicial decision cited speak

18  for themselves.

19     64.     The allegations contained in Paragraph 64 state legal arguments and conclusions to

20  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

21  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

22  the allegations concerning other parties.  The statutory provision cited speaks for itself.

23     65.     The allegations contained in Paragraph 65 state legal arguments and conclusions to

24  which no response is required.  To the extent a response is required, Defendant-Intervenors deny

25  the allegations for lack of knowledge and information sufficient to form a belief as to the truth of

26  the allegations concerning other parties.  The statutory and regulatory provisions cited speak for

27  themselves.

28

Gibson, Dunn &
Crutcher LLP

66.     The allegations contained in Paragraph 66 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The statutory provisions and public documents cited speak for themselves.

67.     Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 67 and, on that basis, deny the allegations.  The remaining allegations are legal conclusions for which no response is required.  The statutory provisions and public documents cited speak for themselves.

68.     The allegations contained in Paragraph 68 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The regulatory provision cited speaks for itself.

69.     The allegations contained in Paragraph 69 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The regulatory provision cited speaks for itself.

70.     The allegations contained in Paragraph 70 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.

71.     The allegations contained in Paragraph 71 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.  The executive order cited speaks for itself.

72.     The allegations contained in Paragraph 72 state legal arguments and conclusions to which no response is required.  To the extent a response is required, Defendant-Intervenors deny

Gibson, Dunn & Crutcher LLP

the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The executive order cited speaks for itself.

73. The allegations contained in Paragraph 73 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The public document cited speaks for itself.

74. The allegations contained in Paragraph 74 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The public document cited speaks for itself.

75. The allegations contained in Paragraph 75 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The statutory provision cited speaks for itself.

76. The allegations contained in Paragraph 76 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The public document cited speaks for itself.

77. Defendant-Intervenors admit that the EPA submitted the three waivers at issue to the GAO and Congress on February 19, 2025. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' remaining factual allegations in Paragraph 77 and, on that basis, deny the allegations. The public documents cited speak for themselves.

78. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 78 and, on that basis, deny the allegations. The remaining allegations contained in Paragraph 78 state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

79.     Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 79 and, on that basis, deny the allegations. The public document cited speaks for itself.

80.     Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 80 and, on that basis, deny the allegations. The public document cited speaks for itself.

81.     Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 81 and, on that basis, deny the allegations. The public document cited speaks for itself.

82.     Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 82 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required.

83.     Defendant-Intervenors admit that GAO published a letter entitled "Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act" on March 6, 2025. *See* U.S. Gov't Accountability Off., B-337179 (Mar. 6, 2025). The remaining allegations in Paragraph 83 state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

84.     The allegations contained in Paragraph 84 state legal arguments and conclusions to which no response is required. To the extent a further response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The public document cited speaks for itself.

85.     Defendant-Intervenors admit that on April 2, 2025, the House introduced joint resolutions 87, 88, and 89. *See* H.J. Res. 87–89. The remaining allegations in Paragraph 85 state legal arguments and conclusions to which no response is required. To the extent a further response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information

Gibson, Dunn & Crutcher LLP

sufficient to form a belief as to the truth of the allegations concerning other parties. The resolution cited speaks for itself.

86. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 86 and, on that basis, deny the allegations. The public document cited speaks for itself.

87. The allegations contained in Paragraph 87 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties.

88. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 88 and, on that basis, deny the allegations. The public document cited speaks for itself.

89. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 89 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public documents cited speak for themselves.

90. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 90 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

91. The allegations contained in Paragraph 91 state legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations for lack of knowledge and information sufficient to form a belief as to the truth of the allegations concerning other parties. The public documents cited speak for themselves.

92. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 92 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response

1 is required.  The public documents cited speak for themselves.

2    93.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

3 about the truth of Plaintiffs' factual allegations in Paragraph 93 and, on that basis, deny the

4 allegations.  The remaining allegations state legal arguments and conclusions to which no response

5 is required.  The statutory provision and public document cited speak for themselves.

6    94.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

7 about the truth of Plaintiffs' factual allegations in Paragraph 94 and, on that basis, deny the

8 allegations.  The remaining allegations state legal arguments and conclusions to which no response

9 is required.  The public documents cited speak for themselves.

10    95.    Defendant-Intervenors admit that the House voted to adopt H.J. Res. 87–89 on April

11 30, 2025.  The remaining allegations in Paragraph 95 state legal arguments and conclusions to

12 which no response is required.  The public document cited speaks for itself.

13    96.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

14 about the truth of Plaintiffs' factual allegations in Paragraph 96 and, on that basis, deny the

15 allegations.  The remaining allegations state legal arguments and conclusions to which no response

16 is required.  The public document cited speaks for itself.

