1 | ROB BONTA
Attorney General of California
2 | MYUNG J. PARK
Supervising Deputy Attorney General
3 | KATHERINE GAUMOND, State Bar No. 349453
CAITLAN MCLOON, State Bar No. 302798
4 | CECILIA D. SEGAL, State Bar No. 310935
EMMANUELLE S. SOICHET, State Bar No. 290754
5 | M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
6 | 1515 Clay Street, 20th Floor
P.O. Box 70550
7 | Oakland, CA 94612-0550
Telephone: (510) 879-0299
8 | Fax: (510) 622-2270
E-mail: Elaine.Meckenstock@doj.ca.gov
9 | *Attorneys for Plaintiff State of California*
(additional counsel on signature pages)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>Defendants. | 4:25-cv-04966-HSG<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE BY ALLIANCE FOR AUTOMOTIVE INNOVATION AND NATIONAL AUTOMOBILE DEALERS ASSOCIATION**<br><br>(Administrative Procedure Act, 5 U.S.C. § 701 et seq.; 5 U.S.C. § 801 et seq.)<br><br>Date:   October 23, 2025<br>Time:   2:00pm<br>Judge:   Hon. Haywood S. Gilliam, Jr. |

**STATEMENT OF ISSUES TO BE DECIDED**

Should the Court deny the motion filed by the Alliance for Automotive Innovation and National Automobile Dealers Association (collectively, Movants) to intervene either as of right or permissively in the above-captioned matter? If the Court grants the motion, should it nonetheless place reasonable conditions on Movants' participation and on this litigation to ensure Plaintiffs are not prejudiced and the case proceeds efficiently?

**INTRODUCTION**

Movants' grounds for intervention are deficient for substantially the same reasons as the grounds raised by American Free Enterprise Chamber of Commerce et al. (AmFree), American Fuel & Petrochemical Manufacturers et al. (AFPM), and the State of Texas in each of their motions to intervene as defendants: their asserted protectable interest lies in the lawfulness of the U.S. Environmental Protection Agency's (EPA) decision to grant California's requests for Clean Air Act preemption waivers that authorize enforcement of three sets of state vehicle emissions standards. That legal question is not relevant to this suit, and is better protected via petitions for review under the Clean Air Act challenging the waivers themselves—such as those filed by AmFree and AFPM. Movants thus cannot show that their interest would be impaired by the Court's resolution of Plaintiffs' claims here. Nor can Movants overcome the presumption that the federal government will adequately represent their interests. Intervention as of right is not warranted.

Furthermore, and again as with AmFree, AFPM, and Texas, Movants' intervention threatens to expand the scope of the litigation to encompass extraneous issues and facts, prejudicing Plaintiffs. That those three other groups have also moved to intervene defensively, and that more groups have filed and may still do so, adds to the risk of prejudice from undue duplication and delay. The Court should therefore deny Movants' permissive intervention and instead allow Movants to air their views in an amicus brief.

Alternatively, if the Court is inclined to grant intervention, Plaintiffs respectfully request that the Court exercise its discretion to place reasonable limitations on Movants' participation along with certain procedural conditions on all parties to ensure the case proceeds efficiently.

**BACKGROUND**

Earlier this year, Congress took the unprecedented and unlawful step of targeting, with resolutions of "rule" disapproval (Resolutions), three Clean Air Act orders that waived preemption of certain emissions standards set by California for new motor vehicles sold in the State. Compl. (ECF 1) ¶¶ 5-7. California has been setting such standards for more than half a century. *Id.* ¶ 33. Since 1967, when Congress generally preempted States from setting new motor vehicle standards, California has done so pursuant to the preemption waivers that EPA must grant, subject to certain limited conditions. *See* 42 U.S.C. § 7543(b)(1).

Each of the three waivers targeted by the Resolutions permits California to enforce specific amendments to its regulatory program, adopted to reduce harmful pollution and protect public health and welfare. These waivers similarly allow other States to adopt and enforce California's regulations as their own. *Id.* § 7507. The first waiver, published in April 2023 (88 Fed. Reg. 20,688 (Apr. 6, 2023)), authorizes the Advanced Clean Trucks (ACT) regulation which requires gradual increases in sales of medium- and heavy-duty zero-emission vehicles in California beginning with model year 2024. Compl. ¶ 44. The second and third waivers, published in early January 2025, authorize the Advanced Clean Cars II (ACCII) and Omnibus regulations, respectively. 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025). ACCII gradually strengthens California's longstanding emission standards for light-duty vehicles (passenger cars and light trucks), including the State's zero-emission-vehicle sales requirements and the exhaust emission standards for criteria pollutants, requiring reductions in smog-forming oxides of nitrogen (NOx) and particulate matter. Compl. ¶ 43. The Omnibus regulation likewise strengthens longstanding state emission standards, requiring substantial reductions in NOx exhaust emissions from new medium- and heavy-duty vehicles. *Id.* ¶ 45. All three of these regulations are crucial parts of California's comprehensive plan to improve the air Californians breathe and meet state and federal air quality standards. *Id.* ¶ 46 (noting tens of millions of Californians are affected by some of the worst air quality in the Nation).

