Sean Howell, Bar No. 315967
GIBSON, DUNN & CRUTCHER
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel.: 415-393-8355
Fax: 415-801-7364
showell@gibsondunn.com

Raymond B. Ludwiszewski (*pro hac vice*)
Rachel Levick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER
1700 M Street, NW
Washington, DC 20036
Tel.: 202-955-8500
Fax: 202-467-0539
rludwiszewski@gibsondunn.com
rlevick@gibsondunn.com

*Attorneys for Proposed Defendant-Intervenors*
*The Alliance for Automotive Innovation and*
*The National Automobile Dealers Association*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.   4:25-cv-04966-HSG<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE BY THE ALLIANCE FOR AUTOMOTIVE INNOVATION AND THE NATIONAL AUTOMOBILE DEALERS ASSOCIATION**<br><br>Administrative Procedure Act Case<br>Action Filed: June 12, 2025<br>Trial Date: none<br>Hearing Date: October 23, 2025<br>Judge:  Honorable Haywood S. Gilliam |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ............................................................................... 2

ARGUMENT ................................................................................................................................... 2

    I.    Proposed Intervenors Are Entitled to Intervention as of Right ............................... 2

           A.    Proposed Intervenors Claim a Significant, Protectable Interest in the Legality of the CRA Resolutions ........................................... 3

           B.    Disposition of this Action May Impair Proposed Intervenors' Interests, Including Preventing Retroactive Enforcement of Preempted Standards ................................................................................. 5

           C.    Proposed Intervenors' Interests Are Not Adequately Represented by Federal Defendants, Who Do Not Face Potential Compliance Burdens If the CRA Resolutions Are Invalidated ................................................................................................ 6

    II.    In the Alternative, this Court Should Grant Proposed Intervenors' Request for Permissive Intervention .......................................................................................... 8

    III.    Many of Plaintiffs' Proposed Conditions on Intervention Are Neither Efficient Nor Reasonable ........................................................................................................ 9

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Diamond Alternative Energy, LLC v. EPA*,
    145 S. Ct. 2121 (2025)...................................................................................................................7

*Finjan, Inc. v. Symantec Corp.*,
    2017 WL 6610081 (N.D. Cal. Sept. 29, 2017) ...............................................................................4

*Forest Conservation Council v. U.S. Forest Serv.*,
    66 F.3d 1489 (9th Cir. 1995)..........................................................................................................8

*Freedom from Religion Found., Inc. v. Geithner*,
    644 F.3d 836 (9th Cir. 2011)..........................................................................................................7

*Kleissler v. U.S. Forest Serv.*,
    157 F.3d 964 (3d Cir. 1998)...........................................................................................................7

*California ex rel. Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006)..................................................................................................1, 5, 6

*Missouri v. Harris*,
    2014 WL 2506606 (E.D. Cal. June 3, 2014)..................................................................................4

*Sagebrush Rebellion, Inc. v. Watt*,
    713 F.2d 525 (9th Cir. 1983)..........................................................................................................5

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001).................................................................................................2, 3, 7

*Util. Air Regul. Grp. v. EPA*,
    744 F.3d 741 (D.C. Cir. 2014) .......................................................................................................4

*Wilderness Soc'y v. U.S. Forest Serv.*,
    630 F.3d 1173 (9th Cir. 2011)........................................................................................................5

*Winston v. United States*,
    2015 WL 9474284 (N.D. Cal. Dec. 29, 2015) ...............................................................................4

**Statutes**

5 U.S.C. § 801................................................................................................................................4

42 U.S.C. § 7543.......................................................................................................................1, 3

**Rules**

Civil L.R. 7-4 .................................................................................................................................2

Fed. R. Civ. P. 12 ................................................................................................................................8

Fed. R. Civ. P. 24 ...........................................................................................................1, 2, 4, 5, 6, 8

# INTRODUCTION

The Alliance for Automotive Innovation ("Auto Innovators") and the National Automobile Dealers Association ("NADA") (collectively, "Proposed Intervenors") filed a timely motion to intervene to defend their significant interests in this action, the outcome of which may impair Proposed Intervenors' interests, as no existing party would adequately protect those interests. As Plaintiffs recognize, Rule 24 is construed broadly in favor of intervention. Pls.' Opp. to Mot. to Intervene. ("Pls.' Opp."), Dkt. 117, at 3. And here, Proposed Intervenors easily satisfy that deferential standard.

