ANDREW KIM (CA SBN 288925)
andrewkim@goodwinlaw.com
WILLIAM M. JAY (*pro hac vice* pending)
wjay@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

KATAHDIN RENDINO (CA SBN 351915)
KRendino@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

Attorneys for Amicus Curiae

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE of WASHINGTON,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>        Defendants. | Case No. 4:25-cv-04966-HSG<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:       November 20, 2025<br>Time:       10:00 a.m. PST<br>Courtroom: 2, 4th Floor Oakland Courthouse<br>Judge:     Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 20, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, in Courtroom 2, 4th Floor of the Oakland Courthouse, located at 1301 Clay Street, Oakland, California, 94612, the undersigned *amicus curiae*—the Chamber of Commerce of the United States of America ("Chamber")—will and hereby does move this Court for an order authorizing the submission of the accompanying *amicus* brief supporting the federal Defendants' Motion to Dismiss the Complaint (Dkt. 118), for the reasons set forth below. A date has not yet been noticed for the Motion to Dismiss. The federal Defendants do not oppose this Motion. The Plaintiff States take no position on this Motion at this time.

The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

"It is well-settled that a trial court may, in the exercise of its discretion, permit the filing of an amicus curiae brief." *California v. Bureau of Land Mgmt.*, 612 F. Supp. 3d 925, 951 (N.D. Cal. 2020) (Gilliam, J.) (internal citation omitted) (granting leave to file amicus brief). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted). Both of those considerations counsel in favor of allowing the proposed *amicus* submission here.

First, as discussed at further length in the proposed *amicus* brief, Defendants' motion to dismiss addresses the significant question whether a federal court can entertain a lawsuit seeking to

declare ineffective an Act of Congress on the ground that it was not enacted in compliance with the Congressional Review Act ("CRA").  Specifically, Plaintiffs contend that the CRA did not permit Congress to disapprove three waivers granted by the Environmental Protection Agency ("EPA") .[1] The issues presented, including the question whether a court can block Congress's exercise of its legislative power to disapprove administrative action, are broadly significant.  Indeed, any dispute over whether a particular administrative action meets the CRA's definition of a "rule"—no matter what agency or what subject matter is involved—could raise the same justiciability questions. Likewise, the legal status of the waivers in light of Congress's disapproval decision, and the legal status of the underlying state regulations that in the absence of the waivers are preempted by the Clean Air Act, is a significant legal issue.  These measures have far-reaching consequences for a wide range of U.S. businesses, many of which are members of the Chamber.  Indeed, the waivers would allow the law of an entire state (plus other states that follow it) to escape federal preemption and to simultaneously disrupt and augment what would otherwise be a nationally uniform legal and regulatory framework.  The importance of the question presented by this motion thus extends far "beyond the parties directly involved." *NGV Gaming*, 355 F. Supp. 2d at 1067.

Second, the Chamber possesses considerable legal and policy expertise in this area.  It has publicly opposed the waivers and supported the corresponding congressional disapproval resolutions that are at issue here.  *See, e.g.*, Letter from Marty Durbin, Senior Vice President of Policy, U.S. Chamber of Commerce to U.S. Environmental Protection Agency (Sept. 16, 2024)[2]; Letter from Neil Bradley, Executive Vice President, U.S. Chamber of Commerce to Members of the U.S. Senate (May 13, 2025) ("Disapproval of the rules [under the CRA] is essential to ensuring a unified national vehicle marketplace that promotes continued progress on fuel economy while safeguarding economic growth and consumer interests.").[3]  More generally, the Chamber is no

---

[1] These three waivers were the Advanced Clean Cars II (90 Fed. Reg. 642 (Jan. 6, 2025)), Advanced Clean Trucks (88 Fed. Reg. 20,688 (Apr. 6, 2023)), and the "Omnibus" Low NOx programs (90 Fed. Reg. 643 (Jan. 6, 2025)).

[2] Available at https://www.uschamber.com/assets/documents/CA-ACF-Waiver-FINAL_-Sep-2024.pdf.

[3] Available at https://www.uschamber.com/assets/documents/250513_Hill_CRA-EPA-Preemption Waivers_Senate-FINAL.pdf.

stranger to the CRA. It has supported a number of congressional decisions to disapprove administrative action by joint resolution using the procedures set out in the CRA. *See, e.g.*, Chad Whiteman, U.S. Chamber of Commerce, *Chamber Is Keeping the Focus on Re-Balancing Regulations through CRAs* (Apr. 25, 2025)[4] (calling for disapproval of the EPA actions at issue in this litigation, as well as actions by the Consumer Financial Protection Bureau, the Department of Energy, and the Federal Trade Commission); Thomas J. Donohue, U.S. Chamber of Commerce, *Little-Known Law Makes a Big Difference* (May 22, 2017)[5] (summarizing CRA disapproval resolutions enacted by Congress in 2017 with the Chamber's support). The Chamber has also participated as a party or *amicus* in a number of judicial challenges to EPA waiver decisions—and would likely need to participate in more such challenges if Congress were hindered in disapproving waiver decisions under the CRA. *See, e.g.*, *Western States Trucking Ass'n, Inc. v. EPA*, No. 23-1143, 2023 WL 7548089 (D.C. Cir. Nov. 13, 2023) (amicus brief); *Chamber of Commerce of the U.S. v. EPA*, 642 F.3d 192 (D.C. Cir. 2011) (decision in case where Chamber was petitioner).

Finally, the proposed brief is being tendered seven days after the motion to dismiss that it supports, *cf.* Fed. R. App. P. 29, and is less than fifteen pages. No counsel for any party authored this brief in whole or in part, and no entity or person, aside from *amicus curiae*, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief. And because Plaintiffs' opposition to Defendants' motions to dismiss is not due until October 3, 2025, Plaintiffs will not be prejudiced by this filing.

---

[4] Available at https://www.uschamber.com/regulations/chamber-is-keeping-the-focus-on-re-balancing-regulations-through-cras.

[5] Available at https://www.uschamber.com/regulations/little-known-law-makes-big-difference.

3

1    For the foregoing reasons, the Chamber respectfully requests that this Court grant leave to

2 file the proposed *amicus* brief.

3

4                                          Respectfully submitted,

5 Dated: September 26, 2025              By: */s/ Andrew Kim*

6                                          ANDREW KIM (CA SBN 288925)
                                           *andrewkim@goodwinlaw.com*

7                                          WILLIAM M. JAY (*pro hac vice* pending)
                                           *wjay@goodwinlaw.com*

8                                          **GOODWIN PROCTER** **LLP**
                                           1900 N Street, NW

9                                          Washington, DC  20036
                                           Tel.: +1 202 346 4000

10                                         Fax: +1 202 346 4444

11                                         KATAHDIN RENDINO (CA SBN 351915
                                           *Krendino@goodwinlaw.com*

12                                         **GOODWIN PROCTER** **LLP**
                                           601 Marshall Street

13                                         Redwood City, CA 94063
                                           Tel.: +1 650 752 3100

14                                         Fax: +1 650 853 1038

15                                         Attorneys for Amicus Curiae

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3  United States District Court for the Northern District of California by using the CM/ECF system

4  on **September 26, 2025**. I further certify that all participants in the case are registered CM/ECF

5  users and that service will be accomplished by the CM/ECF system.

6      I certify under penalty of perjury that the foregoing is true and correct. Executed on

7  **September 26, 2025**.

8

9                                        */s/ Andrew Kim*
                                          ANDREW KIM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28