ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
KATHERINE GAUMOND, State Bar No. 349453
CAITLAN MCLOON, State Bar No. 302798
CECILIA D. SEGAL, State Bar No. 310935
EMMANUELLE S. SOICHET, State Bar No. 290754
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
Telephone:  (510) 879-0299
Fax:  (510) 622-2270
E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Plaintiff State of California*
(additional counsel on signature pages)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT,** and **STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN,** in his official capacity as Administrator of the U.S. Environmental Protection Agency, and **DONALD J. TRUMP,** in his official capacity as President of the United States,<br><br>Defendants. | 4:25-cv-04966-HSG<br><br>**PLAINTIFF STATES' NOTICE OF PENDENCY OF OTHER ACTIONS**<br><br>(Administrative Procedure Act,<br>5 U.S.C. § 701 et seq.; 5 U.S.C. § 801 et seq.)<br><br>**Trial Date:** None Set<br>**Action filed:** June 12, 2025<br>**Judge: Hon.** Haywood S. Gilliam, Jr. |

Pursuant to Civil Local Rule 3-13, Plaintiffs State of California et al. (hereinafter "Plaintiff States") respectfully submit this Notice of Pendency of Other Actions.

**A.   SUMMARY OF THIS ACTION**

California has been regulating motor vehicle emissions for more than 60 years. Indeed, it was doing so before the federal government entered the field. Compl. ¶ 1, ECF No. 1. Since 1967, when Congress generally preempted States from setting new motor vehicle standards, California has done so pursuant to the preemption waivers that the U.S. Environmental Protection Agency (EPA) must grant, subject to certain limited conditions. *See* 42 U.S.C. § 7543(b)(1); Compl. ¶¶ 1-2. Earlier this year, the federal government took the unprecedented and unlawful step of targeting, with resolutions of disapproval (Resolutions), three such preemption waivers that EPA had already granted by adjudication. Compl. ¶¶ 4-10.

Each of the three waivers targeted by the Resolutions permits California to enforce specific amendments to its regulatory program, adopted to reduce harmful pollution and protect public health and welfare. Other States may enforce California's regulations as their own, should they choose to adopt them. 42 U.S.C. § 7507. The first waiver at issue, published in April 2023 (88 Fed. Reg. 20,688 (Apr. 6, 2023)), permits enforcement of the Advanced Clean Trucks (ACT) regulation, which requires gradual increases in sales of medium- and heavy-duty zero-emission vehicles in California beginning with model year 2024. Compl. ¶ 44. The second and third waivers, published in early January 2025, permits enforcement of the Advanced Clean Cars II (ACCII) and Omnibus regulations, respectively. 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025). ACCII gradually strengthens California's longstanding emission standards for light-duty vehicles (passenger cars and light trucks), including the State's zero-emission-vehicle sales requirements and the exhaust emission standards for criteria pollutants, requiring reductions in smog-forming oxides of nitrogen (NOx) and particulate matter. Compl. ¶ 43. The Omnibus regulation likewise strengthens longstanding state emission standards, requiring substantial reductions in NOx exhaust emissions from new medium- and heavy-duty vehicles. *Id.* ¶ 45.

The unlawful targeting of these waivers began months (or, in the case of ACT, years) after the waivers were granted. EPA suddenly reversed the view it had consistently held for decades—

1

a view shared by the Government Accountability Office—and declared, without explanation, that waivers were "rules" to be reported to Congress under the Congressional Review Act (CRA). *Id.* ¶¶ 65, 68-70, 73-77. Deferring entirely to that post-hoc and unexplained labeling, Congress used extraordinary, expedited procedures to enact joint resolutions that purport to invalidate the three waivers. *Id.* ¶¶ 94, 103, 108. The President signed the Resolutions on June 12, 2025. *Id.* ¶ 113. Plaintiff States sued the United States the same day. Plaintiff States seek, *inter alia*, to have the Resolutions declared unconstitutional for violation of separation-of-powers and federalism principles. *Id.* ¶¶ 153-178.

