Robert Henneke* (TX 24046058)
Theodore Hadzi-Antich (CA 264663)
Eric Heigis (CA 343828)
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:   (512) 472-2700
Email:         tha@texaspolicy.com

*Attorneys for Proposed Intervenors
Western States Trucking Association, Inc. and
Construction Industry Air Quality Coalition, Inc.*

*Admitted *pro hac vice*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendants.* | No. 4:25-cv-04966-HSG<br><br>**REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANTS WESTERN STATES TRUCKING ASSOCIATION AND CONSTRUCTION INDUSTRY AIR QUALITY COALITION'S MOTION TO INTERVENE PURUSANT TO FRCP RULE 24**<br><br>**Date:** October 23, 2025<br>**Time:** 2:00 p.m.<br>**Judge:** Hon. Haywood S. Gilliam, Jr.<br>**Action Filed:** June 12, 2025 |

Reply in Support of WSTA & CIAQC's Motion to Intervene (4:25-cv-04966-HSG)

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. iii

Introduction ............................................................................................................... 1

Statement of Issues ................................................................................................... 2

Statement of Facts .................................................................................................... 2

Argument ................................................................................................................... 3

    I.    Movants Satisfy the Four Factors to Intervene as of Right ......................... 3

        A. Movants have a significantly protectable interest in whether Public Laws 119-15, 119-16, and 119-17 validly repealed waivers that would impose substantial costs on California truckers .................. 3

        B. The existing parties have already failed to adequately protect Movants' interests in this case ............................................................... 8

    II.   Movants' Intervention Will Not Prejudice Plaintiffs ................................ 11

Conclusion .............................................................................................................. 13

Certificate of Service .............................................................................................. 13

Certificate of Compliance ....................................................................................... 13

# TABLE OF AUTHORITIES

*Cases:*                                                                                         *Page(s):*

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ............................................................................................ 3

*Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*,
    54 F.4th 1078 (9th Cir. 2022) ......................................................................................... 5, 6

*Diamond Alt. Energy, LLC v. EPA*,
    145 S. Ct. 2121 (2025) ....................................................................................................... 4

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) ............................................................................................. 6

*Eldred v. Reno*,
    239 F.3d 372 (D.C. Cir. 2001) ......................................................................................... 12

*Freedom from Religion Found., Inc. v. Geithner*,
    644 F.3d 836 (9th Cir. 2011) ........................................................................................... 11

*Kalbers v. United States DOJ*,
    22 F.4th 816 (9th Cir. 2021) ............................................................................................ 12

*Mi Pueblo San Jose, Inc. v. City of Oakland*,
    No. 06-cv-4094, 2007 U.S. Dist. LEXIS 15396 (N.D. Cal. Feb. 21, 2007) ...................... 6

*N. Arapaho Tribe v. LaCounte*,
    No. 16-cv-11, 2016 U.S. Dist. LEXIS 191249 (D. Mont. Apr. 4, 2016) ....................... 7, 8

*New Life Evangelistic Ctr., Inc. v. Sebelius*,
    753 F. Supp. 2d 103 (D.D.C. 2010) ................................................................................ 10

*Occidental Petroleum Corp. v. SEC*,
    873 F.2d 325 (D.C. Cir. 1989) ........................................................................................ 10

*Perez v. Mortg. Bankers Ass'n*,
    575 U.S. 92 (2015) ........................................................................................................... 10

*Resident Council of Allen Parkway Vill. v. HUD*,
    980 F.2d 1043 (5th Cir. 1993) ......................................................................................... 12

*Safe Extensions, Inc. v. FAA*,
    509 F.3d 593 (D.C. Cir. 2007) ........................................................................................ 10

*State ex rel. Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006) ................................................................................... 8, 9, 11

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ............................................................................................. 4

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) .................................................................................... 3, 5

*United States v. City of L.A.*,
   288 F.3d 391 (9th Cir. 2002) ....................................................................................... 3

