ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER (DC Bar #1028454)
*Deputy Assistant Attorney General*
JEFFREY HUGHES (NY Bar #5367214)
MARTHA C. MANN (FL Bar #155950)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel:   (202) 717-7067 (Stander)
         (202) 532-3080 (Hughes)
Email: robert.stander@usdoj.gov
         jeffrey.hughes@usdoj.gov

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
Civil Division
JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch
STEPHEN M. PEZZI (FL Bar #1041279)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel:   (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:25-cv-04966-HSG<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR A STAY DUE TO LAPSE IN APPROPRIATIONS** |

Pursuant to Local Rule 7-11, the United States of America hereby moves for a stay of all proceedings in this matter, including Defendants' November 17, 2025 deadline to move to dismiss the amended complaint. As good cause for this request, Defendants offer the following.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive Branch agencies, including Defendant the

Environmental Protection Agency (EPA). Defendants do not know when such funding will be restored by Congress.

2. Absent an appropriation, under the Anti-Deficiency Act, Department of Justice attorneys and most employees of the EPA are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifies that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.*

3. Undersigned counsel from the Department of Justice therefore requests a stay of all proceedings in this case until Congress has restored appropriations to the Department, including a stay of Defendants' upcoming deadline (November 17, 2025) to move to dismiss Plaintiffs' amended complaint. ECF No. 162.

4. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government proposes that, at that point, the parties should meet and confer and, within 10 days, submit a proposed schedule for further proceedings (or separate proposals, if they cannot reach agreement).

5. Before filing this motion, counsel for Defendants conferred with counsel for Plaintiffs. Plaintiffs reported that they oppose this motion, primarily on the basis of the existence of one other litigation matter in another court in which the United States has not sought a stay. *See Daimler Truck North Am., LLC v. California Air Resources Bd.*, No. 2:25-cv-02255 (E.D. Cal.). Undersigned counsel is not counsel for the United States in that separate case, but understands that in that case, unlike this one, there is a pending motion for a preliminary injunction, and the

government attorneys working on that case have thus been excepted from the furlough to continue their work on that particular matter.

6. That is not the case here. Here, by contrast, no party has sought any form of time-sensitive relief, and government counsel has not been excepted from the furlough.

7. More generally, Plaintiffs have not explained why this case is (in Plaintiffs' view) sufficiently urgent to ignore the statutory requirements of the Anti-Deficiency Act, but was not sufficiently urgent to file the operative complaint any earlier than October 10, 2025, or to seek any form of time-sensitive injunctive relief.

8. To be clear, Defendants recognize that if this Court denies relief, they will be required to—and they will—comply with all applicable court orders. But that practical reality does not render the Anti-Deficiency Act a legal nullity that can be ignored as a matter of course without any consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). And during the meet-and-confer process, Plaintiffs never disputed that the statutory standard set forth in 31 U.S.C. § 1342 is not satisfied here. That should be dispositive.

9. As required by Local Rule 7-11(a), a declaration is attached to this filing.

10. Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the United States hereby moves for a stay of all proceedings in this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

| | | |
|---|---|---|
| 1 | Dated: October 29, 2025 | Respectfully submitted, |
| 2 | | ADAM R.F. GUSTAFSON |
| | | *Acting Assistant Attorney General* |
| 3 | | ROBERT N. STANDER (DC Bar #1028454) |
| 4 | | *Deputy Assistant Attorney General* |
| | | JEFFREY HUGHES (NY Bar #5367214) |
| 5 | | United States Department of Justice |
| 6 | | Environment and Natural Resources Division |
| | | P.O. Box 7611 |
| 7 | | Washington, D.C. 20044 |
| | | Tel:   (202) 717-7067 (Stander) |
| 8 | | (202) 532-3080 (Hughes) |
| | | Email: robert.stander@usdoj.gov |
| 9 | | jeffrey.hughes@usdoj.gov |

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
Civil Division

JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (FL Bar #1041279)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:   (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

**DECLARATION**

I, Stephen M. Pezzi, provide the following declaration:

1. I am a Senior Trial Counsel with the Federal Programs Branch of the Civil Division of the United States Department of Justice. I am counsel in this matter, and make this declaration in support of Defendants' Administrative Motion for a Stay due to the Lapse in Appropriations.

2. Before filing this motion, I conferred with counsel for Plaintiffs. Plaintiffs reported that they oppose the relief requested in this motion. For that reason, "a stipulation could not be obtained." Local Rule 7-11(a).

3. I declare, under penalty of perjury, that the factual assertions contained in this declaration and in the accompanying motion are true and correct to the best of my knowledge.

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
Senior Trial Counsel

Date: October 29, 2025