1 | ROB BONTA
Attorney General of California
2 | MYUNG J. PARK
Supervising Deputy Attorney General
3 | KATHERINE GAUMOND, State Bar No. 349453
CAITLAN MCLOON, State Bar No. 302798
4 | CECILIA D. SEGAL, State Bar No. 310935
EMMANUELLE S. SOICHET, State Bar No. 290754
5 | M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
6 |   1515 Clay Street, 20th Floor
  P.O. Box 70550
7 |   Oakland, CA  94612-0550
  Telephone:  (510) 879-0299
8 |   Fax:  (510) 622-2270
  E-mail:  Elaine.Meckenstock@doj.ca.gov
9 | *Attorneys for Plaintiff State of California*
(additional counsel on signature pages)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT,** and **STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN,** in his official capacity as Administrator of the U.S. Environmental Protection Agency, and **DONALD J. TRUMP,** in his official capacity as President of the United States,<br><br>Defendants. | Case No. 4:25-cv-04966-HSG<br><br><br><br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR A STAY DUE TO LAPSE IN APPROPRIATIONS**<br><br>Action filed: June 12, 2025 |

Pursuant to Civil Local Rule 7-11(b), Plaintiffs State of California et al. respectfully submit this opposition to Defendants' Administrative Motion for a Stay Due to Lapse in Appropriations, filed on October 29, 2025. ECF No. 165 ("Mot.").

## STATEMENT OF ISSUE TO BE DECIDED

Should the Court displace the recently entered schedule on Defendants' forthcoming motion to dismiss Plaintiffs' amended complaint and instead stay all proceedings, even though the United States has not sought to stay a parallel case involving overlapping issues?

## BACKGROUND

On June 12, 2025, the federal government finalized its unprecedented attempt, absent administrative or judicial process, to annul three waivers of Clean Air Act preemption that the U.S. Environmental Protection Agency (EPA) issued to California for certain amendments to the State's vehicle emission program. ECF No. 1, ¶¶ 4-13. Plaintiffs filed the instant suit that same day. *See id.* They filed their amended complaint on October 10, 2025. ECF No. 157.

To date, the parties have cooperated on several scheduling matters, agreeing, for example, to extend Plaintiffs' deadline to respond to a motion to intervene by two days, ECF No. 82, and to extend Defendants' deadline to respond to Plaintiffs' original complaint by about a month, ECF No. 81. More recently, Plaintiffs agreed to extend Defendants' deadline to respond to Plaintiffs' Notice of Pendency of Other Actions, ECF No. 164, commensurate with the duration of the lapse of appropriations funding various federal agencies and departments, ECF No. 150.

Defendants now seek an indefinite stay of all proceedings. On October 16, 2025, counsel for Defendants, Mr. Stephen Pezzi, informed Plaintiffs' counsel of Defendants' request. Segal Decl. ¶ 2. Plaintiffs indicated a willingness to extend Defendants' deadline for filing a motion to dismiss the amended complaint and sought clarification on whether the U.S. Department of Justice (DOJ) intended to seek a similar stay of proceedings in a case involving overlapping issues and parties, *Daimler Truck North America LLC v. California Air Resources Board*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 11, 2025). Segal Decl. ¶ 3; ECF No. 142 (describing nature of *Daimler* case and overlap with this one). Although Mr. Pezzi is not counsel for the federal government in *Daimler*, he conveyed his understanding that the federal government would

1

not be seeking a stay in that case. Segal Decl. ¶ 4. Given that disparity, and Plaintiffs' vested interest in moving their case forward, Plaintiffs opposed the requested stay. *Id.* The parties nonetheless negotiated a stipulated schedule for briefing and hearing on Defendants' motion to dismiss the amended complaint, which the Court entered on October 23, 2025. ECF No. 162.

## ARGUMENT

Federal courts have broad discretion in deciding whether to issue a stay, balancing, among other factors, the hardship or inequity to either party, the "length of the stay," and the "strength of the justification given for it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000); *cf. Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (it is axiomatic that a party seeking equitable relief "must come with clean hands"). Defendants' bare-bones and selective justification for seeking an indefinite stay here—but not in *Daimler*—should be rejected.

