Matthew B. Berry, VA Bar No. 42600
  *General Counsel*
Todd B. Tatelman, VA Bar No. 66008
  *Deputy General Counsel*
Kenneth C. Daines, D.C. Bar No. 1600753
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Matthew.Berry@mail.house.gov

*Counsel for Amicus Curiae, U.S. House of Representatives*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES, et al.<br><br>*Defendants*. | Case No. 4:25-cv-04966-HSG<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF THE UNITED STATES HOUSE OF REPRESENTATIVES AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: January 29, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 29, 2026, at 2:00 pm PST, or as soon thereafter as the matter may be heard in Courtroom 2, 4th Floor, United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, California, Proposed *Amicus Curiae* the United States House of Representatives will, and hereby does, move this Court for leave to file an *amicus curiae* brief in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint in the above-captioned matter, ECF 172, which has been noticed for a hearing on that date.

The U.S. House of Representatives respectfully moves for leave to file the attached brief as *amicus curiae*.[1] The House has consulted with the Plaintiffs and Defendants, and they have consented to the filing of this amicus brief. *See also* ECF 161 ¶ 8. A copy of the House's proposed *amicus curiae* brief and a proposed order are attached.

## STATEMENT OF INTEREST

The House's motion for leave to file as *amicus curiae* should be granted because the House offers a unique perspective on a key issue implicated by claims raised by Plaintiffs here: Congress's exclusive constitutional authority to determine its own rules under the Rulemaking Clause, U.S. Const. art. I, § 5, cl. 2.[2] The House respectfully submits that its *amicus* brief will aid the Court's understanding of the connection between the Congressional Review Act (CRA) and this core constitutional authority. Specifically, in the instant case, Congress chose to exercise its rulemaking power by means of the CRA, *see* 5 U.S.C. § 802(g), when it utilized CRA procedures to nullify California's Clean Air Act (CAA) preemption waivers. That choice unlocked expedited

---

[1] The House's Bipartisan Legal Advisory Group has authorized the filing of this *amicus* brief. BLAG comprises the Honorable Mike Johnson, Speaker of the House, the Honorable Steve Scalise, Majority Leader, the Honorable Tom Emmer, Majority Whip, the Honorable Hakeem Jeffries, Minority Leader, and the Honorable Katherine Clark, Minority Whip, and it "speaks for, and articulates the institutional position of, the House in all litigation matters." Rule II.8(b), Rules of the U.S. House of Representatives, 119th Cong. (2025), https://perma.cc/QD7D-WRAX. The Speaker of the House, the Majority Leader, and the Majority Whip voted to support the filing of this brief; the Minority Leader and Minority Whip did not.

[2] As Justice Joseph Story once admonished: "No person can doubt the propriety of the provision authorizing each house to determine the rules of its own proceedings. If the power did not exist, it would be utterly impracticable to transact the business of the nation… ." 2 J. Story, Commentaries on the Constitution of the United States § 835, at 298 (1833).

parliamentary procedures for considering and passing joint resolutions of disapproval within 60 days of Congress's receipt of the rules, 5 U.S.C. § 802(a), including bypassing a potential Senate filibuster.

With narrow exceptions, Congress's authority to decide the procedural rules by which it enacts legislation is "*absolute* and beyond the challenge of any other body or tribunal." *See United States v. Ballin*, 144 U.S. 1, 5 (1892) (emphasis added). Indeed, this is a central reason why Congress precluded judicial review of actions and determinations made under the CRA in the first place, *see* 5 U.S.C. § 805. Because many of Plaintiffs' claims here directly challenge Congress's rulemaking authority, and a judicial order overriding congressional decisions that are strictly procedural would violate both the CRA itself and separation-of-powers principles, the House has a compelling institutional interest in this case.[3] Its participation as an *amicus* is necessary to vindicate its interests.[4]

