ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER (DC Bar #1028454)
*Deputy Assistant Attorney General*
JEFFREY HUGHES (NY Bar #5367214)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 532-3080 (Hughes)
robert.stander@usdoj.gov
jeffrey.hughes@usdoj.gov

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
Civil Division
JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch
STEPHEN M. PEZZI (FL Bar #1041279)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-8576
stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:25-cv-04966-HSG<br><br>**UNITED STATES' RESPONSE TO PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTIONS** |

In their notice of pendency of other actions, Plaintiffs identify *Daimler Truck North America LLC v. California Air Resources Board*, No. 2:25-cv-02255-DC-AC (E.D. Cal.) (the "Daimler Action") as an action with a material overlap of subject matter and a substantial overlap of parties. *See* Dkt. No. 142 at 5. Therefore, they state, "transfer of this case to the Eastern District may be warranted." Dkt. No. 142 at 5. The Court should not transfer this case to the Eastern District of California—in which an action with different parties and claims, and in a distinct procedural posture, is pending—because doing so would not conserve judicial resources or streamline either action. In addition, the Court should be aware of seven additional cases in which the preemption waivers invalidated by the joint resolutions challenged in this case are at issue.

**I.      Plaintiffs filed their complaint and amended complaint in this district, and the case should remain here.**

Plaintiffs filed this case—challenging certain alleged "actions" by EPA and three joint resolutions disapproving Clean Air Act preemption waivers—in this Court on June 12, 2025. Dkt. No. 1. Nearly two months later, Daimler Truck North America LLC, International Motors, LLC, Paccar Inc., and Volvo Group North America LLC filed suit in the Eastern District of California against the California Air Resources Board (CARB), the executive officer of CARB, and the governor of California. Dkt. No. 1, No. 2:25-cv-02255-DC-AC. The United States moved to intervene shortly thereafter, Dkt. No. 43, No. 2:25-cv-02255-DC-AC, and the court granted the motion, Dkt. No. 54, No. 2:25-cv-02255-DC-AC.

The *Daimler* court subsequently issued an order to show cause directing the parties to explain why the Daimler Action should not be transferred to this Court in light of this case. Dkt. No. 55, No. 2:25-cv-02255-DC-AC. The United States' response explained that the Daimler Action involved different claims and parties, and that venue was proper in the Eastern District of California—where all defendants in that case reside—and not in this district. Dkt. No. 59 at 1–3, No. 2:25-cv-02255-DC-AC. Plaintiffs argued that transfer of the later-filed case—the Daimler Action—to this Court would serve judicial economy and minimize the risk of conflicting judgments. Dkt. No. 61 at 1, 4, No. 2:25-cv-02255-DC-AC. The court rejected Plaintiffs' arguments and determined that the Daimler Action should remain in the Eastern

District. Dkt. No. 72, No. 2:25-cv-02255-DC-AC.

On September 26, 2025, Plaintiffs in this action filed a notice of pendency of other actions. Dkt. No. 142. Plaintiffs' notice stated that transfer to the Eastern District "may be appropriate" in light of the Daimler Action even though Plaintiffs chose this forum for this case. *Id.* at 5. Plaintiffs then filed an amended complaint in this case on October 10, 2025. Dkt. No. 157.

This case should not be transferred to the Eastern District of California because the Daimler Action involves different claims and different parties, and transfer would not conserve judicial resources. The Daimler Action is a suit brought by certain truck manufacturers challenging the Clean Truck Partnership, a regulatory enforcement tool styled as a "contract" between CARB and those manufacturers. The Clean Truck Partnership incorporates specific California emissions standards that would only be effective if accompanied by a waiver granted by EPA. Under the Clean Truck Partnership, the manufacturers must comply with certain electric-vehicle mandates, among other emissions standards, even if a court determines that the standards are unlawful or that California lacks authority to enforce them. *See* Dkt. No. 1 ¶ 42, No. 2:25-cv-02255-DC-AC. CARB entered into the Clean Truck Partnership even though the Clean Air Act prohibits any "attempt to enforce any standard relating to the control of emissions from new motor vehicles" or "engines" without a preemption waiver from EPA. 42 U.S.C. § 7543(a).

