1   ROB BONTA
    Attorney General of California
2   MYUNG J. PARK
    Supervising Deputy Attorney General
3   KATHERINE GAUMOND, State Bar No. 349453
    CAITLAN MCLOON, State Bar No. 302798
4   CECILIA D. SEGAL, State Bar No. 310935
    EMMANUELLE S. SOICHET, State Bar No. 290754
5   M. ELAINE MECKENSTOCK, State Bar No. 268861
    Deputy Attorney General
6     1515 Clay Street, 20th Floor
      P.O. Box 70550
7     Oakland, CA  94612-0550
      Telephone:  (510) 879-0299
8     Fax:  (510) 622-2270
      E-mail:  Elaine.Meckenstock@doj.ca.gov
9   *Attorneys for Plaintiff State of California*
    (additional counsel on signature pages)
10
                    IN THE UNITED STATES DISTRICT COURT
11
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13

14  **STATE OF CALIFORNIA, STATE OF**              Case No. 4:25-cv-04966-HSG
    **COLORADO, STATE OF DELAWARE,**
15  **COMMONWEALTH OF**
    **MASSACHUSETTS, STATE OF NEW**
16  **JERSEY, STATE OF NEW MEXICO,**
    **STATE OF NEW YORK, STATE OF**
17  **OREGON, STATE OF RHODE ISLAND,**            **PLAINTIFFS' OPPOSITION TO**
    **STATE OF VERMONT,** and **STATE OF**         **PROPOSED INTERVENOR-**
18  **WASHINGTON,**                                **DEFENDANTS AMERICAN FREE**
                                                   **ENTERPRISE CHAMBER OF**
19                              Plaintiffs,        **COMMERCE ET AL.'S MOTION FOR**
                                                   **LEAVE TO FILE MOTION TO DISMISS**
20           v.
                                                   Date:       January 8, 2026
21                                                 Time:       2:00 p.m.
    **UNITED STATES OF AMERICA, U.S.**             Judge:      Hon. Haywood S. Gilliam, Jr.
22  **ENVIRONMENTAL PROTECTION**
    **AGENCY, LEE ZELDIN,** in his official        Action filed: June 12, 2025
23  capacity as Administrator of the U.S.
    Environmental Protection Agency, and
24  **DONALD J. TRUMP,** in his official capacity
    as President of the United States,
25
                                Defendants.
26

27

28

Pursuant to Civil Local Rule 7-3(a), Plaintiffs State of California et al. respectfully submit this opposition to Proposed Intervenor-Defendants American Free Enterprise Chamber of Commerce et al.'s ("AmFree") Motion for Leave to File a Motion to Dismiss Plaintiffs' Amended Complaint, filed on November 17, 2025. ECF No. 170 ("Mot.").

## STATEMENT OF ISSUE TO BE DECIDED

In the event the Court grants AmFree's motion to intervene, under what conditions should AmFree be permitted to file a motion to dismiss?

## STATEMENT OF RELEVANT FACTS

On June 12, 2025, Plaintiffs filed this action challenging the legality of the federal government's unprecedented attempt, absent administrative or judicial process, to annul three waivers of Clean Air Act preemption that the U.S. Environmental Protection Agency (EPA) issued to California authorizing the adoption and enforcement of recent amendments to the State's vehicle emission program. ECF No. 1, ¶¶ 4-13. California has had such a program for more than 60 years, and has received the requisite preemption waivers for amendments to that program since Congress created the waiver provision in 1967. *Id.* ¶¶ 33-41.

On July 25, 2025, the Zero Emission Transportation Association (ZETA) filed an unopposed motion to intervene as a plaintiff. ECF Nos. 43, 47. ZETA's proposed complaint-in-intervention raises legal issues in common with those raised by Plaintiffs. *See generally* ECF No. 43-1.

Between August 4, 2025 and September 15, 2025, multiple groups of proposed intervenor-defendants filed a series of five motions to intervene, collectively representing 21 entities. *See* ECF Nos. 49, 61, 86, 92, 112. Plaintiffs opposed each motion. ECF Nos. 84, 85, 90, 117, 145. Among other things, Plaintiffs argued that the proposed intervenor-defendants' alleged interests relate to the lawfulness of EPA's decision to grant the waivers and not the congressional resolutions at issue in this case, and thus are neither sufficiently related to, nor impaired by, Plaintiffs' claims. *E.g.*, ECF No. 145 at 4-6. Plaintiffs also argued that the proposed intervenor-defendants' participation as parties risks prejudicing Plaintiffs both by injecting collateral issues into the case and introducing duplication and delay. *E.g.*, *id.* at 9-12. Plaintiffs requested that the

1

Court deny all five motions and permit the proposed intervenor-defendants to instead present their views on the case in amicus briefs. In the alternative, Plaintiffs asked the Court to exercise its discretion to impose reasonable case management conditions to mitigate the risk of prejudice and ensure the case proceeds efficiently. *E.g.*, *id.* at 12-13.

