ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
CAITLAN MCLOON, State Bar No. 302798
M. ELAINE MECKENSTOCK, State Bar No. 268861
CECILIA D. SEGAL, State Bar No. 310935
EMMANUELLE S. SOICHET, State Bar No. 290754
KATHERINE GAUMOND, State Bar No. 349453
Deputy Attorneys General
  455 Golden Gate Ave
  Suite 11000
  San Francisco, CA  94102
  Telephone:  (415) 510-4439
  Fax:  (415) 703-5480
  E-mail:  Katherine.gaumond@doj.ca.gov
Attorneys for Plaintiff State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT,** and **STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN**, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and **DONALD J. TRUMP**, in his official capacity as President of the United States,<br><br>Defendants. | 4:25-cv-04966-HSG<br><br>**PLAINTIFF STATE OF CALIFORNIA'S NOTICE OF PENDENCY OF OTHER ACTIONS**<br><br>Judge:      Hon. Haywood S. Gilliam, Jr.<br>Trial Date:   Not Set<br>Action Filed: June 12, 2025 |

1

Pursuant to Civil Local Rule 3-13, Plaintiff State of California (hereafter, California) respectfully submits this Notice of Pendency of Other Actions concerning a case filed by California (but not the other Plaintiff States here).

## A.    Description and Procedural Posture of the Other Action

On June 12, 2026, the United States Environmental Protection Agency (EPA) issued a press release announcing the agency had "determined that" four waivers granted to California pursuant to the Clean Air Act are "rule[s] under the CRA [Congressional Review Act]" and had "transmitted" these waivers to Congress. EPA, *EPA Fulfils Statutory Obligation by Transmitting Four California Waiver Rules to Congress* (EPA Press Release), available at https://www.epa.gov/newsreleases/epa-fulfills-statutory-obligation-transmitting-four-california-waiver-rules-congress, last visited June 21, 2026. Congress has not yet taken action on those transmissions. On June 22, 2026, California filed a complaint in the United States District Court for the District of Columbia challenging EPA's actions to "determine[]" these waivers are rules and "transmit" them to Congress, actions taken entirely within the District of Columbia. *See* EPA Press Release. California's complaint states that those actions violate the Administrative Procedure Act and/or are ultra vires. Pursuant to Local Rule 3-13(b)(2), a copy of the operative complaint in this just-filed case is attached hereto as Exhibit A.

## B.    Relationship between this Case and the Other Action and Whether Transfer Should be Effectuated

In this case (*California v. United States*), California and the ten other Plaintiff States sued the United States, the President in his official capacity, EPA, and EPA's Administrator in his official capacity. ECF 157 at 1, First Amended Complaint (FAC). Plaintiff States challenge actions taken by the Federal Government in 2025 with respect to Clean Air Act preemption waivers granted to California in 2023 and 2024 authorizing enforcement of three California regulations—the Advanced Clean Trucks regulation, the Omnibus Low NOx regulation, and the Advanced Clean Cars II regulation. *E.g.*, *id.* ¶¶ 44-46, 69-71, 74-76. That lawsuit followed EPA's transmission of those other California waivers to Congress as well as Congress's subsequent adoption of resolutions concerning those waivers and the President's signing of those resolutions.

Specifically, Plaintiffs allege that three congressional resolutions purporting to disapprove these three waivers are unconstitutional because they violate the separation of powers and the Tenth Amendment and principles of structural federalism. *Id.* ¶¶ 150-169. Plaintiff States also allege that EPA's unexplained and post-hoc effort to reclassify these three waivers from orders into rules and the agency's transmission of the waivers to Congress and the GAO violate the Administrative Procedure Act and/or are ultra vires. *Id.* ¶¶ 121-148.

In the case that is the subject of this notice (*California v. EPA*), California alone challenges EPA's June 12, 2026 determination that four different waivers granted between 2009 and 2024 are rules and EPA's transmission of those waivers to Congress. *See* EPA Press Release; Ex A ¶¶ 7-17, 32. The four waivers at issue in these EPA actions authorize California to enforce 1) greenhouse gas emission standards that took effect in model year 2009; 2) California's Advanced Clean Cars I regulation (promulgated in 2012); and 3) amendments to California's Small Offroad Engine (SORE) regulations (promulgated in 2021) that require reductions in emissions from equipment such as leaf blowers and lawnmowers sold in the State. *See* EPA Press Release; Ex. A ¶ 32. California has named EPA and its Administrator, in his official capacity, as defendants, alleging the agency violated the Administrative Procedure Act and that their actions were ultra vires. Ex. A at ¶¶ 19-20, 94-127.

While the two cases involve one plaintiff in common (of eleven), two of four defendants in common, and some analogous legal questions, the cases are otherwise distinct. The *California v. EPA* case challenges new actions that EPA has taken concerning different waivers which, in turn, authorize enforcement of different California regulations—regulations that have been in place for much longer than the California regulations at issue in this case, and waivers that even more federal administrations and Congresses had not ever considered to be "rules" subject to the Congressional Review Act. EPA's new actions will naturally have a separate administrative record and involve distinct facts. *See* Press Release (providing EPA's view of the facts relevant to each of the four waivers); Ex. A ¶¶ 78-93. Unlike the actions challenged in *California v. United States*, neither Congress nor the President have acted on EPA's transmission; the *California v. EPA* case challenges only the EPA reclassification and transmission of the additional waivers to

Congress, and thus does not challenge any action by Congress, raises no constitutional claims, and names neither the President nor the United States as a defendant. Moreover, California is the sole plaintiff in *California v. EPA*, in part because (unlike the underlying regulations implicated in *California v. United States* before this Court, FAC ¶ 4) one of the underlying California regulations—the amended SORE regulation—implicated in EPA's new actions cannot be adopted by other States. Pub. L. 108-199 § 428(c), 118 Stat. 3, 418 (2004); 40 C.F.R. § 1074.110(b).

Among other reasons, because the *California v. EPA* case involves different facts, a different procedural posture, a different alignment of parties, and a distinct administrative record, California states pursuant to Civil Local Rule 3-13(b)(3)(C) that transfer of neither case should be effected pursuant to 28 U.S.C. § 1407 and that no coordination of the cases is necessary.

Dated:  June 22, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Katherine Gaumond*
KATHERINE GAUMOND
Deputy Attorney General
*Attorneys for Plaintiff State of California*

OK2025401237
92133462

4