17    97.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

18 about the truth of Plaintiffs' factual allegations in Paragraph 97 and, on that basis, deny the

19 allegations.  The remaining allegations state legal arguments and conclusions to which no response

20 is required.  The public document cited speaks for itself.

21    98.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

22 about the truth of Plaintiffs' factual allegations in Paragraph 98 and, on that basis, deny the

23 allegations.  The remaining allegations state legal arguments and conclusions to which no response

24 is required.  The public document cited speaks for itself.

25    99.    Defendant-Intervenors lack sufficient knowledge and information to form a belief

26 about the truth of Plaintiffs' factual allegations in Paragraph 99 and, on that basis, deny the

27 allegations.  The remaining allegations state legal arguments and conclusions to which no response

28

Gibson, Dunn &
Crutcher LLP

is required.  The public document cited speaks for itself.

100.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 100 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The public document cited speaks for itself.

101.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 101 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The public document cited speaks for itself.

102.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 102 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The statutory provision cited speaks for itself.

103.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 103 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The public document cited speaks for itself.

104.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about  the truth of Plaintiffs' factual allegations in Paragraph 104 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The public document cited speaks for itself.

105.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about  the truth of Plaintiffs' factual allegations in Paragraph 105 and, on that basis, deny the allegations.  The remaining allegations state legal arguments and conclusions to which no response is required.  The public document cited speaks for itself.

106.    Defendant-Intervenors lack sufficient knowledge and information to form a belief about  the truth of Plaintiffs' factual allegations in Paragraph 106 and, on that basis, deny the

PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG

allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

107. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 107 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

108. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 108 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

109. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 109 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

110. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 110 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

111. Admitted.

112. Defendant-Intervenors lack sufficient knowledge and information to form a belief about the truth of Plaintiffs' factual allegations in Paragraph 112 and, on that basis, deny the allegations. The remaining allegations state legal arguments and conclusions to which no response is required. The public document cited speaks for itself.

113. Admitted.

Gibson, Dunn & Crutcher LLP

# CLAIMS FOR RELIEF

## COUNT I

### *Ultra Vires* – Conduct in Excess of Statutory Authority

### (Against All Defendants)

114.  Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

115.  The allegations contained in Paragraph 115 state Plaintiff's characterizations and legal conclusions to which no response is required.

116.  The allegations contained in Paragraph 116 state Plaintiff's characterizations and legal conclusions to which no response is required.

117.  The allegations contained in Paragraph 117 state Plaintiff's characterizations and legal conclusions to which no response is required.

118.  The allegations contained in Paragraph 118 state Plaintiff's characterizations and legal conclusions to which no response is required.

119.  The allegations contained in Paragraph 119 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

120.  The allegations contained in Paragraph 120 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision speaks for itself.

121.  The allegations contained in Paragraph 121 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provisions speak for themselves.

## COUNT II

### Violation of the Administrative Procedure Act

### (Against the United States, EPA, and Its Administrator)

122.  Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

123.  The allegations contained in Paragraph 123 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

Gibson, Dunn &
Crutcher LLP

124.     The allegations contained in Paragraph 124 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

125.     The allegations contained in Paragraph 125 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

126.     The allegations contained in Paragraph 126 state Plaintiff's characterizations and legal conclusions to which no response is required.

127.     The allegations contained in Paragraph 127 state Plaintiff's characterizations and legal conclusions to which no response is required.  The judicial decisions cited speak for themselves.

128.     The allegations contained in Paragraph 128 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

129.     The allegations contained in Paragraph 129 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provisions cited speak for themselves.

130.     The allegations contained in Paragraph 130 state Plaintiff's characterizations and legal conclusions to which no response is required.  The judicial decision and statutory provision cited speak for themselves.

131.     The allegations contained in Paragraph 131 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provisions cited speak for themselves.

132.     The allegations contained in Paragraph 132 state Plaintiff's characterizations and legal conclusions to which no response is required.  The judicial decision cited speaks for itself.

133.     The allegations contained in Paragraph 133 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

134.     The allegations contained in Paragraph 134 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

135.     The allegations contained in Paragraph 135 state Plaintiff's characterizations and

Gibson, Dunn & Crutcher LLP

legal conclusions to which no response is required. The statutory provisions cited speak for themselves.

## COUNT III

### Violation of the Congressional Review Act

### (Against All Defendants)

136. Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

137. The allegations contained in Paragraph 137 state Plaintiff's characterizations and legal conclusions to which no response is required.

138. The allegations contained in Paragraph 138 state Plaintiff's characterizations and legal conclusions to which no response is required.