The unlawful targeting of these waivers began months (or, in the case of ACT, years) after the waivers were granted. EPA reversed the view it had consistently held for decades—shared by

the Government Accountability Office—and suddenly declared, without any explanation, that waivers were "rules" within the meaning of the Congressional Review Act (CRA). *Id.* ¶¶ 65, 68-70, 73-77. Relying on EPA's misinterpretation, Congress enacted the Resolutions that purport to invalidate the three waivers. *Id.* ¶¶ 94, 103, 108. The President signed the Resolutions on June 12, 2025. *Id.* ¶ 113. Plaintiff States sued the United States the same day. Plaintiffs seek, *inter alia*, to have the Resolutions declared unconstitutional for violation of separation of powers and federalism principles and, correspondingly, to have the three waivers declared valid and in effect. *Id.* ¶¶ 153-178 & Prayer for Relief.

## LEGAL STANDARD

To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), a movant must show that: (1) the motion is timely; (2) the movant has a "significantly protectable interest" in the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest is inadequately represented by the existing parties. *E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1001 (9th Cir. 2024). "Failure to satisfy any one of the requirements is fatal to the application." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

To intervene permissively under Federal Rule of Civil Procedure 24(b)(1), a movant must show that: (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the movant's claim or defense shares a common question of law or fact with the main action. *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002). Even if a movant satisfies those "threshold requirements," a court "has discretion to deny permissive intervention," *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002), particularly if intervention would "unduly delay or prejudice" the existing parties, Fed. R. Civ. P. 24(b)(3).

Though courts construe Rule 24 broadly in favor of intervention, the movant bears the burden of establishing that the Rule's requirements are met. *See E. Bay Sanctuary Covenant*, 102 F.4th at 1001 & n.2. Conclusory allegations will not suffice. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

# ARGUMENT

## I. MOVANTS DO NOT MEET THE STANDARD FOR INTERVENTION AS OF RIGHT

### A. Movants lack a protectable interest that could be impeded by disposition of this case

As with AmFree, AFPM, and Texas, Movants' asserted interests concern the legality of the EPA waivers—in particular, EPA's waiver for ACCII. That is not at issue in this suit. For example, Movants appear to believe that EPA's waiver decision for ACCII was unlawful because, in their view, that standard was "never achievable." Mot. 11:23-12:8. That claim could be appropriately raised in a petition for review of a waiver pursuant to the Clean Air Act's judicial review provision, 42 U.S.C. § 7607(b). *See Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 463 (D.C. Cir. 1998) ("technological feasibility" at issue "in the waiver context"). But whether particular waiver decisions satisfy the Clean Air Act is a step removed from the legal issue presented here: whether the *Resolutions* are lawful and have any legal effect. And while Plaintiffs seek to have the three waivers declared valid, that simply follows from a ruling invalidating the Resolutions. *See, e.g.*, Compl. ¶ 183 ("Because the Resolutions are unlawful, unconstitutional and void, the preemption waivers granted for" ACCII, ACT, and Omnibus "are valid and in effect."). That has no bearing on whether EPA's waiver decision for ACCII satisfied the specific criteria set out in the Clean Air Act's waiver provision, 42 U.S.C. § 7543(b). Movants' failure to demonstrate a "relationship between [its] legally protected interest and the claims at issue" is fatal to its intervention as of right. *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022) (cleaned up); *id.* at 1087-88 & n.8 (clarifying Ninth Circuit interpretation of interest test).[1]