Plaintiffs fail to refute any element of Proposed Intervenors' entitlement to intervention as of right. Rather, Plaintiffs' opposition is based almost entirely on a mischaracterization of Proposed Intervenors' interest in this litigation as concerning the validity of the underlying EPA waivers, rather than the validity of the Congressional Review Act ("CRA") resolutions invalidating those waivers. That is simply false. Nowhere does Proposed Intervenors' motion suggest that they intend to contest whether the waivers at issue satisfied the strictures of Section 209(b) of the Clean Air Act. 42 U.S.C. § 7543(b). That is an entirely different legal question and one that is not before this Court. Instead, this litigation will determine whether the CRA resolutions passed by both the houses of Congress and signed into law by the President are valid, which in turn will dictate whether or not Plaintiffs can enforce California's ACC II and other standards.[1] Plaintiffs do not (and cannot) dispute that Proposed Intervenors have significant economic, compliance, and regulatory interests that will be directly affected by a decision invalidating the CRA resolutions. These interests readily satisfy Rule 24.

Plaintiffs also seek to substitute Rule 24's requirement that an intervenor have a significant, protectable interest for a much higher standard, turning on whether Proposed Intervenors could (or should) have filed their own challenge to the underlying waiver actions by EPA. But Proposed Intervenors need only show that they have an "interest that is protected under some law" and that "there is a relationship between [that] legally protected interest and the plaintiff[s] claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (citation omitted). Proposed Intervenors

---

[1] Plaintiffs' mischaracterization is exceptionally transparent because they have no intrinsic interest in the CRA resolutions—they only bring this action to reverse the invalidation of the underlying Clean Air Act preemption waivers. *See, e.g.*, Pls.' Opp. at 4 ("And while Plaintiffs seek to have the three waivers declared valid, that simply follows from a ruling invalidating the Resolutions.").

satisfy that standard. And even if Plaintiffs' heightened bar was applicable—and it is not—the Court of Appeals has repeatedly explained that Rule 24(a) is "construe[d] … liberally in favor of potential intervenors," "guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted). Abundant practical—and economic, compliance, and regulatory—considerations counsel strongly in favor of granting intervention here.

Finally, Plaintiffs fail to engage with Proposed Intervenors' unique interest in preventing retroactive enforcement of preempted standards and with the possibility that the federal government might—as it has in the past—change policy positions concerning the EPA waivers (and, relatedly, the validity of the CRA resolutions) before this litigation finally concludes. As explained in the intervention motion, Proposed Intervenors have demonstrated that their interests are thus not adequately represented by the federal Defendants.

Plaintiffs' arguments against permissive intervention are substantively identical to their arguments concerning intervention as of right, and should be rejected for the same reasons. And while Proposed Intervenors are willing and ready to coordinate with other parties to avoid duplication or delay, not all of Plaintiffs' proposed case-management conditions are necessary or efficient.

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4, Proposed Intervenors submit that the issues to be decided on this Motion are:

1. Whether Proposed Intervenors, which have significantly protectable interests that are affected by the outcome of this litigation, meet the requirements set forth in Rule 24(a) to intervene in this action as a matter of right.

2. Alternatively, whether Proposed Intervenors, which have significantly protectable interests that are affected by the outcome of this litigation, meet the requirements for permissive intervention set forth in Rule 24(b).