The United States responded to Plaintiff States' complaint on September 19, 2025. ECF No. 118. The Zero Emission Transportation Association has moved (unopposed) to intervene as a plaintiff, ECF No. 43, and numerous entities—the American Free Enterprise Chamber of Commerce (AmFree), several trade associations, and the State of Texas—have moved to intervene as defendants, ECF Nos. 49, 61, 86, 92, 112. A hearing on the motions to intervene is calendared for October 23, 2025. ECF Nos. 87, 97, 114.

**B.   SUMMARY OF OTHER ACTIONS**

    **1.   *Daimler Truck N. Am. LLC v. Cal. Air Res. Bd.*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025)**

Sixty days after Plaintiff States commenced this suit, Daimler Truck North America, LLC; International Motors, LLC; PACCAR, Inc.; and Volvo Group North America LLC filed a complaint in the U.S. District Court for the Eastern District of California against the California Air Resources Board (CARB) and two California State officials: Steven S. Cliff, in his official capacity as the Executive Officer of CARB, and Gavin Newsom, in his official capacity as the Governor of California (collectively, the "California defendants"). Compl., *Daimler*, ECF No. 1.[1] A true and correct copy of that complaint is attached as Exhibit A. The complaint asserts claims that, in part, raise issues overlapping with the claims asserted here. Specifically, the *Daimler* plaintiffs allege that the Resolutions render parts of the ACCII regulation, and all of the ACT and

---

[1] For ease of reference, this notice uses Daimler for all citations to Docket No. 2:25-cv-02255-DC (E.D. Cal.).

Omnibus regulations, preempted. Ex. A, ¶ 74(a). To defeat these claims, the California defendants will argue, *inter alia*, that the Resolutions are invalid, so claims at issue in the present matter will operate as defenses in the *Daimler* matter. Likely anticipating that overlap, the United States and EPA (collectively, "United States") moved to intervene as plaintiffs in *Daimler*; the court granted the motion on August 20, 2025. Minute Order, *Daimler*, ECF No. 54. The United States' complaint-in-intervention, *Daimler*, ECF No. 56, a true and correct copy of which is attached as Exhibit B, alleges, among other things, that the ACT and Omnibus regulations are preempted. Ex. B, ¶¶ 103-105, 108-109.

The parties in *Daimler* are currently briefing a preliminary injunction motion, filed by the plaintiffs and later joined by the United States. The California defendants' opposition, *Daimler*, ECF No. 73, a true and correct copy of which is attached as Exhibit C, raised issues that overlap with those in this suit. Ex. C, Arg. II.B. Briefing on the motion will be completed by October 14, 2025; the hearing on the motion is set for October 31, 2025. Minute Order, *Daimler*, ECF No. 54.

Additionally, on August 20, 2025, the court in the *Daimler* matter ordered the parties to show cause why the action "should not be transferred to the Northern District of California, a district in which th[e] action could have been filed and in which an arguably related case with substantially similar parties and issues"—*i.e.*, the present suit—"is pending." Minute Order, *Daimler*, ECF No. 55. The *Daimler* plaintiffs contended that their action could not have been filed in the Northern District and, in any event, declined to consent to transfer. Pls.' Resp. to Order to Show Cause 1, *Daimler*, ECF No. 62 (citing 28 U.S.C. § 1404(a)). The United States asserted that this suit and *Daimler* are unrelated and that transfer is unwarranted. United States' Resp. to Order to Show Cause 1, *Daimler*, ECF No. 59. The California defendants explained that the *Daimler* action could have been filed in the Northern District and did not object to transfer to this Court, pointing out that both actions "raise the same untested questions about the constitutionality of the Resolutions" and that transfer "would advance judicial economy and minimize the risk of conflicting judgments." Defs.' Resp. to Order to Show Cause 4-7, *Daimler*, ECF No. 61. On September 8, the court discharged the order to show cause and directed that the case remain pending in the Eastern District. Minute Order, *Daimler*, ECF No. 72.