*W. Watersheds Project v. Haaland*,
   22 F.4th 828 (9th Cir. 2022) ........................................................................................ 3

*Wellington Hills Park, LLC v. Assurance Co. of America*,
   No. 10-cv-0916, 2011 U.S. Dist. LEXIS 41291 (W.D. Wash. Apr. 7, 2011) ................ 6, 7

**Statutes and Rules:**

5 U.S.C.
   § 553 ........................................................................................................................ 10
   § 555(e) .................................................................................................................... 10

42 U.S.C.
   § 7543 ........................................................................................................................ 9
   § 7543(a)–(b) ........................................................................................................... 10

Fed. R. Civ. P. 24(a)(2) .................................................................................................... 2

Fed. R. Civ. P. 24(b) ........................................................................................................ 2

Fed. R. Civ. P. 24(b)(1), (3) ..................................................................................... 11, 12

**Other Authorities:**

Cal. Air. Res. Bd., Updated Costs and Benefits Analysis for the Proposed
   Advanced Clean Trucks Regulation 14 (Apr. 28, 2020),
   https://tinyurl.com/bdz3psjw ....................................................................................... 4

Reply in Support of WSTA & CIAQC's Motion to Intervene (4:25-cv-04966-HSG)

**INTRODUCTION**

Western States Trucking Association ("WSTA") and Construction Industry Air Quality Coalition ("CIAQC") (collectively "Movants") have provided more than enough evidence in their Motion to Intervene to support intervening as defendants. In order to avoid millions of dollars in added capital and operational expenses, Movants seek to intervene solely to defend the legitimacy of three laws, namely, Public Laws 119-15, 119-16, and 119-17, which repeal certain waivers EPA granted to California under section 209 of the Clean Air Act ("CAA"). For their part, Plaintiffs brought this case solely to attack the legitimacy of those very laws. If Plaintiffs receive the relief they request, California will be allowed to impose costly job- and company-killing regulations on Movants' members that operate heavy-duty trucks. Plaintiffs' counterfactual assertions that Movants seek to intervene for any purposes other than to defend the legitimacy of the three laws directly at issue in this case are plainly without merit.

Furthermore, the Motion to Intervene, supported by declarations which the Plaintiffs ignore, spells out why the Federal Defendants are not in a position to defend the Movants' interests. Indeed, the Federal Defendants have already abandoned a key, meritorious argument that could defeat each of Plaintiffs' claims. Specifically, in their Motion to Dismiss, the Federal Defendants utterly failed to defend EPA's decision to treat the CAA section 209 waivers as "rules" subject to the Congressional Review Act ("CRA"). *See* Fed. Defs.' Mot. to Dismiss, Dkt. No. 118. But in their Proposed Motion to Dismiss, Movants specifically argue that the CAA section 209 waivers are rules subject to the CRA and that *therefore* Federal Defendants acted lawfully. *See* Movants' Proposed Mot. to Dismiss, Dkt. No. 112-4 at 17–20. If Movants are successful in making their rules argument, the complaint fails because each of Plaintiffs' claims rely on the flawed theory that the CAA section 209 waivers are not rules. *Id.* at 19–20. Additionally, Plaintiffs do not even attempt to argue that Federal

Defendants, who are regulators of the Movants, have any economic interest that is remotely comparable to those of the regulated Movants.

Moreover, Plaintiffs inexplicably ignore Movants' proactive acceptance of many of the conditions Plaintiffs sought in their oppositions to other intervention motions filed in this case. Movants adopted those conditions in their motion in order to help minimize Plaintiffs' claimed burdens. *See* Motion to Intervene Dkt No. 112 at 16–18. Under these circumstances, Plaintiffs' assertion now of those same burdens, without reference to Movants' assent to the requested conditions, should be taken for what it is: a transparent effort by Plaintiffs to becloud Movant's substantive arguments for intervention.