The Anti-Deficiency Act does not eliminate a court's inherent authority to manage its own docket. Rather, it prohibits federal employees from working during a lapse of appropriations except in limited circumstances. *See* 31 U.S.C. §§ 1341, 1342. DOJ's guidance sets out five categories of excepted activities, including "[t]hose related to 'emergencies involving the safety of human life or the protection of property'" and "[t]hose for which authority to continue during an appropriations lapse arises by necessary implication." Ex. A, DOJ FY 2026 Contingency Plan 1 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. DOJ has interpreted the latter category as encompassing a situation in which "a court denies [a stay] request and orders a case to continue." *Id.* at 3; *accord* Mot. ¶ 8. Courts have agreed that denying a stay request premised on a lapse of appropriations and instead "adher[ing] to its existing schedule" is "consistent with" the Anti-Deficiency Act. *See Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring in the denial of the motion); *see also United States v. Polselli*, No. 14-11385, 2025 WL 2822463, at *2 (E.D. Mich. Oct. 3, 2025) ("The Court[] remain[s] open and ready to adjudicate the people's business" and "finds that it has authority to require continuation of the representation by counsel."). And several courts have entered such denials amid the present shutdown. *See, e.g.*, Order of Court, *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, No. 25-1698 (1st Cir. Oct. 2, 2025), Dkt. 00118347754; Text Order, *Rhode Island v. Trump*, No. 25-cv-

2

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)

1  00128 (D.R.I. Oct. 2, 2025); Elec. Order, *Guerrero Orellana v. Moniz*, No. 25-cv-12664 (D.
2  Mass. Oct. 2, 2025), Dkt. No. 51.
3      Defendants implicitly argue that a stay is warranted here because there is no "emergenc[y]
4  involving the safety of human life or the protection of property" and fault Plaintiffs for failing to
5  identify any urgency. Mot. ¶¶ 2, 6-7. To begin, "[t]he proponent of a stay bears the burden of
6  establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Further, the absence of a
7  preliminary injunction motion in this case does nothing to negate Plaintiffs' "wish[] to have
8  [their] rights fairly adjudicated in a timely manner." *Polselli*, 2025 WL 2822463, at *2.
9      In any event, DOJ's position cannot be squared with its position in *Daimler*, a case in which
10 DOJ represents plaintiff-intervenors. DOJ, representing defendants here, contends that this case
11 does not involve an "imminent[] threat[]" to "the safety of human life or the protection of
12 property." Mot. ¶ 2. But neither does *Daimler*. True, the manufacturer plaintiffs in that case filed
13 a motion for a preliminary injunction, arguing that they would suffer from extra compliance costs,
14 reputational harms, regulatory uncertainty, and *per se* injuries absent an injunction. *See* Pls.' Mot.
15 Prelim. Inj. 26-34, *Daimler*, No. 2:25-cv-02255-DC (E.D. Cal. filed Aug. 12, 2025), ECF No. 23.
16 The federal government, joining in the preliminary injunction motion, similarly alleged *per se*
17 harms stemming from its preemption claims as well as *parens patriae* interests in "promot[ing]
18 economic growth." Pls.-Intervenors' Joinder in Pls.' Mot. Prelim. Inj. 2-4, *Daimler*, No. 2:25-cv-
19 02255-DC (E.D. Cal. filed Aug. 27, 2025), ECF No. 57. The district court found plaintiffs and
20 plaintiff-intervenors were unlikely to suffer irreparable harm on the majority of their claims.
21 *Daimler*, No. 2:25-cv-02255-DC, 2025 WL 3049944, at *14-18 (E.D. Cal. Oct. 31, 2025). But
22 even as to the harms the court found sufficient to warrant a partial preliminary injunction, none
23 threatened to "compromis[e] to a significant degree the safety of human life or the protection of
24 property" justifying DOJ and EPA employees' continued work during the lapse in appropriations.
25 *See* DOJ FY 2026 Contingency Plan at 3; *see also id.* at 1 (referencing DOJ's "broad array of
26 national security, law enforcement, and criminal justice system responsibilities").
27     That a preliminary injunction motion is pending cannot, by itself, be the test for whether the
28 emergency exception to the Anti-Deficiency Act applies; what matters is the nature and severity

3

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)

of the alleged harms. *Contra* Mot. ¶¶ 5-7. Indeed, DOJ's position—that *Daimler* is differently situated from this case because plaintiffs there filed a preliminary injunction motion—cannot be squared with past practice. In *Nevada v. United States*, DOJ sought to stay Nevada's preliminary injunction motion due to a lapse of appropriations. No. 3:18-cv-569, 2019 WL 11029477, at *1 (D. Nev. Jan. 2, 2019). The court denied the stay, citing imminent shipments of plutonium to a site within 100 miles of Las Vegas that threatened "increased radiation doses to Nevada citizens" and "contamination of the state's lands and groundwater with radioactive materials." *Id.* ("This is not the run of the mill case."). Those risks plainly constituted an emergency under the Anti-Deficiency Act. Whether the manufacturer plaintiffs in *Daimler* must continue a decades-old practice of obtaining state approval to sell heavy-duty trucks in California—and at what level of profit they may sell those trucks—does not so qualify.