---

[3] Separate from Congress's institutional interest in protecting decisions made under the CRA and the Rulemaking Clause from judicial review, Congress also has an interest in ensuring that states comply with the CAA. For example, after joint resolutions were enacted that nullified California's CAA waivers, the House Committee on Energy and Commerce sent a letter on August 11, 2025, to the California Air Resources Board to determine whether California is still enforcing its prior emissions standards that are now preempted by the CAA. Letter from Rep. Brett Guthrie, Chairman, H. Comm. on Energy & Com., et al., to Steven S. Cliff, Exec. Officer, Cal. Res. Bd. (Aug. 11, 2025), https://perma.cc/S6X8-6E98. To date, the California Air Resources Board has not satisfied the Committee's request for information.

[4] The House regularly appears as *amicus curiae* in cases in which its institutional powers are implicated. *See, e.g.*, Brief of the U.S. House of Representatives as Amicus Curiae, *Sierra Club v. Trump*, No. 4:20-cv-01494-HSG (N.D. Cal. Apr. 16, 2020); Memorandum of the U.S. House of Representatives as Amicus Curiae, *California v. Trump*, 267 F. Supp. 3d 1119 (N.D. Cal. 2017) (No. 3:17-cv-05895); Brief for the U.S. House of Representatives as Amicus Curiae in Support of Petitioners, *Smith & Wesson Brands, Inc., et al. v. Estados Unidos Mexicanos,* 605 U.S. 280 (2025) (No. 23-1141); Brief for the U.S. House of Representatives as Amicus Curiae in Support of Petitioners, *Fuld, et al. v. Palestine Liberation Organization, et al.*, 606 U.S. 1 (2025) (No. 24-20); Brief for the U.S. House of Representatives as Amicus Curiae in Support of Petitioners, *Loper Bright Ents., et al. v. Raimondo*, 603 U.S. 369 (2024) (No. 22-451); Brief for the U.S. House of Representatives as Amicus Curiae Supporting Respondents, *Patchak v. Zinke*, 138 S. Ct. 897 (2018) (No. 16-498); Brief for the U.S. House of Representatives as Amicus Curiae Supporting Certiorari, *Sokolow v. Palestinian Liberation Org.*, No. 16-1071 (S. Ct. Apr. 6, 2017); Brief of Amici Curiae the Bipartisan Legal Advisory Group of the U.S. House of Representatives & 225 Individual Members of the U.S. House of Representatives in Support of Respondents, *Bank Markazi v. Peterson*, 136 S. Ct. 1310 (2016) (No. 14-770); Brief of Amicus Curiae the Bipartisan Legal Advisory Group of the U.S. House of Representatives in Support of Petitioner, *Renzi v. United States*, No. 11-557 (S. Ct. Dec. 2, 2011); Brief of Amicus Curiae United States House of Representatives in Support of Defendant-Appellee and in Support of Affirmance, *Land of Lincoln Mut. Health Ins. Co. v. United States*, 892 F.3d 1184 (Fed. Cir. 2018) (No. 2017-1224); Brief of

**ARGUMENT**

This Court may in its "broad discretion" allow the participation of *amicus curiae*, *NetChoice v. Bonta*, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023), and does not impose "strict prerequisites that must be established prior to qualifying for amicus status." *In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007). Rather, "an individual or entity seeking to appear as amicus must merely make a showing that his/its participation is useful to or otherwise desirable to the court." *Id*. "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *California v. Dep't of Labor*, No. 13-cv-02069, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogation on other grounds recognized by Montijo v. Swaney*, 754 F. App'x 522 (9th Cir. 2018)).