As noted previously, the *Daimler* court has already rejected transfer of that action to this Court; this decision was sound. This case is unrelated to the Daimler Action because the cases involve different parties and different claims. In this case, a group of 11 States sued the United States, the U.S. EPA, Lee Zeldin as the Administrator of the EPA, and the President of the United States. Plaintiffs challenge three joint resolutions of Congress enacted under the Congressional Review Act. Those joint resolutions revoke preemption waivers that EPA had issued under the Clean Air Act for three sets of California's vehicle emissions standards. The States argue that the joint resolutions are invalid on statutory and constitutional grounds.

1       The Daimler Action, by contrast, centers on the Clean Truck Partnership, which is not at issue here. In that case, truck manufacturers sued CARB, its executive officer Steven Cliff, and California Governor Gavin Newsom. Dkt. No. 1, No. 2:25-cv-02255-DC-AC. None of those parties is a party in this case. The truck manufacturers assert claims for preemption, violation of their First Amendment speech rights, and state law claims for unlawful underground regulations. Each of those claims focuses on the Clean Truck Partnership, a regulatory enforcement mechanism in the guise of a contract. None of those claims is asserted in this case.

It is true that one reason California's emissions regulations are preempted is because of Congress's joint resolutions under the Congressional Review Act, *see generally* Dkt. No. 172, and California is expected to challenge the validity of those joint resolutions as a partial defense in the Daimler Action. But the existence of the some of the same legal arguments about congressional action does not render cases related where they involve different parties and claims.

Moreover, the procedural postures of the cases render efficient consolidation impossible or impractical. In the Daimler Action, the court has already entered a preliminary injunction enjoining California from implementing, enforcing, attempting to enforce or threatening to enforce the Clean Truck Partnership. Dkt. No. 94 at 34, No. 2:25-cv-02255-DC-AC. The parties have completed motion to dismiss briefing revolving around issues of the United States' standing, *see* Dkt. Nos. 77, 83, 102, No. 2:25-cv-02255-DC-AC, and, for the industry plaintiffs, sovereign immunity, standing, ripeness, mootness and failing to state viable claims that have not been raised in this Court, *see* Dkt. Nos. 78, 84, 103, No. 2:25-cv-02255-DC-AC. By contrast, in this case, the United States has filed a motion to dismiss the amended complaint squarely addressing Plaintiffs' Administrative Procedure Act, ultra vires, and constitutional claims, *see* Dkt. No. 172, and the parties have agreed to—and this Court has ordered—a briefing schedule and hearing date in this Court, *see* Dkt. No. 162. Transferring this case—in which motion to dismiss briefing revolving around different arguments by different parties on different claims on a different track from the briefing in the Daimler Action—to the Eastern District would not

conserve judicial resources.

## II. There are seven cases pending in the circuit courts with an overlap of subject matter and similar parties.

There are five petitions for review predating Plaintiffs' original complaint and two actions filed by Plaintiffs after initiating this action with an overlap of subject matter and parties..

1. *Western States Trucking Association, Inc. v. EPA*, No. 23-1143, 23-1144, 23-1145, 23-1146, 23-1147, 23-1148 (D.C. Cir.) ("Advanced Clean Trucks Action"). [1] Petitioners in the Advanced Clean Trucks Action seek review of a preemption waiver issued to California for its Advanced Clean Trucks rule, *see* Dkt. No. 2002360, No. 23-1143 (D.C. Cir.), one of the three preemption waivers disapproved by Congress and at issue in this case, *see* FAC ¶ 14. All of the states that are plaintiffs in this case (except New Mexico) are intervenor-respondents in the Advanced Clean Trucks Action. *See* Dkt. No. 2009161, No. 23-1143 (D.C. Cir.). Western States Trucking Association, Construction Industry Air Quality Coalition, American Fuel & Petrochemical Manufacturers, American Petroleum Institute, and National Association of Convenience Stores are petitioners in the Advanced Clean Trucks Action and have moved to intervene in this case. Dkt. Nos. 61, 112. The Advanced Clean Trucks Action is in abeyance pending the resolution of two other cases pending in the D.C. Circuit: *Ohio v. EPA*, No. 22-1081 (D.C. Cir.) and *Texas v. EPA*, No. 22-1031 (D.C. Cir.). Dkt. No. 2032808, No. 23-1143 (D.C. Cir.).