On September 19, 2025, the United States moved to dismiss Plaintiffs' complaint. ECF No. 118. Several groups moved for leave to file amicus briefs in support of the United States' motion. ECF Nos. 120, 138, 139, 141. Plaintiffs later amended their complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which had the effect of mooting the United States' motion to dismiss and the motions for leave to file amicus briefs. ECF No. 157; *see also* ECF Nos. 151, 153-156.

On October 23, 2025, the Court granted the parties' stipulated briefing schedule for the United States' motion to dismiss the amended complaint. ECF No. 162. Pursuant to that schedule, the United States filed its motion on November 17, 2025; Plaintiffs' opposition is due December 23, 2025; the United States' reply is due January 19, 2026; and the hearing is calendared for January 29, 2026. *Id.* at 1-2. The schedule also provides deadlines for amici briefs in support of the United States' motion and Plaintiffs' opposition, with both parties consenting to the filing of such briefs. *Id.* To date, four groups of amici have filed motions and proposed briefs in support of the United States. ECF Nos. 176, 177, 178, 179.

With its motion to intervene pending, AmFree now seeks leave to file its own motion to dismiss, appended to its motion for leave. Mot. 2:2-11 & Ex. A. Briefing on AmFree's motion for leave will be complete on December 8, 2025, and the hearing is set for January 8, 2026. Mot. 2:2; ECF No. 171. Two sets of other proposed defendant-intervenors filed similar motions. ECF Nos. 173, 174.

## ARGUMENT

The Court should deny AmFree's motion for leave. AmFree asserts that it seeks "to preserve [its] ability to participate in this case without disrupting the Court's schedule." Mot. 3:17-18. But the motion for leave does nothing to demonstrate a right to such participation at all, much less at the motion to dismiss stage. To the contrary, AmFree's proposed motion to dismiss

2

1    only underscores that AmFree's intervention should be denied because its interests are adequately

2    represented and because its participation will cause prejudicial delay. Indeed, permitting AmFree

3    to file a motion to dismiss now *would* disrupt the existing schedule approved by the Court,

4    contrary to AmFree's contention. That schedule does not contemplate motions to dismiss filed

5    after November 17, and Plaintiffs would require more time and more pages to respond to any

6    later-filed, additional motions. Finally, even if AmFree's intervention were granted, its motion for

7    leave should be denied because any motion(s) to dismiss filed by intervenors should be subject to

8    case management conditions, as laid out in Plaintiffs' oppositions to the motions to intervene—

9    conditions that could very well preclude the filing of AmFree's motion to dismiss as currently

10   proposed.

11        1. To begin, Plaintiffs opposed AmFree's motion to intervene, ECF No. 84, and thus

12   maintain that AmFree should not be permitted to file a motion to dismiss at all. AmFree's

13   proposed motion to dismiss confirms the point. For example, Plaintiffs contended that AmFree's

14   interests are adequately represented by the United States and that the possibility of divergent

15   litigation choices is insufficient to overcome the presumption of adequacy that attaches where, as

16   here, "the Department of Justice deploys its formidable resources to defend the constitutionality

17   of a congressional enactment." *Id.* at 6:17-7:12 (quoting *Freedom from Religion Found., Inc. v.*

18   *Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)). As is now evident even from the table of contents

19   of each motion, the United States is robustly defending the federal actions at issue and is more

20   than capable of making the arguments AmFree advances. *Compare* ECF No. 172 at i-ii, *with* ECF

21   No. 170-1 at ii. *See also Drakes Bay Oyster Co. v. Salazar*, No. 12-cv-6134, 2013 WL 451813, at

22   *9 & n.6 (N.D. Cal. Feb. 4, 2013) (cited at Mot. 3:18-19) (relying on movant-intervenors'

23   proposed opposition brief to assess their motion to intervene and finding the brief "very closely

24   tracks" and "duplicat[es]" defendants' arguments, weighing against intervention). To the extent

25   the United States' motion does not contain every single argument that AmFree's motion does,

26   that difference by itself cannot defeat the presumption of adequate representation. *See Arakaki v.*

27   *Cayetano*, 324 F.3d 1078, 1087-88 (9th Cir. 2003) (presumption not rebutted where state

28   defendants would "make all arguments necessary to defend" proposed intervenors' interests and