139. The allegations contained in Paragraph 139 state Plaintiff's characterizations and legal conclusions to which no response is required.

140. The allegations contained in Paragraph 140 state Plaintiff's characterizations and legal conclusions to which no response is required.

141. The allegations contained in Paragraph 141 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

142. The allegations contained in Paragraph 142 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision cited speaks for itself.

143. The allegations contained in Paragraph 143 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory decisions cited speak for themselves.

## COUNT IV

### Violation of the Take Care Clause

### (Against President Trump, EPA, and Its Administrator)

144. Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

Gibson, Dunn &
Crutcher LLP

1  145.  The allegations contained in Paragraph 145 state Plaintiff's characterizations and
2  legal conclusions to which no response is required.  The constitutional provision cited speaks for
3  itself.

4  146.  The allegations contained in Paragraph 146 state Plaintiff's characterizations and
5  legal conclusions to which no response is required.

6  147.  The allegations contained in Paragraph 147 state Plaintiff's characterizations and
7  legal conclusions to which no response is required.

8  148.  The allegations contained in Paragraph 148 state Plaintiff's characterizations and
9  legal conclusions to which no response is required.

10  149.  The allegations contained in Paragraph 149 state Plaintiff's characterizations and
11  legal conclusions to which no response is required.

12  150.  The allegations contained in Paragraph 150 state Plaintiff's characterizations and
13  legal conclusions to which no response is required.

14  151.  The allegations contained in Paragraph 151 state Plaintiff's characterizations and
15  legal conclusions to which no response is required.  The statutory provision cited speaks for itself..

16  152.  The allegations contained in Paragraph 152 state Plaintiff's characterizations and
17  legal conclusions to which no response is required.  The statutory provisions cited speak for
18  themselves.

19  **COUNT V**

20  **Violation of Separation of Powers**

21  **(Against All Defendants)**

22  153.  Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113
23  herein as if separately pleaded.

24  154.  The allegations contained in Paragraph 154 state Plaintiff's characterizations and
25  legal conclusions to which no response is required.  The judicial decision and constitutional
26  provision cited speak for themselves.

27  155.  The allegations contained in Paragraph 155 state Plaintiff's characterizations and

28

legal conclusions to which no response is required. The judicial decision cited speaks for itself.

156. The allegations contained in Paragraph 156 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provisions cited speak for themselves.

157. The allegations contained in Paragraph 157 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision cited speaks for itself.

158. The allegations contained in Paragraph 158 state Plaintiff's characterizations and legal conclusions to which no response is required. The constitutional provision cited speaks for itself.

159. The allegations contained in Paragraph 159 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decisions cited speak for themselves.

160. The allegations contained in Paragraph 160 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision and public document cited speak for themselves.

161. The allegations contained in Paragraph 161 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decisions cited speak for themselves.

162. The allegations contained in Paragraph 162 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decisions cited speak for themselves.

163. The allegations contained in Paragraph 163 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision and constitutional provision cited speak for themselves.

164. The allegations contained in Paragraph 164 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

165. The allegations contained in Paragraph 165 state Plaintiff's characterizations and

Gibson, Dunn &
Crutcher LLP

legal conclusions to which no response is required. The judicial decision cited speaks for itself.

166. The allegations contained in Paragraph 166 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

167. The allegations contained in Paragraph 167 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decision cited speaks for itself.

168. The allegations contained in Paragraph 168 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision cited speaks for itself.

169. The allegations contained in Paragraph 169 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provisions cited speak for themselves.

## COUNT VI

### Violation of Tenth Amendment and Structural Principles of Federalism

### (Against All Defendants)

170. Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

171. The allegations contained in Paragraph 171 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decisions cited speak for themselves.

172. The allegations contained in Paragraph 172 state Plaintiff's characterizations and legal conclusions to which no response is required.

173. The allegations contained in Paragraph 173 state Plaintiff's characterizations and legal conclusions to which no response is required.

174. The allegations contained in Paragraph 174 state Plaintiff's characterizations and legal conclusions to which no response is required.

175. The allegations contained in Paragraph 175 state Plaintiff's characterizations and legal conclusions to which no response is required.

176. The allegations contained in Paragraph 176 state Plaintiff's characterizations and

Gibson, Dunn &
Crutcher LLP

legal conclusions to which no response is required. The judicial decisions and public document cited speak for themselves.

177. The allegations contained in Paragraph 177 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision cited speaks for itself.

178. The allegations contained in Paragraph 178 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provisions cited speak for themselves.