---

[1] Movants' cited cases, by contrast, involve no such gap. *See Sierra Club v. EPA*, 995 F.2d 1478, 1481-83, 1485 (9th Cir. 1993) (Clean Water Act permit holder had protectable interest in defending against suit under that Act to tighten permit's terms); *Fresno Cnty. v. Andrus*, 622 F.2d 436, 437-38 (9th Cir. 1980) (group of farmers who would benefit from regulations had protectable interest in suit seeking to suspend those regulations' promulgation); *Am. Rivers v. Wheeler*, No. 20-cv-04636, 2020 WL 5993229, at *1-2 (N.D. Cal. Oct. 9, 2020) (industry groups regulated by, and benefiting from, Clean Water Act rule had (uncontested) protectable interest in suit under that Act to invalidate the rule); *Missouri v. Harris*, No. 2:14-cv-00341, 2014 WL 2506606, at *8 (E.D. Cal. June 3, 2014) (egg farmers benefitting from bill regulating out-of-state egg production had protectable interest in suit to invalidate that bill).

Movants also fail to demonstrate how the disposition of this case will impair their interest in the lawfulness of the waiver for ACCII. "Th[is] litigation does not prevent any individual from initiating suit" to challenge a particular waiver. *City of Los Angeles*, 288 F.3d at 402. Movants could have filed a petition for review challenging the waiver for ACCII on the grounds complained of here or else moved to intervene in any such suits filed by others. *See, e.g.*, Pls.' Opp'n to AFPM et al.'s Mot. to Intervene 5:19-6:3 (ECF 85) (citing petitions for review of all three waivers filed by trade associations). They have chosen not to. Movants should not be permitted to instead intervene and unduly complicate this suit to safeguard the same interests that are more appropriately vindicated in a petition for review under the Clean Air Act. Such a suit similarly would be the more appropriate forum for any claims against CARB's future potential enforcement of ACCII, *see* Mot. 11:8-10 (citing August advisory letter), which in any event is speculative and unripe. And even if Movants had opted to protect their interests by filing such a petition, this suit would not impede it: should Plaintiffs prevail—*e.g.*, should they obtain a determination that the Resolutions are invalid—that disposition would have no legal effect on distinct claims filed against a waiver decision under a separate statute. Any conclusory assertions to the contrary are misplaced. *Cf. N. Arapaho Tribe v. LaCounte*, No. 16-cv-11, 2016 WL 8710178, at *2 (D. Mont. Apr. 4, 2016) (an "interest in the outcome of the case" should not be "confused" with "a legally protectable interest in the subject of the action").

**B.   Movants' interests are adequately represented by Federal Defendants**

Movants fail to show that Federal Defendants will not adequately represent their interests. They suggest that, because Federal Defendants do not have to comply with the ACCII standards, their defense of the Resolutions may somehow be constrained. Mot. 15:13-21 (citing *Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992)). But neither Movants nor the case they cite account for the presumption of adequacy that arises where, as here, "the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment." *Freedom from Religious Found., Inc.*, 644 F.3d at 841; *contra Mosbacher*, 966 F.2d at 44 (Secretary of Commerce's decision not to file answer to complaint and instead accept a consent decree "which provides for virtually all the relief sought"

5

demonstrated that it was "less than wholeheartedly dedicated to opposing the [plaintiff's] aims"). Movants may rebut that presumption only by making a "very compelling showing," *California ex rel. Lockyer v. United States*, 450 F.3d 436, 443-44 (9th Cir. 2006), which they have not done. Though they maintain that their interests are more "parochial" than Federal Defendants and that their ultimate objectives "might diverge" (*see, e.g.*, Mot. 14:16, 14:22-25), they fail to explain how that translates into a potential conflict rendering Federal Defendants' representation inadequate. *See Freedom from Religious Found., Inc.*, 644 F.3d at 841-42 (presumption not rebutted where proposed intervenor merely speculated that interests might diverge, presenting no evidence that federal defendants would take an inconsistent position or abandon key arguments).

## II. MOVANTS DO NOT MEET THE STANDARD FOR PERMISSIVE INTERVENTION

Movants do not qualify for permissive intervention under Rule 24(b). As described above, their interests focus on the lawfulness of EPA's waiver for ACCII. Those interests are more properly vindicated through petitions for review filed under the Clean Air Act. Movants may nonetheless attempt to raise those issues here, even though they are irrelevant to Plaintiffs' claims. For example, Movants assert, without evidence, that the ACCII standard was "never achievable." *Supra* at 4:6-8. Movants also assert an interest in "single, national emissions standards," signaling again that they may seek to litigate here the lawfulness of EPA's waiver decision or of the Clean Air Act's decades-old preemption waiver provision more broadly. Mot. 3:17-19. But "[i]ntervention cannot be used as a means to inject collateral issues into an existing action." *Apple Inc. v. Iancu*, No. 5:20-cv-06128-EJD, 2021 WL 411157, at *5 (N.D. Cal. Feb. 5, 2021); *accord Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). To allow otherwise would unduly prejudice the adjudication of Plaintiffs' case. *See* Fed. R. Civ. P. 24(b)(3); *see also S. Cal. Edison Co.*, 307 F.3d at 803 (court has discretion to deny permissive intervention even where Rule 24(b)'s threshold elements are met).[2]