## ARGUMENT

**I.    Proposed Intervenors Are Entitled to Intervention as of Right.**

Plaintiffs do not dispute that Proposed Intervenors' motion was timely. Instead, Plaintiffs argue

that Proposed Intervenors lack a protectable interest that could be impeded by the disposition of this action, and that Proposed Intervenors have failed to overcome the presumption that they will be adequately represented by the federal Defendants. Each of Plaintiffs' arguments fails.

### A. Proposed Intervenors Claim a Significant, Protectable Interest in the Legality of the CRA Resolutions.

Plaintiffs mischaracterize Proposed Intervenors' interest as focused on the "legality of the EPA waivers," rather than the validity of the CRA resolutions invalidating those waivers. Pls.' Opp. at 4. But while Proposed Intervenors undoubtedly have a significant interest in the legality of the EPA waivers, that is not a question before this Court and is not the interest upon which Proposed Intervenors premised their intervention motion.[2] Each of the interests raised by Proposed Intervenors—including compliance and economic interests as directly regulated parties, business interests in the ability to meet consumer demand, and regulatory interests in stable regulations with achievable mandates that provide for consumer choice—hinge on whether Plaintiffs can validly enforce the ACC II program and the other preempted standards. Those interests will be protected if the CRA resolutions are upheld in this action—and imperiled if those resolutions are invalidated. Plaintiffs recognize as much, describing their own action as "seek[ing] to have the three waivers declared valid," which would "simply follow[] from a ruling invalidating the Resolutions." Pls.' Opp. at 4. And in any event, Plaintiffs' attempt to separate Proposed Intervenors' interests in the validity of the CRA resolutions and the validity of the underlying EPA waivers revoked by those laws is precisely the kind of "technical distinction[]" that cannot defeat intervention. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.

Further, while Proposed Intervenors do have an interest in the legality of the underlying EPA waivers, that does not mean Proposed Intervenors cannot *also* have a valid and substantial interest in the legality of the CRA resolutions themselves. Indeed, the economic interests raised by Proposed

---

[2] Whether California is entitled to a preemption waiver under Section 209(b) turns on the application of the three prongs set forth in that statute—*i.e.*, whether California's protectiveness determination was arbitrary and capricious, whether California "need[s] such State standards to meet compelling and extraordinary conditions," and whether the standards are consistent with Section 202(a) of the Clean Air Act. 42 U.S.C. § 7543(b)(1)(A)–(C). That question is not before this Court, and, more importantly, the legality of the CRA resolutions at issue here does not turn on whether the underlying waivers should have been granted in the first place.

Intervenors will be *better* vindicated if the CRA resolutions are upheld in this action. If the Proposed Intervenors were to file a lawsuit challenging EPA's action to grant the ACC II waiver, that would at best result in a vacatur of the waiver action. *See Util. Air Regul. Grp. v. EPA*, 744 F.3d 741, 747 (D.C. Cir. 2014). Such relief would not prevent a future EPA from reissuing the waiver and attempting to fix any procedural or statutory violations that led to the vacatur. In contrast, the CRA resolutions prevent EPA from reissuing these waivers in "substantially the same form," meaning EPA cannot issue a waiver for ACC II or the other preempted standards unless Congress subsequently authorizes such an action by law. *See* 5 U.S.C. § 801(b)(2). Proposed Intervenors thus have a substantial interest in the legality of the CRA resolutions themselves because they permanently and conclusively prevent Plaintiffs from enforcing the ACC II program and the other preempted standards—now and in the future.

Beyond seeking to misrepresent Proposed Intervenors' interest in this action, Plaintiffs do not meaningfully dispute that the economic interests identified by Proposed Intervenors are sufficient to justify intervention. Plaintiffs have thus forfeited any response to this argument, and these economic interests are sufficient on their own to establish this element. *See, e.g.*, *Missouri v. Harris*, 2014 WL 2506606, at *8 (E.D. Cal. June 3, 2014) (finding "economic interest in the outcome of th[e] action" to be a significantly protectable interest sufficient to support intervention); *Winston v. United States*, 2015 WL 9474284, at *2 (N.D. Cal. Dec. 29, 2015) (same); *Finjan, Inc. v. Symantec Corp.*, 2017 WL 6610081, at *2 (N.D. Cal. Sept. 29, 2017) (same); *see also* Mot. to Intervene ("Mot."), Dkt. 92, at 10, 12–13.