    **2.**    ***Am. Free Enter. Chamber of Com. v. Engine Mfrs. Ass'n*, No. 3:24-cv-50504 (N.D. Ill. filed Dec. 16, 2024)**

AmFree filed suit in the U.S. District Court for the Northern District of Illinois challenging a 2023 agreement between CARB and several heavy-duty truck manufacturers known as the Clean Truck Partnership. In Plaintiff States' view, AmFree's case does not presently include substantial overlap in subject matter and/or parties with the present matter. Plaintiff States nonetheless include the case in this notice out of an abundance of caution.

AmFree's suit, filed six months before the enactment of the Resolutions at issue here, alleges that the Clean Truck Partnership is itself a preempted emission standard or a preempted attempt to enforce certain emission standards, including ACT and Omnibus. AmFree named as defendants the manufacturers and trade association who signed the agreement and Steven S. Cliff, in his official capacity as Executive Officer of CARB. AmFree later amended the complaint to add allegations about the Resolutions, once signed, and to remove the private-party defendants from the action following an undisclosed out-of-court settlement with them. A true and correct copy of the operative complaint, *AmFree*, ECF No. 142, is attached as Exhibit D.[2]

On August 13, 2025, the United States and EPA (collectively, the "United States") moved to intervene as plaintiffs. *AmFree*, ECF No. 121. Like plaintiff AmFree, the United States alleges that the Clean Truck Partnership is preempted. *Id.*, Ex. A, ¶¶ 110-114. The United States' proposed complaint-in-intervention also alleges that certain California emission standards, including ACT and Omnibus, are preempted, citing, *inter alia*, the Resolutions. *Id.* ¶¶ 98-109. The United States' motion to intervene remains pending.

On August 14, 2025, Defendant Cliff moved to dismiss AmFree's suit for lack of personal jurisdiction and lack of proper venue or, in the alternative, to transfer the action to the Eastern District of California. Def. Cliff's Mot. to Dismiss 1, *AmFree*, ECF No. 126. Briefing on the motion to dismiss will be completed by October 1. Minute Order, *AmFree*, ECF No. 136.

---

[2] For ease of reference, Plaintiff States use *AmFree* for all citations to Docket No. 3:24-cv-50504 (N.D. Ill.).

In light of the above, *AmFree* does not presently include "all or a material part of the same subject matter." L.R. 3-13(a). Nor is the overlap in parties currently substantial, *see id.*, as *AmFree* involves only a single plaintiff (who is a movant-intervenor here) and a single defendant (a California official who, as noted, maintains that the plaintiff cannot hale him into court in the Northern District of Illinois). Thus, this case should not be transferred to the Northern District of Illinois as doing so would not serve the purposes of the transfer statutes. *See* L.R. 3-13(b)(3)(C).

C.  **PLAINTIFF STATES' POSITION ON TRANSFER PURSUANT TO L.R. 3-13(B)(3)(C)**

This Court is Plaintiff States' chosen forum, and this suit predates *Daimler*. Plaintiff States nonetheless acknowledge that this case and *Daimler* involve substantial "overlap of subject matter and/or parties," such that transfer may be appropriate in the Court's discretion. L.R. 3-13(a), (b)(3)(B), (b)(3)(C).

As the California defendants' opposition to the *Daimler* plaintiffs' preliminary injunction motion demonstrates, questions about the validity and purported legal force of the Resolutions are material, if not central, to the disposition of many (though not all) of the *Daimler* plaintiffs' claims. Thus, Plaintiff States' claims here—that the Resolutions are unlawful—are operating as defenses in *Daimler*; and the two cases involve overlapping subject matter. *Compare* Compl. ¶¶ 153-176, *with* Ex. C at 20-32. Plaintiff States anticipate that the reply briefs on the preliminary injunction motion in *Daimler*, due September 30, 2025, will underscore the point. The cases also share "substantially all of the same parties." L.R. 3-13(a). Plaintiff State California brought this suit by and through Attorney General Rob Bonta, Governor Gavin Newsom, and CARB. Compl. ¶ 14. Steven S. Cliff, in his official capacity as the Executive Officer of CARB, is a named *Daimler* defendant.[3] The United States is a party to both actions (opposite the California parties).