## STATEMENT OF ISSUES

1. Whether Movants WSTA and CIAQC are entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2).

2. Whether Movants WSTA and CIAQC should be permitted to intervene under Fed. R. Civ. P. 24(b).

## STATEMENT OF FACTS

Movants set forth the relevant facts in their original motion to intervene. Dkt. No. 112 at 3–7. Since filing that motion on September 15, Plaintiffs have filed an opposition to the Alliance for Automotive Innovation's motion to intervene and to WSTA and CIAQC's motion to intervene. *See* Dkt. Nos. 117, 145. Plaintiffs also filed a Notice of Pendency of Other Actions. *See* Dkt. No. 142. Federal Defendants filed a motion to dismiss on September 19. *See* Dkt. No. 118. In response, Plaintiffs filed an opposition brief that stated Plaintiffs will be filing an amended complaint by October 10. *See* Dkt. No. 151. Proposed Intervenors Alliance for Automotive Innovation filed a reply in support of their motion to intervene on September 26. *See* Dkt. No. 136. Twenty-two states (led by Iowa), the U.S. House of Representatives, the Truck

1  Renting and Leasing Association, and the U.S. Chamber of Commerce have each
2  moved for leave to file amicus briefs. *See* Dkt. Nos. 120, 138, 139, 141.

## ARGUMENT

**I.  Movants Satisfy the Four Factors to Intervene as of Right**

Rule 24(a) allows a party to intervene as of right if it has (1) a significantly protectable interest, (2) the outcome of the case, as a practical matter, may impair that interest, (3) the existing parties do not represent that interest, and (4) the motion is timely. *See W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). Plaintiffs do not challenge this motion as untimely. Instead, Plaintiffs argue that Movants lack a protectable interest in the outcome of this case and that the Defendants adequately represent Movants' interests. But Plaintiffs' application of these factors does not comply with the Ninth Circuit's "liberal policy in favor of intervention." *United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002). At every turn, Plaintiffs employ hyper-technical arguments and distinctions to a test concerned with an applicant's "*practical* interest" and that lacks "a clear-cut or bright-line rule." *Id.* at 398; *see W. Watersheds Project*, 22 F.4th at 835 ("our review is guided primarily by practical considerations, not technical distinctions"). Plaintiffs easily satisfy the Ninth Circuit's test for intervention as of right.

**A.  Movants have a significantly protectable interest in whether Public Laws 119-15, 119-16, and 119-17 validly repealed waivers that would impose substantial costs on California truckers.**

"To trigger a right to intervene . . . an economic interest must be concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1088 (9th Cir. 2003)). Movants will face concrete economic injuries if the Plaintiffs succeed in the underlying subject matter of this case—that is, reviving the now-repealed waivers for the Advanced Clean Trucks ("ACT"), Advanced Clean Cars II ("ACC II"), and Omnibus Low $NO_x$ Program ("Omnibus Program").

3

Reply in Support of WSTA & CIAQC's Motion to Intervene (4:25-cv-04966-HSG)

1    Movants introduced declarations that show the ACT Rule will increase the
2  purchase price for new trucks by $300,000. Aboudi Decl., Dkt. No. 112-2 at ¶ 10.
3  California admitted that the ACT Rule would impose $9.1 billion in costs on vehicle
4  manufacturers through 2040. *See* Cal. Air. Res. Bd., Updated Costs and Benefits
5  Analysis for the Proposed Advanced Clean Trucks Regulation 14 (Apr. 28, 2020),
6  https://tinyurl.com/bdz3psjw. When a regulation imposes substantial costs on
7  manufacturers, they will naturally pass on those costs to customers. Movants need
8  not "introduce evidence from expert economists or from directly regulated third
9  parties to show how third parties would likely respond to a government regulation"
10 when it can "show a predictable chain of events." *See Diamond Alt. Energy, LLC v.*
11 *EPA*, 145 S. Ct. 2121, 2139 (2025). This principle is squarely applicable here, where
12 Movants have demonstrated a significantly protectable economic interest in the
13 outcome of this case based on a predictable chain of events. *See* Movants' Mot. to
14 Intervene, Dkt. No. 112 at 9–12. And Plaintiffs cannot show that overturning Public
15 Laws 119-15, 119-16, and 119-17—which would necessarily revive the three waiver
16 grants repealed by those laws—will impose zero costs on truck operators. Accordingly,
17 Movants are entitled to intervene as of right.