At bottom, the federal government's attempt to stay this case but not *Daimler* amounts to a selective application of the emergency exception. Both this case and *Daimler* involve, among other things, California's vehicle emission program and whether recent efforts by the federal government to preempt certain elements of that program are unconstitutional. ECF No. 142 at 1-3, 5. The relevant difference is on which side of the "v" the federal government sits. But the United States should not get to pick and choose which matters it works on during the lapse in appropriations, invoking the shutdown when it is defending against a lawsuit but continuing to actively work on lawsuits and initiatives that align with its current policy preferences. *Compare, e.g.*, Mot. ¶¶ 1-2 (representing that "most" EPA employees "are prohibited from working"), *with* Ex. B, Lisa Friedman, *The Government Is Shut Down. But Not for Fossil Fuels*, N.Y. Times (Oct. 17, 2025), https://www.nytimes.com/2025/10/17/climate/trump-government-shutdown-energy.html (reporting that EPA employees carrying out the president's policy agenda "are still hard at work"), *and* Ex. C, Ellie Borst & Jean Chemnick, *EPA flush with cash for 'priority' staff*, E&E News (Oct. 29, 2025), https://www.eenews.net/ articles/epa-flush-with-cash-for-priority-staff/ (reporting that EPA has adopted a "bifurcated furlough model" based on "the president's priority projects"). *See also, e.g.*, *Am. Fed'n of State Cnty. & Mun. Emps., AFL-CIO v. U.S. Office of Mgmt. & Budget*, No. 25-cv-08302-SI, 2025 WL 3018250, at *21 (N.D. Cal. Oct. 28,

4

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)

2025) (noting the federal government failed to explain what exception to the Anti-Deficiency Act allowed it to carry out largescale layoffs intended as political retribution during the shutdown); United States' Unopposed Mot. for Leave, *Enbridge Energy Ltd. P'ship v. Whitmer*, No. 1:20-cv-01141 (D. Mich. filed Oct. 24, 2025), ECF No. 153 (citing "exceedingly strong interest" in the case and seeking leave, despite shutdown, to join oral argument as amicus curiae); Order, *Enbridge Energy*, No. 1:20-cv-01141 (D. Mich. Oct. 28, 2025) (denying motion), ECF No. 154.

A stay is not warranted. Nor would the absence of a stay impose substantial hardship on the Court, the parties, or their counsel. *See Yong*, 208 F.3d at 1119. This Court "remains open," Ex. D, Hon. Richard Seeborg, Chief Judge, & Mark B. Busby, Clerk of Court, *Court Operations During Lapse In Appropriations* (Oct. 17, 2025), https://cand.uscourts.gov/news/2025/10/17/court-operations-during-lapse-appropriations, and there is no hearing calendared on a dispositive motion until January 29, 2026, ECF No. 162. The parties' recently negotiated schedule provides DOJ and EPA ample time to meet their deadline to file that motion, particularly because they have already moved to dismiss the original complaint, and the amended complaint adds just one claim. *Compare* ECF No. 1, ¶¶ 114-188, *with* ECF No. 157, ¶¶ 120-184; *see also* ECF No. 118.[1] Just as they are in *Daimler*, then, DOJ and EPA should continue working on this matter during the shutdown. Accordingly, the Court should deny Defendants' administrative motion and direct the parties to adhere to the deadlines set out in its order of October 23, 2025.

If, however, the Court issues a stay, Defendants' proposed order should be modified to reflect that (1) Defendants' clock to file a response to the amended complaint did not start until ten days into the shutdown; and (2) the parties negotiated a briefing schedule that included reasonable extensions to the local rules' default briefing intervals and staggered deadlines for potential amici briefs. As such, Plaintiffs would respectfully request that the Court impose a default deadline for Defendants' motion to dismiss representing an extension of time commensurate with the length of the shutdown minus ten days, and that the Court set a briefing schedule on the motion that mirrors the schedule previously agreed to by the parties.

---

[1] To the extent Defendants disagree, they should not have waited a week from the filing of the parties' stipulated schedule to seek a stay.