Here, this Court would benefit from briefing by the House because this litigation involves matters directly implicating congressional authority and the separation of powers: a legislative provision expressly precluding judicial review, 5 U.S.C. § 805, and Congress's constitutional rulemaking authority, U.S. Const. art. I, § 5, cl. 2. The House is well-positioned to provide unique insight regarding both the CRA's nonreviewability provision and the nonjusticiability of

---

the Bipartisan Legal Advisory Group of the U.S. House of Representatives as Amicus Curiae Supporting Affirmance, *Council of the Dist. of Columbia v. Gray*, 42 F. Supp. 3d 134 (D.C. Cir. 2014) (No. 14-7067); Brief of the Bipartisan Legal Advisory Group of the U.S. House of Representatives as Amicus Curiae, *United States v. Renzi*, 769 F.3d 731 (9th Cir. 2014) (No. 13-10588); Brief of the Bipartisan Legal Advisory Group of the U.S. House of Representatives as Amicus Curiae Supporting Affirmance, *Cause of Action v. Nat'l Archives & Records Admin.*, 753 F.3d 210 (D.C. Cir. 2014) (No. 13-5127); Brief of the Bipartisan Legal Advisory Group of the U.S. House of Representatives as Amicus Curiae Supporting Affirmance of District Court Order Quashing Trial Subpoena on Speech or Debate Clause Grounds, *United States v. Verrusio*, 762 F.3d 1 (D.C. Cir., 2013) (No. 11-3080); Brief of Amicus Curiae the Bipartisan Legal Advisory Group of the U.S. House of Representatives in Support of Appellant, *United States v. Rainey*, 757 F.3d 234 (5th Cir. 2013) (No. 13-3070); Brief of the U.S. House of Representatives as Amicus Curiae in Support of Neither Party, *United States v. Collins*, No. 1:18-cr-00567 (S.D.N.Y. Apr. 4, 2019); Memorandum of Points and Authorities of the Bipartisan Legal Advisory Group of the U.S. House of Representatives as Amicus Curiae, *Council of the Dist. of Columbia v. Gray*, 42 F. Supp. 3d 134 (D.D.C. 2014) (No. 1:14-cv-00655); *In re Search of The Rayburn House Office Bldg. Room No. 2113*, 432 F. Supp. 2d 100, 104-05 (D.D.C. 2006); *Byrd v. Raines*, 956 F. Supp. 25, 27 (D.D.C. 1997); *United States v. Rose*, 790 F. Supp. 340, 340 (D.D.C. 1992); *United States v. Eichman*, 731 F. Supp. 1123, 1127 n.6 (D.D.C. 1990); *Webster v. Sun Co.*, 561 F. Supp. 1184, 1185-86 (D.D.C. 1983).

challenges to congressional decisions under the Rulemaking Clause. In addition, the House is well-situated to explain why the nullification of California's CAA waivers was a permissible exercise of Congress's legislative power and consistent with the separation of powers.

As part of the Legislative Branch, the House offers a perspective distinct from the parties (including the Executive Branch), which is particularly important given the weighty separation-of-powers concerns at issue here and the fact that Plaintiffs contend that Congress's use of the CRA's expedited procedures to nullify California's CAA waivers was unlawful. By addressing congressional practice and intent regarding the CRA, as well as the Constitution's protection of congressional rulemaking from judicial review, the House's participation will provide the Court with an important additional perspective regarding this dispute. Accordingly, the House should be granted leave to participate as *amicus curiae*.

## CONCLUSION

For the foregoing reasons, the House's motion for leave to file the attached *amicus curiae* brief should be granted.

Respectfully submitted,

/s/ Matthew B. Berry
Matthew B. Berry, VA Bar No. 42600
   *General Counsel*
Todd B. Tatelman, VA Bar No. 66008
   *Deputy General Counsel*
Kenneth C. Daines, D.C. Bar No. 1600753
   *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Matthew.Berry@mail.house.gov

*Counsel for Amicus Curiae the United States House of Representatives*[5]

November 24, 2025

---

[5] Attorneys for the Office of General Counsel for the U.S. House of Representatives and "any counsel specially retained by the Office of General Counsel" are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, I caused the foregoing document to be filed via the U.S. District Court for the Northern District of California's CM/ECF system, which I understand caused service on all registered parties.

/s/ Matthew B. Berry
Matthew B. Berry