2. *American Free Enterprise Chamber of Commerce v. EPA*, No. 25-89, 25-1475, & 25-1480 (9th Cir.) ("Omnibus Action"). [2] Petitioners in the Omnibus Action seek review of a preemption waiver issued to California for its Omnibus Low NOx rule, *see* Dkt. No. 1, No. 25-89 (9th Cir.), one of the three preemption waivers disapproved by Congress and at issue in this case, *see* FAC ¶ 14. All of the states that are plaintiffs in this case (except New Mexico) are

---

[1] The petition for review filed in *Western States Trucking Association, Inc. v. EPA*, No. 23-1143 (D.C. Cir.) is attached as Exhibit A.
[2] The petition for review filed in *American Free Enterprise Chamber of Commerce v. EPA*, No. 25-89 (9th Cir.) is attached as Exhibit B.

DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTIONS
CASE NO. 4:25-CV-04966
4

1   intervenor-respondents in the Omnibus Action. Dkt. No. 10, No. 25-89 (9th Cir.). American Free Enterprise Chamber of Commerce, Western States Trucking Association, and American Fuel & Petrochemical Manufacturers are petitioners in the Omnibus Action and have moved to intervene in this case. Dkt. Nos. 49, 61, 112.

In August of this year, EPA moved to dismiss the Omnibus Action as moot in light of the passage of the joint resolution disapproving the Omnibus Low NOx rule. Dkt. No. 31, No. 25-89 (9th Cir.). California and a collection of states and cities cross-moved for an abeyance pending the outcome of this case, or, in the alternative, asked the Ninth Circuit to order full merits briefing. Dkt. No. 42, No. 25-89 (9th Cir.) EPA's reply is currently due December 3, 2025.

3.  *American Fuel & Petrochemical Manufacturers v. EPA*, No. 25-1083 (D.C. Cir.) ("D.C. Omnibus Action").[3] The D.C. Omnibus Action is the D.C. Circuit analogue to the Omnibus Action pending in the Ninth Circuit. Parties have filed in both circuits to ensure venue is proper in at least one case. *See* 42 U.S.C. § 7607(b)(1) (addressing venue for petitions for review of final actions taken by EPA under the Clean Air Act). All of the states that are plaintiffs in this case (except New Mexico) have moved to intervene as respondents in the D.C. Omnibus Action. Dkt. No. 2105276, No. 25-1083 (D.C. Cir.). American Fuel & Petrochemical Manufacturers is a petitioner in the D.C. Omnibus Action and has moved to intervene in this case. Dkt. No. 61.

The D.C. Omnibus Action is currently in abeyance pending the Ninth Circuit's resolution of EPA's motion to dismiss in the Omnibus Action. Dkt. No. 2135172, No. 25-1083 (D.C. Cir.).

4.  *American Free Enterprise Chamber of Commerce v. EPA*, No. 25-106, 25-1478, & 25-1493 (9th Cir.) ("ACCII Action").[4] Petitioners in the ACCII Action seek review of a preemption waiver issued to California for its Advanced Clean Cars II rule, *see* Dkt. No. 1, No.

---

[3] The petition for review filed in *American Fuel & Petrochemical Manufacturers v. EPA*, No. 25-1083 (D.C. Cir.) is attached as Exhibit C.

[4] The petition for review filed in *American Free Enterprise Chamber of Commerce v. EPA*, No. 25-106 (9th Cir.) is attached as Exhibit D.

25-106 (9th Cir.), one of the three preemption waivers disapproved by Congress and at issue in this case, *see* FAC ¶ 14. All of the states that are plaintiffs in this case (except New Mexico) have moved to intervene as respondents in the ACCII Action. Dkt. No. 8, No. 25-106 (9th Cir.). American Free Enterprise Chamber of Commerce, American Fuel & Petrochemical Manufacturers, American Petroleum Institute, and National Association of Convenience Stores are petitioners in the ACCII Action and have moved to intervene in this case. Dkt. Nos. 49, 61.

In August of this year, EPA moved to dismiss the ACCII Action as moot in light of the passage of the joint resolution disapproving the Advanced Clean Cars II waiver. Dkt. No. 33, No. 25-106 (9th Cir.). California and a collection of states and cities cross-moved for an abeyance pending the outcome of this case, or, in the alternative, asked the Ninth Circuit to order full merits briefing. Dkt. No. 48, No. 25-106 (9th Cir.). EPA's reply is currently due December 3, 2025.