3

1    "no conflict[s]" would prevent such a defense); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d

2    947, 955 (9th Cir. 2009) ("[T]he use of different arguments as a matter of litigation judgment is

3    not inadequate representation *per se*." (quoting *Daggett v. Comm'n on Gov't Ethics & Election*

4    *Practices*, 172 F.3d 104, 112 (1st Cir. 1999))). If AmFree believed the federal government's

5    motion to dismiss required supplementation, it could have opted to present its views in an amicus

6    brief, as Plaintiffs previously argued it could. ECF No. 84 at 8. Indeed, the parties consented to

7    and incorporated deadlines for such briefs into their scheduling stipulation, granted by the Court

8    more than three weeks before AmFree filed the present motion. ECF No. 162 at 1-2.

9          Plaintiffs also opposed AmFree's motion to intervene given the duplication and delay

10   AmFree's and other proposed defendant-intervenors' participation could introduce. ECF No. 84

11   at 8:7-27. That, too, is borne out by the recently filed motions. AmFree and the other two sets of

12   proposed intervenor-defendants' proposed motions to dismiss contain arguments that

13   substantially overlap not just with the United States' brief, but with each other. *Compare, e.g.*,

14   ECF No. 172 at 14-16 (arguing Plaintiffs lack standing for their statutory claims against EPA);

15   ECF No. 170-1 at 13-15 (same); ECF No. 173-1 at 14-15 (same); ECF No. 174-1 at 13-15

16   (same); *compare also, e.g.*, ECF No. 170-1 at 23-24 (arguing that the preemption waivers are

17   rules, not adjudications); ECF No. 173-1 at 17-18 (same); ECF No. 174-1 at 17-19 (same). Far

18   from eliminating prejudice to Plaintiffs, this overlap requires Plaintiffs to sift through, at

19   minimum, four sets of arguments and endeavor to account for and respond to any differences

20   across each. For example, while the United States and AmFree both argue that Plaintiffs fail to

21   state a Tenth Amendment claim, they rely on different authorities to do so. *Compare* ECF No.

22   172 at 28-30, *with* ECF No. 170-1 at 21-25. AmFree's attempt to file a motion to dismiss also

23   demonstrates that the participation of proposed intervenor-defendants will delay forward progress

24   of this litigation because, as described below, it will disrupt the orderly schedule agreed to by the

25   parties and adopted by the Court.

26         2. In fact, if AmFree's proposed motion to dismiss were treated as filed (as AmFree

27   requests), it would necessarily alter—and thereby disrupt—the existing negotiated and court-

28   approved schedule. *Contra* Mot. 3:18. That schedule provides Plaintiffs with approximately five

4

weeks (including holidays) to prepare and file a response to the United States' motion and four

weeks to consider amici briefs in support; it does not contemplate additional motions to dismiss

filed after November 17. ECF No. 162. If AmFree's motion to dismiss were filed now, Plaintiffs

would require additional time—and pages—to file a response. *See Drakes Bay Oyster Co.*, 2013

WL 451813, at *9 n.6 (cited at Mot. 3:18-19) (granting plaintiffs leave to file a response to

movant-intervenors' earlier filed opposition brief); *Wash. Cattlemen's Ass'n v. EPA*, No. 19-cv-

569, 2019 WL 3206052, at *2 (W.D. Wash. July 16, 2019) (cited at Mot. 3:21-22) (granting

plaintiff "additional time to fully respond" to movant-intervenors' proposed opposition brief).

That would prejudice Plaintiffs by delaying resolution of the motion to dismiss stage of this

litigation.[1]

All of this confirms Plaintiffs' point that allowing AmFree (and potentially four other

groups of intervenor-defendants) to participate in this case will inevitably cause prejudicial delay,

counseling against these groups' intervention. But even if the Court disagrees and decides to grant

AmFree's motion to intervene, it need not permit participation in the motion to dismiss stage.

Rather, it should limit participation to whatever proceedings follow resolution of the United

States' already filed motion to dismiss. *See Kivalina Relocation Plan. Comm. v. Teck Cominco

Alaska Inc.*, 81 F. App'x 640, 641 (9th Cir. Nov. 17, 2003) (mem.) (limiting intervention as of

right to remedial phase of the litigation); *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642

F.3d 728, 741 (9th Cir. 2011) (describing district court's discretion to limit permissive

intervention "to particular issues").