## COUNT VII

### Nonstatutory Review: Violation of Federal Law by Federal Officials

### (Against All Defendants)

179. Defendant-Intervenors incorporate their responses to Paragraphs 1 through 113 herein as if separately pleaded.

180. The allegations contained in Paragraph 180 state Plaintiff's characterizations and legal conclusions to which no response is required. The judicial decisions cited speak for themselves.

181. The allegations contained in Paragraph 181 state Plaintiff's characterizations and legal conclusions to which no response is required.

182. The allegations contained in Paragraph 182 state Plaintiff's characterizations and legal conclusions to which no response is required.

183. The allegations contained in Paragraph 183 state Plaintiff's characterizations and legal conclusions to which no response is required.

184. The allegations contained in Paragraph 184 state Plaintiff's characterizations and legal conclusions to which no response is required. The statutory provision cited speaks for itself.

185. The allegations contained in Paragraph 185 state Plaintiff's characterizations and legal conclusions to which no response is required.

186. The allegations contained in Paragraph 186 state Plaintiff's characterizations and legal conclusions to which no response is required.

187.     The allegations contained in Paragraph 187 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provision cited speaks for itself.

188.     The allegations contained in Paragraph 188 state Plaintiff's characterizations and legal conclusions to which no response is required.  The statutory provisions cited speak for themselves.

**PRAYER FOR RELIEF**

The allegations set forth in Plaintiffs "Prayer for Relief" are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in this paragraph are deemed in whole or in part to be factual, Defendant-Intervenors deny each and every allegation.  Defendant-Intervenors further deny that Plaintiffs are entitled to any relief sought on any of their claims, or any other relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant-Intervenors assert the following affirmative and other defenses.  Assertion of a defense is not a concession that Defendant-Intervenors have the burden of proving the matter asserted.  In addition to the defenses described below, Defendant-Intervenors expressly reserve the right to allege additional defenses as they become known.

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that this Court lacks jurisdiction over some or all of Plaintiffs' claims.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that Plaintiffs lack standing to pursue some or all of their claims.

Gibson, Dunn & Crutcher LLP

PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Justiciability)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that some or all of Plaintiffs' claims are not justiciable.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that Plaintiffs fail to state a claim upon which relief can be granted for some or all of their claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Sovereign Immunity)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that some or all of Plaintiffs' claims are barred by the doctrine of sovereign immunity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Preemption)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that the regulations upon which Plaintiffs' base some or all of their claims are preempted by Section 209 of the Clean Air Act.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Dormant Commerce Clause)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors are informed and believe, and on that basis allege, that some or all of Plaintiffs' claims are barred by the Dormant Commerce Clause doctrine derived from

Gibson, Dunn &
Crutcher LLP

the Commerce Clause of the U.S. Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Incorporation of All Applicable Defenses)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Defendant-Intervenors assert all applicable defenses pled by all other defendants to this Action, and hereby incorporates the same herein by reference

**NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Additional Defenses)**

As a separate and distinct affirmative defense to the complaint and to each claim for relief contained therein, Plaintiffs have failed to particularize its claims, or that Defendant-Intervenors' lack of knowledge of the circumstances surrounding Plaintiffs' claims prevents them from asserting all applicable defenses at this time.  Upon further particularization of the claims by Plaintiffs or upon discovery of further information concerning their claims, Defendant-Intervenors reserve the right to assert additional defenses.

**PRAYER**

WHEREFORE, Defendant-Intervenors respectfully request:

A.     That judgment be entered in favor of Defendant-Intervenors and the Federal Defendants and against Plaintiffs with respect to each claim pleaded in the complaint and that this action be dismissed in its entirety with prejudice;

B.     That Plaintiffs takes nothing by way of their complaint;

C.     That Defendant-Intervenors be granted his reasonable attorneys' fees, costs, and expenses; and

D.     That the Court award such other and further relief as it deems just and proper.

Gibson, Dunn &
Crutcher LLP

DATED: September 5, 2025

Respectfully submitted,

*/s/ Sean Howell*
Sean Howell, Bar No. 315967
GIBSON, DUNN & CRUTCHER
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel.: 415-393-8355
Fax: 415-801-7364
showell@gibsondunn.com

Raymond B. Ludwiszewski (*pro hac vice* forthcoming)
Rachel Levick (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER
1700 M Street, NW
Washington, DC 20036
Tel.: 202-955-8500
Fax: 202-467-0539
rludwiszewski@gibsondunn.com
rlevick@gibsondunn.com

*Attorneys for Proposed Defendant-Intervenors*
*The Alliance for Automotive Innovation and*
*The National Automobile Dealers Association*

Gibson, Dunn & Crutcher LLP

PROPOSED ANSWER OF THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL
AUTOMOBILE DEALERS ASSOCIATION
CASE No. 4:25-cv-04966-HSG