---

[2] Movants further allege that California's emission standards are "*de facto* national emissions standards." Mot. 5:14-17. But as they elsewhere acknowledge (*id.* at 4:4-9, 4:20-5:2), EPA's standards, not California's, apply in all States unless and until a State chooses to adopt California's standards. Plaintiff States have done so, but those independent choices by separate sovereigns do not make California a national vehicle regulator.

Movants' participation as an intervenor-defendant further risks prejudicing Plaintiffs by introducing duplication and delay. As this Court is aware, Texas and two sets of industry trade associations moved to intervene defensively in August. Another set of industry trade associations moved to intervene defensively on September 15. *See* W. States Trucking Ass'n (WSTA) et al.'s Mot. to Intervene (ECF 112). More putative intervenors may still follow. Plaintiffs thus face the prospect of having to respond to multiple motions involving complex legal questions from six or more sets of adverse parties, all of which could significantly slow down the case. Movants assert that they would undertake reasonable efforts to avoid duplicative briefing and to confer on a coordinated briefing schedule *for any Rule 12 motions* (Mot. 9:27-28), but do not address the potential for duplication and delay beyond that. Nor is there any countervailing efficiency gained by Movants' participation; Movants seek to intervene as defendants, not plaintiffs, and do not contend that there is a "separate action that [they] may bring" that could instead be "part of this action," promoting judicial economy. *In re Wells Fargo & Co. Hiring Pracs. Derivative Litig.*, No. 22-cv-05173-TLT, 2023 WL 4536883, at *4 (N.D. Cal. July 13, 2023). To prevent this already complex case from becoming unmanageable, this Court should exercise its discretion and decline to permit Movants' intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) ("[I]n a complex case . . . a district judge's decision on how best to balance the rights of the parties against the need to keep the litigation from becoming unmanageable is entitled to great deference."). At most, Movants should instead be permitted to present their views in an amicus brief. *See United States v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (affirming district court decision to deny permissive intervention but allow movant to participate as amicus curiae).[3]

### III. IF THE COURT GRANTS INTERVENTION, IT SHOULD EXERCISE ITS DISCRETION TO IMPOSE REASONABLE CASE MANAGEMENT CONDITIONS

If the Court nonetheless intends to grant Movants intervention, and in light of the concerns identified above, Plaintiffs respectfully request that the Court impose reasonable limitations on

---

[3] Indeed, counsel for the State of Iowa recently contacted counsel for Plaintiffs informing them that a group of States intend to move for leave to file an amicus brief in support of the United States' motion to dismiss.

Movants' participation. Such conditions are authorized under Federal Rule of Civil Procedure 24(a) and 24(b), are routinely applied, and will help promote judicial efficiency. *See Stringfellow*, 480 U.S. at 382-83 & n.2 (Brennan, J., concurring in part and concurring in the judgment) (confirming district courts have discretion to limit intervention as of right and even more discretion to limit permissive intervention (citing Advisory Committee Notes, Fed. R. Civ. P. 24)); *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, No. 21-cv-00344-JSW, 2021 WL 4552144, at *3 (N.D. Cal. May 3, 2021) (barring defendant-intervenors from initiating discovery and directing parties to meet and confer on case schedule allowing for efficient adjudication of anticipated motion to dismiss and motions for summary judgment); *California v. Health & Human Servs.*, No. 17-cv-05738-HSG, 2017 WL 6731640, at *9 (N.D. Cal. Dec. 29, 2017) (limiting issues in the case to those raised by the original parties).

In particular, Plaintiffs request the following conditions:

(1) Movants shall not initiate discovery;

(2) Movants' arguments and defenses shall be limited to those claims and issues raised in any operative complaints; and

(3) if two or more sets of private movant-intervenor-defendants—Movants, AmFree, AFPM, and WSTA—are granted intervention, they shall be required to jointly brief and argue all dispositive motions.