Further, Plaintiffs artificially heighten Rule 24(a)'s requirements. Plaintiffs mistake the protectable interest requirement for something akin to a "best cause-of-action" requirement, arguing that Proposed Intervenors "could have filed a petition for review challenging the waiver for [ACC II] on the grounds complained of here or else moved to intervene in any such suits filed by others" but "chose[] not to" and that "[s]uch a suit similarly would be the more appropriate forum for any claims against CARB's future potential enforcement of [ACC II]." Pls.' Opp. at 5. But whether Proposed Intervenors could have filed petitions for review under the Clean Air Act to challenge the waiver actions is simply not relevant to the Rule 24(a) inquiry. "[A] prospective intervenor's asserted interest

4

need not be protected by the statute under which the litigation is brought to qualify as 'significantly protectable' under Rule 24(a)(2)." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

Rule 24(a)(2) requires only that an intervenor have an "interest that is protected under some law" and that "there is a 'relationship between [that] legally protected interest and the plaintiff[s]' claims." *Lockyer*, 450 F.3d at 441 (citation omitted). Proposed Intervenors' asserted compliance, economic, and regulatory interests are more than sufficient to satisfy Rule 24(a)(2)'s standard, *see* Mot. at 10–13, and Plaintiffs arguments to the contrary should be rejected.

### B. Disposition of this Action May Impair Proposed Intervenors' Interests, Including Preventing Retroactive Enforcement of Preempted Standards.

Should Plaintiffs prevail in this litigation, Plaintiffs are explicit that they will seek to enforce the now-preempted standards pursuant to the previously granted preemption waivers—both prospectively and retroactively.[3] That outcome would dramatically and negatively affect Proposed Intervenors' members' interests by obliging them to comply with the costly ACC II regulations—after potentially years of production decisions made while those regulations were preempted by federal law.[4] This explicit and repeated threat of retroactive enforcement of the ACC II standards by the California Air Resources Board ("CARB") confirms that "without intervention," the interests of Proposed Intervenors—whose members are either directly regulated by CARB or whose economic interests are bound up in the enforceability of CARB's certification standards and requirements—may be impaired "as a practical matter" by the outcome of this litigation. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527–28 (9th Cir. 1983).

Plaintiffs' self-serving description of CARB's potential retroactive enforcement of ACC II as "speculative" and "unripe" is belied by CARB's recent actions. Pls.' Opp. at 5. Since this lawsuit was commenced, CARB has *twice* stated that it intends to retroactively enforce ACC II regulations against

---

[3] *See, e.g.*, Manufacturers Advisory Correspondence ECCD-2025-08, CARB (August 25, 2025) (Mot. Ex. A) ("August 2025 MAC").

[4] As explained in the Motion to Intervene, the joint resolutions have the same force and effect as legislation. *See* Mot. at 6.

Proposed Intervenors' members should the CRA resolutions at issue be invalidated as a result of this litigation. The first instance was in the August 2025 MAC, in which CARB explicitly reserved the ability, if successful here, to retroactively enforce ACC II regulations against manufacturers who certify their vehicles under the federal standards or to CARB's prior, less stringent standards while this litigation is ongoing. August 2025 MAC at 3. And CARB is even more explicit in its September 15, 2025 notice of emergency rulemaking. After providing that manufacturers can seek certification under either ACC II or CARB's earlier 2013 regulations, CARB states that "[r]egulated parties … assume the risk if they choose to certify only to the [2013] provisions, and the congressional resolutions … are declared invalid" as a result of this litigation. Notice of Emergency Rulemaking at 6, CARB (September 15, 2025) (Ex. 1). Because the burden of prospective and retroactive enforcement of California's now-preempted standards will fall squarely upon Proposed Intervenors' members, Proposed Intervenors' interests in the continuing validity of the CRA resolutions—and all the consequences that flow from those resolutions—are clear, and sufficient to support intervention under Rule 24(a).