Given this overlap in subject matter and parties, Plaintiff States acknowledge that transfer of this case to the Eastern District may be warranted under 28 U.S.C. § 1404(a) to "avoid conflicts, conserve resources and promote an efficient determination of the action." L.R. 3-13(b)(3)(C); *see also AlexSam, Inc. v. WageWorks, Inc.*, No. 19-cv-04538-EMC, 2020 WL

---

[3] The *Daimler* suit also names Governor Newsom and CARB as defendants. *Supra* at 2:20-23. However, the California defendants intend to move to dismiss those parties. Defs.' Resp. to Order to Show Cause 5-6, *Daimler*.

5

Plaintiff States' Notice of Pendency of Other Actions (4:25-cv-04966-HSG)

1    13891310, at *9 (N.D. Cal. Dec. 21, 2020) ("compelling interest in avoiding duplicative and
2    potentially inconsistent rulings" justified transfer under section 1404(a)). Though this is the first-
3    filed case, and Plaintiff States' choice to file this action in the Northern District is entitled to
4    deference, *see Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), Plaintiff States recognize that
5    public policy strongly favors litigating related cases in the same court because it "lead[s] to
6    judicial economy and efficiency" and "assure[s] consistent rulings," *Bear River Band of
7    Rohnerville Rancheria v. California*, No. 20-cv-05574-WHA, 2020 WL 6270929, at *2 (N.D.
8    Cal. Oct. 26, 2020); *see also Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. 11-cv-6264-PJH,
9    2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (court with first-filed action has discretion
10   not to apply first-to-file rule, based on factors analogous to those considered under 28 U.S.C.
11   § 1404(a)). The *Daimler* court has declined to transfer and so that case will continue to be heard
12   in the Eastern District. *Supra* at 3:27-28. Plaintiff States therefore recognize that there may be
13   efficiency gains from transferring this matter to the Eastern District, where venue is also proper.
14   *See* Compl. ¶ 31 (alleging venue based on where State of California resides, pursuant to 28
15   U.S.C. § 1391(e)); *California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018) (state with multiple
16   judicial districts "'resides' in every district within its borders"). Plaintiff States also acknowledge
17   that this matter "is still at a relatively early stage and has not been extensively litigated in this
18   district." *Doornbos v. Pilot Travel Ctrs. LLC*, No. 04-cv-00044, 2005 WL 6167730, at *5 (S.D.
19   Cal. Aug. 16, 2005).[4]

---

[4] Local Rule 3-13(b)(3)(C) directs parties to address "whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination" might serve the rule's purposes. Because transfer may be appropriate under 28 U.S.C. § 1404(a)—which would allow for coordination of this suit and *Daimler* for the pendency of both cases—the Court need not analyze transfer under 28 U.S.C. § 1407. *See* 15 Wright & Miller, Federal Practice & Procedure § 3862 (4th ed., updated May 21, 2025) (section 1407 applies more broadly than section 1404(a) because it "is solely for pretrial proceedings"). Moreover, transfer to a district other than the Eastern District of California would not serve the purposes of 28 U.S.C. § 1407, as it would be inconvenient for Plaintiff States given both the Bay Area residency of counsel for the lead State (California) and the Sacramento headquarters of the relevant state agency (CARB).

# CONCLUSION

For the foregoing reasons, this suit and the *Daimler* suit share substantially overlapping subject matter and/or parties. Despite this Court being Plaintiff States' chosen forum, Plaintiff States acknowledge that, to "avoid conflicts, conserve resources and promote an efficient determination" of both cases, transfer may be appropriate. L.R. 3-13(b)(3)(C).