18    Plaintiffs did not dispute the costs proffered by Movants. Doing so would not
19 have got them very far, as "a district court is required to accept as true the non-
20 conclusory allegations made in support of an intervention motion." *Sw. Ctr. for*
21 *Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). Instead, Plaintiffs argue
22 that this economic interest is not related to the underlying subject matter of this case.
23 They falsely characterize Movants' showing of an economic interest in the case as an
24 argument attacking the ACT, ACC II, and Omnibus Program's merits.[1]

---

[1]    Contrary to the assertions of the Plaintiffs, Movants defend Public Laws 119-15, 119-16, and 119-17 without attacking the ACT, ACC II, and Omnibus Program Rules on their own merits. *See generally* Movants' Motion to Intervene, Dkt. No. 112; *see also* Movants' Proposed Motion to Dismiss, Dkt. No. 112-4. As a careful reading of the Motion to Intervene and the Proposed Motion to Dismiss shows, Movants

1       Plaintiffs seek one outcome in this case: allow California (and other section 177
2  states) to enforce the ACT, ACC II, and Omnibus Program Rules. There are three
3  impediments to achieving this: Public Laws 119-15, 119-16, and 119-17. *See* Pls.' Opp.,
4  Dkt. No. 145 at 5:10–11 ("Plaintiffs' goal in this suit is to invalidate the Resolutions"
5  (cleaned up)). So Plaintiffs have requested that the Court declare those laws
6  "unconstitutional, unlawful, void, and of no effect." Pls.' Original Compl., Dkt. No. 1
7  at 39. If that happens, "Plaintiffs' request to have the three waivers declared valid
8  simply follows from a ruling invalidating" those laws. Pls.' Opp., Dkt. No. 145 at 5:10–
9  11. If Plaintiffs receive the relief that they very clearly request, California will be
10 allowed to impose costly regulations on WSTA and CIAQC members who operate
11 heavy-duty trucks. Movants have a significantly protectable economic interest in
12 whether Public Laws 119-15, 119-16, and 119-17 are valid, because millions of dollars
13 in costs "simply follows from a ruling invalidating" those laws. These are exactly the
14 kind of "practical considerations" that courts use to grant intervention. *W. Watersheds*
15 *Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). The Court should grant
16 intervention based on this practical economic interest.

17      Plaintiffs fruitlessly cite *Cal. Dep't of Toxic Substances Control v. Jim Dobbas,*
18 *Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022), to argue that no relationship exists between
19 Movants' interest and the claims in this case. Pls.' Opp., Dkt. No. 145 at 5:18–21. But
20 the relationship factor was not at issue in *Jim Dobbas*. 54 F.4th at 1088. There the
21 Ninth Circuit found that an insurer had asserted a protectable interest, and that
22 "there is no dispute" that a relationship existed between that interest and the claims
23 in the case. *Id.* Accordingly, *Jim Dobbas* does nothing to defeat any argument made
24 by Movants. But *Arakaki* provides a cogent explanation of the relationship factor: "An
25 applicant generally satisfies the 'relationship' requirement only if the resolution of the

---

27 discussed those rules' economic costs to show that the motion to intervene is
   meritorious *because* of the adverse economic impacts of the Court granting the
28 Plaintiffs' requested relief with regard to Public Laws 119-15, 119-16, and 119-17.