5

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)

| | | |
|---|---|---|
| 1 | Dated: November 3, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | MYUNG J. PARK<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Cecilia D. Segal<br>CECILIA D. SEGAL |
| 6 | | Deputy Attorney General<br>*Attorneys for Plaintiff State of California* |
| 7 | | |

| | | |
|---|---|---|
| 8 | **PHILIP J. WEISER** | **ANDREA JOY CAMPBELL** |
| | *Attorney General for the State of Colorado* | *Attorney General for the Commonwealth of Massachusetts* |
| 9 | | |
| 10 | /s/ Carrie Noteboom<br>CARRIE NOTEBOOM* | |
| 11 | Assistant Deputy Attorney General | /s/ Seth Schofield<br>SETH SCHOFIELD* |
| | 1300 Broadway, 10th Floor | Senior Appellate Counsel |
| 12 | Denver, CO 80203 | JON WHITNEY* |
| | (720) 508-6285 | Special Assistant Attorney General |
| 13 | Carrie.noteboom@coag.gov | Energy and Environment Bureau |
| 14 | | Office of the Attorney General<br>One Ashburton Place, 18th Flr. |
| 15 | | Boston, Mass. 02108<br>(617) 727-2200 |
| 16 | | seth.schofield@mass.gov<br>jon.whitney@mass.gov |
| 17 | | |
| 18 | | |
| 19 | **KATHLEEN JENNINGS** | **MATTHEW J. PLATKIN** |
| | *Attorney General of the State of Delaware* | *Attorney General for the State of New Jersey* |
| 20 | | |
| 21 | By: /s/ Vanessa L. Kassab<br>IAN R. LISTON | /s/ Lisa J. Morelli<br>LISA J. MORELLI |
| 22 | Director of Impact Litigation | Deputy Attorney General |
| | RALPH K. DURSTEIN III | New Jersey Division of Law |
| 23 | VANESSA L. KASSAB* | 25 Market Street |
| 24 | Deputy Attorneys General<br>Delaware Department of Justice | Trenton, New Jersey 08625<br>(609) 376-2740 |
| 25 | 820 N. French Street<br>Wilmington, DE 19801 | Lisa.Morelli@law.njoag.gov |
| 26 | (302) 683-8899 | |
| | vanessa.kassab@delaware.gov | |
| 27 | | |
| 28 | | |

6

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)

| | |
|---|---|
| **RAÚL TORREZ**<br>*Attorney General for the State of New Mexico*<br><br>*/s/ William Grantham*<br>WILLIAM GRANTHAM\*<br>Assistant Attorney General<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>(505) 717-3520<br>wgrantham@nmdoj.gov | **PETER F. NERONHA**<br>*Attorney General for the State of Rhode Island*<br><br>*/s/ Nicholas M. Vaz*<br>NICHOLAS M. VAZ\*<br>Special Assistant Attorney General<br>Office of the Attorney General<br>Chief, Environmental and Energy Unit<br>150 South Main Street<br>Providence, Rhode Island 02903<br>(401) 274-4400 ext. 2297<br>nvaz@riag.ri.gov |
| **LETITIA JAMES**<br>*Attorney General for the State of New York*<br><br>*/s/ Ashley M. Gregor*<br>ASHLEY M. GREGOR\*<br>Assistant Attorney General<br>Environmental Protection Bureau<br>28 Liberty Street, 19th Floor<br>New York, NY 10005<br>(212) 416-8454<br>ashley.gregor@ag.ny.gov | **CHARITY R. CLARK**<br>*Attorney General for the State of Vermont*<br><br>*/s/ Hannah Yindra*<br>HANNAH YINDRA\*<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186<br>Hannah.Yindra@vermont.gov |
| **DAN RAYFIELD**<br>*Attorney General for the State of Oregon*<br><br>*/s/ Paul Garrahan*<br>PAUL GARRAHAN\*<br>Sr. Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, Oregon 97301-4096<br>(503) 947-4540<br>Paul.Garrahan@doj.oregon.gov | **NICHOLAS W. BROWN**<br>*Attorney General for the State of Washington*<br><br>*/s/ Alexandria Doolittle*<br>ALEXANDRIA K. DOOLITTLE\*<br>Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 40117<br>Olympia, Washington 98504-0117<br>(360) 586-6769<br>Alex.Doolittle@atg.wa.gov |

*\*Admitted pro hac vice*

Pursuant to Local Rule 5-1(i), I attest that all signatories to this document concurred in its filing.

*/s/ Cecilia D. Segal*
Cecilia D. Segal
Counsel for Plaintiff State of California

7

Pls.' Opp'n to Defs.' Admin. Mot. for a Stay Due to Lapse in Appropriations (4:25-cv-04966-HSG)