5. *Valero Renewable Fuels Company, LLC v. EPA*, No. 25-1078, 25-1082, & 25-1085 (D.C. Cir.) ("D.C. ACCII Action").[5] The D.C. ACCII Action is the D.C. Circuit analogue to the ACCII Action pending in the Ninth Circuit. All of the states that are plaintiffs in this case (except New Mexico) have moved to intervene as respondents in the D.C. ACCII Action. Dkt. No. 2104371, No. 25-1078 (D.C. Cir.). American Fuel & Petrochemical Manufacturers, American Petroleum Institute, and National Association of Convenience Stores are petitioners in the D.C. ACCII Action and have moved to intervene in this case. Dkt. No. 61.

The D.C. ACCII Action is currently in abeyance pending the Ninth Circuit's resolution of EPA's motion to dismiss in the ACCII Action. Dkt. No. 2134717, No. 25-1078 (D.C. Cir.).

6. *California v. EPA*, No. 25-5071 (9th Cir.).[6] On August 11, 2025, the Plaintiff States in this action filed a petition for review under the Clean Air Act of two purported EPA "actions": a press release titled "Trump EPA to Transmit California Waivers to Congress in

---

[5] The petition for review filed in *Valero Renewable Fuels Company, LLC v. EPA*, No. 25-1078 (D.C. Cir.) is attached as Exhibit E.

[6] The petition for review filed in *California v. EPA*, No. 25-5071 (9th Cir.) is attached as Exhibit F.

DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTIONS
CASE NO. 4:25-CV-04966

6

Accordance with Statutory Reporting Requirements," and EPA's submissions to Congress of the preemption waivers at issue in this case. Dkt. No. 1, No. 25-5071 (9th Cir.). These alleged "actions" are also at issue in Plaintiffs' Administrative Procedure Act claim in this case. FAC ¶¶ 123, 126. The Petitioner States filed a motion to hold their petition for review in abeyance pending final disposition in this case. Dkt. No. 16, 25-5071 (9th Cir.). EPA consented to an abeyance of 45 days but opposed a longer abeyance. Dkt. No. 19, 25-5071 (9th Cir.). The Ninth Circuit granted an abeyance through October 13, 2025. Dkt. No. 20, 25-5071 (9th Cir.). In light of the lapse of appropriations for the Department of Justice, the abeyance will lift December 10, 2025.

    7.    *California v. EPA*, No. 25-1174 (D.C. Cir.).[7] This case is the D.C. Circuit analogue to *California v. EPA* (25-5071) that is pending in the Ninth Circuit. The Petitioner States similarly filed a motion to hold the case in abeyance pending the final disposition of this case. Dkt. No. 2131140, No. 25-1174 (D.C. Cir.), and EPA again opposed in part, Dkt. No. 2132823, No. 25-1174 (D.C. Cir.). The court granted the Petitioner States' motion on November 14, 2025. Dkt. No. 2145305, No. 25-1174 (D.C. Cir.).

## Conclusion

For the reasons stated above, this Court should not transfer this case to the Eastern District.

---

[7] The petition for review filed in *California v. EPA*, No. 25-1174 (D.C. Cir.) is attached as Exhibit G.

Dated: November 24, 2025                    Respectfully submitted,

| | |
|---|---|
| YAAKOV M. ROTH<br>*Principal Deputy Assistant Attorney General*<br>Civil Division | ADAM R.F. GUSTAFSON<br>*Principal Deputy Assistant Attorney General* |
| JOSEPH E. BORSON<br>*Assistant Branch Director*<br>Federal Programs Branch | ROBERT N. STANDER (DC Bar #1028454)<br>*Deputy Assistant Attorney General* |
| STEPHEN M. PEZZI (FL Bar #1041279)<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch | */s/ Jeffrey Hughes*<br>JEFFREY HUGHES (NY Bar #5367214)<br>United States Department of Justice<br>Environment and Natural Resources Division<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 717-7067 (Stander)<br>(202) 532-3080 (Hughes)<br>robert.stander@usdoj.gov<br>jeffrey.hughes@usdoj.gov<br><br>*Attorneys for Defendants* |