3. Finally, even if AmFree were ultimately granted intervention and permitted to file *a*

motion to dismiss, it is premature to grant it permission to file *this* motion to dismiss. Plaintiffs'

opposition to AmFree's motion to intervene requested that reasonable limitations be placed on

AmFree's participation, should it become a party to the case. For example, Plaintiffs requested

that all private movant-intervenors be required to jointly brief and argue all dispositive motions,

---

[1] The alternative AmFree appears to suggest—i.e., requiring Plaintiffs to preemptively respond on the existing schedule to AmFree's proposed motion to dismiss, without knowing whether AmFree will even be a party to the case—would unquestionably and seriously prejudice Plaintiffs.

5

1    and that the combined total page limit for their brief be limited to two-thirds the page limit

2    allowed to the United States. *See* ECF No. 84 at 9:6-20; ECF No. 145 at 12:21-13:14. The

3    proposed motions to dismiss filed by AmFree and other proposed intervenor-defendants confirms

4    that these requested limitations are both reasonable and appropriate. The United States' motion is

5    30 pages long. ECF No. 172. Rather than be limited to a single brief of 20 pages, AmFree and the

6    other proposed intervenor-defendants have filed three separate briefs totaling nearly 75 pages.

7    ECF Nos. 170-1, 173-1, 174-1. In the event the Court grants AmFree's intervention but also

8    imposes one or more of Plaintiffs' requested conditions, that could materially alter the length and

9    scope of any motion to dismiss AmFree may join.

10                                         **CONCLUSION**

11           For the foregoing reasons, AmFree's motion for leave to file a motion to dismiss should be

12    denied (as should its motion to intervene). If the Court is nonetheless inclined to grant AmFree

13    intervention, Plaintiffs respectfully request that the Court structure AmFree's participation to

14    minimize disruptions to the case and conserve the Court's and parties' resources, such as by

15    limiting intervention to later stages of the litigation or requiring all private intervenor-defendants

16    to submit a consolidated motion to dismiss limited to 20 pages (and providing Plaintiffs a full

17    opportunity to respond).

18

19    Dated:  December 1, 2025                    Respectfully submitted,

20                                                ROB BONTA
                                                  Attorney General of California
21                                                MYUNG J. PARK
                                                  Supervising Deputy Attorney General

22

23                                                */s/ Cecilia D. Segal*
                                                  CECILIA D. SEGAL
24                                                Deputy Attorney General
                                                  *Attorneys for Plaintiff State of California*
25

26

27

28

**PHILIP J. WEISER**
*Attorney General for the State of Colorado*

/s/ Carrie Noteboom
CARRIE NOTEBOOM*
Assistant Deputy Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6285
Carrie.noteboom@coag.gov

**KATHLEEN JENNINGS**
*Attorney General of the State of Delaware*

By: /s/ Vanessa L. Kassab
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB*
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

**ANDREA JOY CAMPBELL**
*Attorney General for the Commonwealth of Massachusetts*

/s/ Seth Schofield
SETH SCHOFIELD*
Senior Appellate Counsel
JON WHITNEY*
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Flr.
Boston, Mass. 02108
(617) 727-2200
seth.schofield@mass.gov
jon.whitney@mass.gov

**MATTHEW J. PLATKIN**
*Attorney General for the State of New Jersey*

/s/ Lisa J. Morell
LISA J. MORELLI
Deputy Attorney General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
(609) 376-2740
Lisa.Morelli@law.njoag.gov

**RAÚL TORREZ**
*Attorney General for the State of New Mexico*

/s/ William Grantham
WILLIAM GRANTHAM*
Assistant Attorney General
408 Galisteo Street
Santa Fe, New Mexico 87501
(505) 717-3520
wgrantham@nmdoj.gov

**LETITIA JAMES**
*Attorney General for the State of New York*

/s/ Ashley M. Gregor
ASHLEY M. GREGOR*
Assistant Attorney General
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8454
ashley.gregor@ag.ny.gov

7

**DAN RAYFIELD**
*Attorney General for the State of Oregon*

*/s/ Paul Garrahan*
PAUL GARRAHAN*
Sr. Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov


**PETER F. NERONHA**
*Attorney General for the State of Rhode Island*

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ*
Special Assistant Attorney General
Office of the Attorney General
Chief, Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Admitted pro hac vice*

**CHARITY R. CLARK**
*Attorney General for the State of Vermont*

*/s/ Hannah Yindra*
HANNAH YINDRA*
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov


**NICHOLAS W. BROWN**
*Attorney General for the State of Washington*

*/s/ Alexandria Doolittle*
ALEXANDRIA K. DOOLITTLE*
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6769
Alex.Doolittle@atg.wa.gov

Pursuant to Local Rule 5-1(i), I attest that all signatories to this document concurred in its filing.

*/s/ Cecilia D. Segal*
Cecilia D. Segal
Counsel for Plaintiff State of California

8