In addition, Plaintiffs respectfully request that the Court impose the following procedural conditions on all parties, including all intervenors:

(1) the parties must meet and confer at least two weeks before the filing of any dispositive motion and submit a joint proposed briefing schedule to the Court at least one week before the motion's filing; and

(2) the combined total page limit of any intervenor briefs on any dispositive motion must be limited to two-thirds of the page limit allowed to the original parties that the intervenor is supporting. In other words, defendant-intervenors would, collectively, be limited to two-thirds the pages available to Federal Defendants, and plaintiff-intervenors would, collectively, be limited to two-thirds the pages available to Plaintiff States.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion to intervene. In the alternative, Plaintiffs respectfully request that the Court impose the case management conditions described above to avoid prejudice to Plaintiffs.

Dated: September 19, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Cecilia D. Segal*
CECILIA D. SEGAL
Deputy Attorney General
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102
Telephone: (415) 510-3545
Fax: (510) 622-2270
E-mail: Cecilia.Segal@doj.ca.gov
*Attorneys for Plaintiff State of California*

**PHILIP J. WEISER**
*Attorney General for the State of Colorado*

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM*
Assistant Deputy Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6285
Carrie.noteboom@coag.gov

**KATHLEEN JENNINGS**
*Attorney General of the State of Delaware*

By: */s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

9

Plaintiffs' Opposition to Alliance for Automotive Innovation et al.'s Motion to Intervene (4:25-cv-04966-HSG)

| | |
|---|---|
| **ANDREA JOY CAMPBELL**<br>*Attorney General for the Commonwealth of Massachusetts*<br><br>*/s/ Seth Schofield*<br>SETH SCHOFIELD *<br>Senior Appellate Counsel<br>JON WHITNEY*<br>Special Assistant Attorney General<br>Energy and Environment Bureau<br>Office of the Attorney General<br>One Ashburton Place, 18th Flr.<br>Boston, Mass. 02108<br>(617) 727-2200<br>seth.schofield@mass.gov<br>jon.whitney@mass.gov | **LETITIA JAMES**<br>*Attorney General for the State of New York*<br><br>*/s/ Ashley M. Gregor*<br>ASHLEY M. GREGOR*<br>Assistant Attorney General<br>Environmental Protection Bureau<br>28 Liberty Street, 19th Floor<br>New York, NY 10005<br>(212) 416-8454<br>ashley.gregor@ag.ny.gov |
| **MATTHEW J. PLATKIN**<br>*Attorney General for the State of New Jersey*<br><br>*/s/ Lisa J. Morelli*<br>LISA J. MORELLI<br>Deputy Attorney General<br>New Jersey Division of Law<br>25 Market Street<br>Trenton, New Jersey 08625<br>(609) 376-2740<br>Lisa.Morelli@law.njoag.gov | **DAN RAYFIELD**<br>*Attorney General for the State of Oregon*<br><br>*/s/ Paul Garrahan*<br>PAUL GARRAHAN*<br>Sr. Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, Oregon 97301-4096<br>(503) 947-4540<br>Paul.Garrahan@doj.oregon.gov |
| **RAÚL TORREZ**<br>*Attorney General for the State of New Mexico*<br><br>*/s/ William Grantham*<br>WILLIAM GRANTHAM*<br>Assistant Attorney General<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>(505) 717-3520<br>wgrantham@nmdoj.gov | **PETER F. NERONHA**<br>*Attorney General for the State of Rhode Island*<br><br>*/s/ Nicholas M. Vaz*<br>NICHOLAS M. VAZ*<br>Special Assistant Attorney General<br>Office of the Attorney General<br>Chief, Environmental and Energy Unit<br>150 South Main Street<br>Providence, Rhode Island 02903<br>(401) 274-4400 ext. 2297<br>nvaz@riag.ri.gov |

| | |
|---|---|
| **CHARITY R. CLARK**<br>*Attorney General for the State of Vermont*<br><br>/s/ *Hannah Yindra*<br>HANNAH YINDRA*<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186<br>Hannah.Yindra@vermont.gov | **NICHOLAS W. BROWN**<br>*Attorney General for the State of Washington*<br><br>*/s/ Alexandria Doolittle*<br>ALEXANDRIA K. DOOLITTLE*<br>Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 40117<br>Olympia, Washington 98504-0117<br>(360) 586-6769<br>Alex.Doolittle@atg.wa.gov |

*Admitted pro hac vice

Pursuant to Local Rule 5-1(i), I attest that all signatories to this document concurred in its filing.

/s/ *Cecilia D. Segal*
Cecilia D. Segal
Counsel for Plaintiff State of California