    **C.    Proposed Intervenors' Interests Are Not Adequately Represented by Federal Defendants, Who Do Not Face Potential Compliance Burdens If the CRA Resolutions Are Invalidated.**

Plaintiffs contend that Proposed Intervenors have not carried their burden of proof that they are not adequately represented by the federal Defendants. Pls.' Opp. at 5–6. But Plaintiffs incorrectly discount Proposed Intervenors' unique economic interests and compliance considerations—none of which are borne by the federal Defendants. For example, should the CRA resolutions be invalidated, the federal Defendants will not face retroactive enforcement of ACC II or the other preempted standards, nor will the federal Defendants bear the costs of compliance therewith. Proposed Intervenors thus "bring a point of view to the litigation not presented" by the existing parties that goes far beyond mere "differences in litigation strategy." *Lockyer*, 450 F.3d at 444–45.

In other words, even if Proposed Intervenors and federal Defendants share the ultimate goal of defending the CRA resolutions, CARB's threat of retroactive enforcement highlights precisely why Proposed Intervenors' interests in the outcome of this litigation would not be adequately represented

by the federal Defendants. Only regulated parties like Auto Innovators' members (and parties like NADA, whose members' economic interests are directly impacted by whether vehicle supply and consumer demand are aligned) have an interest in the continuing validity of the CRA resolutions for *the specific purpose* of preventing retroactive enforcement of ACC II and the other preempted standards. The EPA "cannot be expected under the circumstances presented to protect these private interests." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823. The retroactive-enforcement issue alone is sufficient to demonstrate that Proposed Intervenors have an interest and objective in this litigation that is distinct from the federal Defendants.

Plaintiffs further insist that Proposed Intervenors "present[] no evidence that federal defendants would take an inconsistent position or abandon key arguments." Pls.' Opp. at 6 (citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841–42 (9th Cir. 2011)). This is counterfactual, as the waivers have been the subject of a long history of federal policy reversals, as the Supreme Court recently observed. *See Diamond Alternative Energy, LLC v. EPA*, 145 S. Ct. 2121, 2130 (2025) ("[A]s Presidential administrations have come and gone, EPA has repeatedly altered its legal position on whether the Clean Air Act authorizes California regulations targeting greenhouse-gas emissions from new motor vehicles.").[5] And it is precisely because of this history that Proposed Intervenors have a unique interest in the litigation that no other party is equally suited to protect—ensuring that the CRA resolutions are upheld in order to prevent California from retroactively enforcing the preempted standards, even if the federal government was to change position in the future. *See* Mot. at 15.

Indeed, Plaintiffs fail to contend with any of the Ninth Circuit and other precedent cited by Proposed Intervenors in which courts have repeatedly allowed intervention as of right for regulated parties even where the government is also a party, in particular because government parties' legal and policy positions are not fixed. "Although it is unlikely that the [Proposed Intervenors'] economic interest will change, it is not realistic to assume that the [EPA] will remain static or unaffected by unanticipated policy shifts." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998). Indeed,

---

[5] *See also* Tr. of Oral Argument at 50, *Diamond Alternative Energy*, No. 24-7 (Apr. 23, 2025) (Alito, J.) ("By my count, the EPA has now changed its mind on this [waiver] four times. *** So what is the probability that there will not be a fifth?); *id.* at 51 (Sotomayor, J.) ("You're not a betting man that you don't want to guess that there's going to be a fifth change? *** (Laughter.)").

as demonstrated in previous litigation over California's standards and EPA preemption waivers, changed priorities and policies between presidential administrations on the question of California's preemption waivers is now standard fare. Proposed Intervenors must have a seat at the table in order to protect their critical and unique interests at issue in this litigation—interests that are not shared by the federal Defendants.