Dated:  September 26, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Cecilia D. Segal*
CECILIA D. SEGAL
Deputy Attorney General
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102
Telephone:  (415) 510-3545
Fax:  (510) 622-2270
E-mail: Cecilia.Segal@doj.ca.gov
*Attorneys for Plaintiff State of California*

**PHILIP J. WEISER**
*Attorney General for the State of Colorado*

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM*
Assistant Deputy Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6285
carrie.noteboom@coag.gov

**KATHLEEN JENNINGS**
*Attorney General of the State of Delaware*

By: */s/ Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

| | |
|---|---|
| **ANDREA JOY CAMPBELL**<br>*Attorney General for the Commonwealth of Massachusetts*<br><br>*/s/ Seth Schofield*<br>SETH SCHOFIELD *<br>Senior Appellate Counsel<br>JON WHITNEY*<br>Special Assistant Attorney General<br>Energy and Environment Bureau<br>Office of the Attorney General<br>One Ashburton Place, 18th Flr.<br>Boston, Mass. 02108<br>(617) 727-2200<br>seth.schofield@mass.gov<br>jon.whitney@mass.gov | **LETITIA JAMES**<br>*Attorney General for the State of New York*<br><br>*/s/ Ashley M. Gregor*<br>ASHLEY M. GREGOR*<br>Assistant Attorney General<br>Environmental Protection Bureau<br>28 Liberty Street, 19th Floor<br>New York, NY 10005<br>(212) 416-8454<br>ashley.gregor@ag.ny.gov |
| **MATTHEW J. PLATKIN**<br>*Attorney General for the State of New Jersey*<br><br>*/s/ Lisa J. Morelli*<br>LISA J. MORELLI<br>Deputy Attorney General<br>New Jersey Division of Law<br>25 Market Street<br>Trenton, New Jersey 08625<br>(609) 376-2740<br>Lisa.Morelli@law.njoag.gov | **DAN RAYFIELD**<br>*Attorney General for the State of Oregon*<br><br>*/s/ Paul Garrahan*<br>PAUL GARRAHAN*<br>Sr. Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, Oregon 97301-4096<br>(503) 947-4540<br>Paul.Garrahan@doj.oregon.gov |
| **RAÚL TORREZ**<br>*Attorney General for the State of New Mexico*<br><br>*/s/ William Grantham*<br>WILLIAM GRANTHAM*<br>Assistant Attorney General<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>(505) 717-3520<br>wgrantham@nmdoj.gov | **PETER F. NERONHA**<br>*Attorney General for the State of Rhode Island*<br><br>*/s/ Nicholas M. Vaz*<br>NICHOLAS M. VAZ*<br>Special Assistant Attorney General<br>Office of the Attorney General<br>Chief, Environmental and Energy Unit<br>150 South Main Street<br>Providence, Rhode Island 02903<br>(401) 274-4400 ext. 2297<br>nvaz@riag.ri.gov |

| | |
|---|---|
| **CHARITY R. CLARK**<br>*Attorney General for the State of Vermont*<br><br>/s/ *Hannah Yindra*<br>HANNAH YINDRA*<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186<br>Hannah.Yindra@vermont.gov | **NICHOLAS W. BROWN**<br>*Attorney General for the State of Washington*<br><br>/s/ *Alexandria Doolittle*<br>ALEXANDRIA K. DOOLITTLE*<br>Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 40117<br>Olympia, Washington 98504-0117<br>(360) 586-6769<br>Alex.Doolittle@atg.wa.gov |

*Admitted pro hac vice

Pursuant to Local Rule 5-1(i), I attest that all signatories to this document concurred in its filing.

/s/ *Cecilia D. Segal*
Cecilia D. Segal
Counsel for Plaintiff State of California

OK2025401237
44812984