1  plaintiff's claims actually will affect the applicant." 324 F.3d at 1084 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998)). As explained *supra*, Plaintiffs' success in invalidating Public Laws 119-15, 119-16, and 119-17 will certainly affect Movants' economic interests. That establishes a relationship between Movants' interests and Plaintiffs' claims.

The other cases Plaintiffs cite are likewise unavailing. *Mi Pueblo San Jose, Inc. v. City of Oakland* involved constitutional challenges to a city's decision to revoke building permits. No. 06-cv-4094, 2007 U.S. Dist. LEXIS 15396, at *3 (N.D. Cal. Feb. 21, 2007). A business association sought to intervene, arguing that Mi Pueblo did not obtain the proper permits. *Id.* at *4. Although the association filed an answer that defended the city against Mi Pueblo's causes of action, at oral argument the association's counsel "disclaimed unequivocally any interest in the constitutional and statutory claims that form the basis of Mi Pueblo's complaint against the City" and sought to inject the new permitting issue into the case. *Id.* at *4–5. *Mi Pueblo* is irrelevant to this case. Movants' Proposed Motion to Dismiss and Proposed Answer directly address Plaintiffs' constitutional, statutory, and non-statutory claims, and do not inject any new issues into this case. *See* Dkt. Nos. 112-4, 112-5. Instead, Movants present certain unique arguments, including the argument that the waivers are rules, to defeat only the claims that Plaintiffs have presented. Movants are interested in defending against those claims and only those claims.

*Wellington Hills Park, LLC v. Assurance Co. of America* is also not on point. No. 10-cv-0916, 2011 U.S. Dist. LEXIS 41291 (W.D. Wash. Apr. 7, 2011). That case involved a breach of an insurance contract, claiming the insurer's payout did not fully cover the insured loss. *Id.* at *1–2. The policy holder had secured a construction loan that gave the bank an interest in any insurance proceeds. *Id.* at *3–4. The policy holder defaulted on the loan, and the bank's agent sought to intervene in the insurance contract dispute to protect its interest in the policy proceeds. *Id.* at *4. The court denied intervention because the bank's interest in the case's subject matter was based

1  on a separate agreement (the loan) that was "several degrees removed" from the case's
2  subject matter (the insurance policy). *Id.* at *6–7. *Wellington Hills Park* is unlike this
3  case, where the Plaintiffs, Federal Defendants, and Movants all focus on whether
4  Public Laws 119-15, 119-16, and 119-17 are valid. Plaintiffs implicitly agree that
5  invalidating those laws will automatically trigger regulations that impose costs on
6  Movants. *See* Pls.' Opp., Dkt. No. 145 at 5:10–11. Clearly, though the laws themselves
7  do not impose costs on Movants, removing them will automatically impose those costs.
8  This is not a case where Movants' economic interests are "several degrees removed"
9  from the case's subject matter. Should the Court find for the Plaintiffs, Movants will
10 begin suffering direct economic injury. That provides a direct relationship between
11 Movants' interests and this case's subject matter.
12      *N. Arapaho Tribe v. LaCounte* is likewise not on point. No. 16-cv-11, 2016 U.S.
13 Dist. LEXIS 191249 (D. Mont. Apr. 4, 2016). *N. Arapaho Tribe* involved a governance
14 dispute between two tribes that shared a reservation. *Id.* at *2–3. Several litigants
15 with cases in Tribal Court moved to intervene. *Id.* at *2. They claimed a shared
16 interest in the case because the outcome could affect their ability to access justice in
17 a Tribal Court. *Id.* at *5. The court held that the movants merely had an interest in
18 the case's outcome, not its subject matter. *Id.* That is because the plaintiffs were
19 asserting sovereign and contractual rights in their suit, and the movants were not
20 parties to those contracts nor could it enforce the Tribe's sovereign rights. *Id.* at *5–6.
21 The Northern Arapaho Tribe's claims had nothing to do with the Tribal Court's
22 jurisdiction or ability to resolve cases. *See id.* at *6. In this case there is no contract,
23 and Movants have not invoked the federal government's sovereign rights. Instead,
24 Movants challenge the Court's jurisdiction and seek to defend the Federal Defendants'
25 actions on the merits. *See generally* Movants' Proposed Mot. to Dismiss, Dkt. No. 112-
26 4. Movants have a direct interest in defending the laws being challenged in this case.
27 Movants' interest is unlike the *N. Arapaho Tribe* applicant's generalized interest in
28