## II. In the Alternative, this Court Should Grant Proposed Intervenors' Request for Permissive Intervention.

With respect to permissive intervention, Plaintiffs only dispute whether Proposed Intervenors meet one of the elements of permissive intervention: a common question of law and fact with the main action. Plaintiffs argue that Proposed Intervenors do not qualify for permissive intervention because "their interests focus on the lawfulness of EPA's waiver for [ACC II]," which would be "more properly vindicated through petitions for review filed under the Clean Air Act." Pls.' Opp. at 6. For all the reasons already explained, *supra* at 3–4, that argument is beside the point, and it fails in any event. Plaintiffs further argue that Proposed Intervenors may "attempt to raise those issues [regarding the lawfulness of the EPA waivers] here, even though they are irrelevant to Plaintiffs' claims." Pls.' Opp. at 6. But as Proposed Intervenors expressly stated in their intervention motion, Proposed Intervenors assert "strong interest[s] in intervening to defend the *joint resolutions* of disapproval at issue in this litigation," and do not intend to raise any new claims or seek additional relief beyond that sought by the federal Defendants. Mot. at 3–4, 16 (emphasis added). Plaintiffs' claim that Proposed Intervenors might attempt to challenge the validity of the underlying waivers themselves in this litigation is both speculative and incorrect.

Nor do Proposed Intervenors "risk[] prejudicing Plaintiffs by introducing duplication and delay." *Contra* Pls.' Opp. at 7. To start, granting Rule 24 intervention to parties with significant, protectable interests affected by the litigation promotes efficiency in the federal courts. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) ("A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." (citation omitted)). Here, Proposed Intervenors intend to file a motion to dismiss upon intervention being granted, Mot. at 1, and as noted, do not intend to add new claims or to seek different relief than

the federal Defendants, Mot. at 16. And as Plaintiffs acknowledged, Proposed Intervenors have committed to "undertake reasonable efforts to avoid duplicative briefing and to confer on a coordinated briefing schedule for any Rule 12 motions." Pls.' Opp. at 7 (emphasis omitted). In sum, this Court can be assured that Proposed Intervenors do not seek to complicate the litigation, but only to ensure that their interests are adequately protected throughout.

### III. Many of Plaintiffs' Proposed Conditions on Intervention Are Neither Efficient Nor Reasonable.

Plaintiffs have proposed a series of conditions they assert should be imposed, should this Court grant intervention, in order to promote judicial efficiency. Pls.' Opp. at 7–8. Proposed Intervenors fully intend to limit the scope of their arguments and defenses to the validity of the CRA resolutions and will agree to meet and confer before the filing of any dispositive motion and to confer with the parties in an effort to submit a joint proposed briefing schedule to the Court at least one week before the motion's filing. But because Proposed Intervenors are, so far, the only movants who are directly regulated parties and have a unique interests as such, *see supra* at 3–8, it is neither efficient nor reasonable to require Proposed Intervenors to jointly brief and argue all dispositive motions with other movant-intervenors, nor to be subject to the restrictive collective page limit proposed by Plaintiffs.

### CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant their motion to intervene in the above-captioned proceeding.

| | |
|---|---|
| Dated: September 26, 2025 | Respectfully submitted, |

/s/   Rachel Levick
Sean Howell, Bar No. 315967
GIBSON, DUNN & CRUTCHER
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel.: 415-393-8355
Fax: 415-801-7364
showell@gibsondunn.com

Raymond B. Ludwiszewski (*pro hac vice*)
Rachel Levick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER
1700 M Street, NW
Washington, DC 20036
Tel.: 202-955-8500
Fax: 202-467-0539
rludwiszewski@gibsondunn.com
rlevick@gibsondunn.com

*Attorneys for Proposed Defendant-Intervenors The Alliance for Automotive Innovation and The National Automobile Dealers Association*