being "allowed to access justice in a Tribal Court." *N. Arapaho Tribe*, 2016 2016 U.S. Dist. LEXIS 191249, at *5.

Movants meet the Ninth Circuit's practical considerations for intervention by having a protectable economic interest that is related to this case's subject matter. Plaintiffs failed to cite any relevant case to defeat this factor. Accordingly, the Court should allow Movants to intervene.

### B. The existing parties have already failed to adequately protect Movants' interests in this case.

Movants agree the presumption of adequate representation arises here because it shares the same ultimate objective as the Defendants. *State ex rel. Lockyer v. United States*, 450 F.3d 436, 443 (9th Cir. 2006). The Ninth Circuit has said that applicants must make a "very compelling showing" to rebut the presumption that the government does not adequately represent its citizens. *Id.* That "very compelling showing" may appear strong on its face but is weak in application. The Ninth Circuit explained in *Lockyer* that "[i]n order to make a 'very compelling showing' of the government's inadequacy, the proposed intervenor must demonstrate a likelihood that the government will abandon or concede a potentially meritorious reading of the statute." *Id.* at 444.

There is much more than a "likelihood" that Defendants will abandon a meritorious argument here. Defendants have already done so. Defendants filed their motion to dismiss on September 19. *See* Dkt. No. 118. That motion does not seek to defend on the merits EPA's decision to treat the three waivers as rules. Instead, the Federal Defendants defend the validity of Public Laws 119-15, 119-16, and 119-17 on several other grounds: (1) the Court lacks jurisdiction, *id* at 8–15; (2) the later-enacted laws supersede any previously enacted laws, *id.* at 15–17; (3) there is no final agency action, *id.* at 17–18; (4) EPA's actions are only reviewable in a court of appeals, *id.* at 18–20; (5) the ultra vires claims cannot evade applicable statutory review schemes, *id.* at 20; (6) the Take Care Clause is not judicially enforceable, *id.* at 21; and (7) the

8
Reply in Support of WSTA & CIAQC's Motion to Intervene (4:25-cv-04966-HSG)

1  nondelegation, judicial powers, and Tenth Amendment theories fail to state a claim,
2  *id.* at 22–25.[2]

3  While the combination of arguments may be meritorious, the Federal Defendants abandon what the Movants believe is the even more meritorious argument that CAA section 209 waivers are rules. As explained in Movants' Proposed Motion to Dismiss, this argument allows the Court to dismiss all of Plaintiffs' claims for failure to state a claim. Dkt. No. 112-4 at 17–20. That is because all of Plaintiffs' claims rely on their underlying argument that the waivers are *not* rules subject to the CRA, so therefore, according to the Plaintiffs, the Federal Defendants violated a host of constitutional, statutory, and non-statutory provisions. But if the waivers are rules, then the Federal Defendants acted properly. Abandoning this meritorious argument is more than enough to make the "very compelling showing" that the Federal Defendants do not adequately represent Movants' interests. *Lockyer*, 450 F.3d at 444.

That Federal Defendants abandoned this meritorious argument is not a mere difference in litigation strategy. *Contra* Pls.' Opp., Dkt. No. 145 at 7:13–14. Movants have a strong interest in this Court holding that CAA section 209 waivers are rules. Movants have challenged CAA section 209 waivers in the past—including the ACT Rule waiver—and will likely challenge additional waivers in the future. Treating these waivers as rules rather than orders or other administrative actions provides avenues that otherwise would not be available for Movants to challenge the ACT Rule and future waivers in separate litigation.

For example, the CAA itself does not require EPA's waiver decisions to be made on the record. *See* 42 U.S.C. § 7543. That means if EPA's decision to grant a waiver is

---

[2] Once Plaintiffs file their amended complaint, the Federal Defendants must renew their motion to dismiss. *See* Pls.' Opp. to Mot. to Dismiss, Dkt. No. 151. The Federal Defendants were likely aware of the waivers-as-rules argument, as Movants raised this argument before Federal Defendants filed their motion to dismiss. *See* Dkt. No. 112-4 at 17–19. *See also* Dkt. Nos. 49-9 at 19–21; 61-5 at 16–17; Therefore, it is likely that the Federal Defendants will not include this argument in response to a renewed motion to dismiss.

an adjudication, then it is an *informal* adjudication. *See Safe Extensions, Inc. v. FAA*, 509 F.3d 593, 604 (D.C. Cir. 2007) (unless the statute requires proceedings on the record, agency adjudications "fall into the vast category of 'informal adjudications'"). Informal adjudications have few procedural guardrails. The D.C. Circuit has explained, "no provision of the APA contains specific procedures to govern an informal agency adjudication." *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 337 (D.C. Cir. 1989). Informal adjudication requires no more than a prompt notice of denial and a brief statement of the grounds for denial. 5 U.S.C. § 555(e); *see New Life Evangelistic Ctr., Inc. v. Sebelius*, 753 F. Supp. 2d 103, 117 (D.D.C. 2010). Although the CAA requires notice and comment prior to issuing a waiver, it does not require any additional procedural steps. *See* 42 U.S.C. § 7543(a)–(b). If waivers are not rules, that means EPA could grant CAA section 209 waivers with no more than mere notice and a brief statement of its decision. Such a confined procedure would limit opportunities to challenge the agency's decisionmaking that led to the waiver.

On the other hand, if CAA section 209 waivers are rules, they are subject to the substantial procedural requirements for informal rulemaking—which provide much greater opportunity for public participation and a detailed explanation that can form the basis for litigation. *Compare* 5 U.S.C. § 553 (informal rulemaking), *with id.* § 555(e) (informal adjudication). The procedures for informal rulemaking include: (1) notice of the rulemaking, (2) an opportunity to comment, (3) the agency must consider and respond to the comments, and (4) the final rule must include a concrete statement of the rule's basis and purpose. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015). The CAA specifically requires the first two of these, while the Administrative Procedure Act requires all four parts for informal rulemaking. Informal adjudication, on the other hand, would not require the latter two. This is one of the reasons why Movants are particularly interested in whether a CAA section 209 waiver is a rule or an order. Movants cannot bring an arbitrary and capricious challenge without a

concrete explanation of the agency's decision based on the totality of circumstances, including responses to comments filed by interested parties.

Plaintiffs admitted that the "presumption of adequacy [is] overcome where movants provided 'direct evidence that the United States will take a position that actually compromises (and potentially eviscerates)' their legal position." Pls.' Opp., Dkt. No. 145 at 8:16–18 (quoting *State ex rel. Lockyer v. United States*, 450 F.3d 436, 445 (9th Cir. 2006)). In their motion to dismiss, the Federal Defendants abandoned the potentially meritorious argument that a CAA section 209 waiver is a rule. That is direct evidence that the Federal Defendants do not adequately represent Movants' interests. Accordingly, Movants have overcome the presumption of adequate representation.

## II.  Movants' Intervention Will Not Prejudice Plaintiffs

Rule 24(b) allows a party to intervene by permission if the motion is timely, there is a common question of law or fact, and intervention will not cause undue delay or prejudice. Fed. R. Civ. P. 24(b)(1), (3); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Plaintiffs do not challenge this motion as untimely, nor do they seriously argue that there is not a common question of law or fact. Instead, Plaintiffs focus on delay and prejudice.

Plaintiffs seek to cabin Movants' interest in this case to Movants' interest in "the lawfulness of EPA's waivers." Pls.' Opp., Dkt. No. 145 at 10:2. This ignores that EPA's waivers and the laws repealing them are inextricably intertwined. If this Court upholds Public Laws 119-15, 119-16, and 119-17, then EPA's waivers remain repealed. If this Court invalidates those laws, EPA's waivers are automatically revived. Contrary to Plaintiffs' suggestion, Movants cannot defend Public Law 119-15, 119-16, and 119-17's validity in any suit other than this one, as this is the only case in the country challenging their validity. Movants' defense of these laws against Plaintiffs' claims is not a "collateral issue"—it goes to the very heart of this case. *See* Pls.' Opp., Dkt. No. 145 at 10:9.

11
Reply in Support of WSTA & CIAQC's Motion to Intervene (4:25-cv-04966-HSG)

1  Plaintiffs appear to argue that an intervenor's mere participation will cause
2  prejudice. *See* Pls.' Opp., Dkt. No. 145 at 10–11. If that were true, then no party could
3  ever successfully intervene because "every motion to intervene will complicate or delay
4  a case to some degree." *Kalbers v. United States DOJ*, 22 F.4th 816, 825 (9th Cir.
5  2021). Plaintiffs' Opposition bemoans the number of movants seeking to intervene. To
6  mitigate any potential prejudice that may arise from multiple intervenors, Movants
7  in their motion preemptively agreed to many of Plaintiffs' requests and disclaimed
8  any intention of bringing any counterclaims or crossclaims. Movants' Mot. to
9  Intervene, Dkt. No. 112 at 16-18. Movants also agreed to work with other intervenors
10 to avoid duplicative briefing once the identity of all intervenors is known. *Id*. These
11 conditions, which the Plaintiffs themselves proffered, are sufficient to avoid any
12 "undue delay or prejudice" as Rule 24 requires. Fed. R. Civ. P. 24(b)(3).

13 Contrary to Plaintiffs' assertions, Movants' interests cannot be fully addressed
14 through participation as amici in this Court. That is because Movants are particularly
15 interested in defending Public Laws 119-15, 119-16, and 119-17 as enactments that
16 repeal rules. As indicated *supra*, Federal Defendants have chosen not to defend EPA's
17 actions on that basis. But for Movants' intervention in this case, this Court—and just
18 as importantly an appellate court—may not be in a position to determine whether a
19 CAA section 209 waiver is a rule. Accordingly, Movants should be permitted to
20 intervene as parties in order to fully present their rules-based defense in this court
21 and in any appeals thereafter. *See Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001)
22 (an argument "is not properly before us" on appeal if not raised by the parties below);
23 *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1049 (5th Cir.
24 1993) (amicus "generally cannot expand the scope of an appeal to implicate issues that
25 have not been presented by the parties").

26
27
28

# CONCLUSION

For these reasons, the Court should grant the motion to intervene.

Dated: October 6, 2025          Respectfully submitted,

/s/ *Theodore Hadzi-Antich*
Robert Henneke* (TX 24046058)
Theodore Hadzi-Antich (CA 264663)
Eric Heigis (CA 343828)
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:  (512) 472-2700
Email:    tha@texaspolicy.com

*Attorneys for Proposed Intervenor-Defendants Western States Trucking Association, Inc., and Construction Industry Air Quality Coalition, Inc.*

*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I served WSTA's and CIAQC's Reply in Support of Motion to Intervene by filing with the Clerk of the Court for the Northern District of California using the CM/ECF system, causing electronic service upon all counsel of record.

/s/ *Theodore Hadzi-Antich*
Theodore Hadzi-Antich

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the form requirements of Local Rule 7-3(c) because it does not exceed 15 pages in length.

/s/ *Theodore Hadzi-Antich*
Theodore Hadzi-Antich