ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
CAITLAN MCLOON, State Bar No. 302798
M. ELAINE MECKENSTOCK, State Bar No. 268861
CECILIA D. SEGAL, State Bar No. 310935
EMMANUELLE S. SOICHET, State Bar No. 290754
KATHERINE GAUMOND, State Bar No. 349453
Deputy Attorneys General
  455 Golden Gate Ave
  Suite 11000
  San Francisco, CA  94102
  Telephone:  (415) 510-4439
  Fax:  (415) 703-5480
  E-mail:  Katherine.gaumond@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT,** and **STATE OF WASHINGTON,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN**, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and **DONALD J. TRUMP**, in his official capacity as President of the United States,<br><br>Defendants. | 4:25-cv-04966-HSG<br><br>**PLAINTIFF STATE OF CALIFORNIA'S NOTICE OF PENDENCY OF PETITIONS FOR REVIEW**<br><br>Judge:          Hon. Haywood S. Gilliam, Jr.<br>Trial Date:   Not Set<br>Action Filed: June 12, 2025 |

1

Pursuant to Civil Local Rule 3-13, Plaintiff State of California (hereafter, California) respectfully submits this Notice of Pendency of Petitions for Review concerning two protective petitions for review filed by California (but not the other Plaintiff States here): *California v. EPA*, No. 26-1218 (D.C. Cir. Aug. 11, 2026) and *California v. EPA*, No. 26-5143 (9th Cir. Aug. 11, 2026).

### A.    Description and Procedural Posture of the Other Action

On June 12, 2026, the United States Environmental Protection Agency (EPA) issued a press release announcing the agency had "determined that" four waivers granted to California pursuant to the Clean Air Act are "rule[s] under the CRA [Congressional Review Act]" and had "transmitted" these waivers to Congress. EPA, *EPA Fulfils Statutory Obligation by Transmitting Four California Waiver Rules to Congress* (EPA Press Release), available at https://www.epa.gov/newsreleases/epa-fulfills-statutory-obligation-transmitting-four-california-waiver-rules-congress, last visited June 21, 2026.

On June 22, 2026, California filed a complaint in the United States District Court for the District of Columbia challenging EPA's actions. California's complaint states that those actions violate the Administrative Procedure Act and/or are ultra vires. California filed a notice of pendency with this Court concerning the filing of this complaint in the District Court for the District of Columbia on June 22, 2026. ECF 244.[1]

On August 11, 2026, California filed protective petitions for review in the D.C. Circuit and the Ninth Circuit challenging the same EPA actions. California filed these protective petitions in order to protect its right to judicial review in the event the district court is found to lack jurisdiction, and the circuit courts are found to have original jurisdiction pursuant to 42 U.S.C. § 7607(b)(1). In accordance with Local Rule 3-13(b)(2), a copy of the petitions are attached hereto as Exhibit A and B.

---

[1] Since the notice of pendency was filed, California has sought a preliminary injunction; EPA has moved to dismiss the complaint; and the American Fuel and Petrochemical Manufacturers and American Petroleum Institute have been granted intervention and also moved to dismiss. The District Court for the District of Columbia has set oral argument on these motions for August 19, 2026.

**B.     Relationship between this Case and the Other Action and Whether Transfer Should be Effectuated**

In this case (*California v. United States*), California and the ten other Plaintiff States sued the United States, the President in his official capacity, EPA, and EPA's Administrator in his official capacity. ECF 157 at 1, First Amended Complaint (FAC). Plaintiff States challenge actions taken by the Federal Government in 2025 with respect to Clean Air Act preemption waivers granted to California in 2023 and 2024 authorizing enforcement of three California regulations—the Advanced Clean Trucks regulation, the Omnibus Low NOx regulation, and the Advanced Clean Cars II regulation. *E.g.*, *id.* ¶¶ 44-46, 69-71, 74-76. This lawsuit followed EPA's transmission of those other California waivers to Congress as well as Congress's subsequent adoption of resolutions concerning those waivers and the President's signing of those resolutions. Specifically, Plaintiffs allege that three congressional resolutions purporting to disapprove these three waivers are unconstitutional because they violate the separation of powers and the Tenth Amendment and principles of structural federalism. *Id.* ¶¶ 150-169. Plaintiff States also allege that EPA's unexplained and post-hoc effort to reclassify these three waivers from orders into rules and the agency's transmission of the waivers to Congress and the U.S. Government Accountability Office (GAO) violate the Administrative Procedure Act and/or are ultra vires. *Id.* ¶¶ 121-148.

In the petitions that are the subjects of this notice, California alone protectively challenges EPA's June 12, 2026 determination that four different waivers granted between 2009 and 2024 are rules and EPA's transmission of those waivers to Congress. *See* EPA Press Release. The four waivers at issue in these EPA actions authorize California to enforce 1) greenhouse gas emission standards that took effect in model year 2009; 2) California's Advanced Clean Cars I regulation (promulgated in 2012)[2]; and 3) amendments to California's Small Offroad Engine (SORE) regulations (promulgated in 2021) that require reductions in emissions from equipment such as

---

[2] Two of the four waivers pertain to this Advanced Clean Cars I regulation. EPA granted the waiver authorizing enforcement of the Advanced Clean Cars I regulation in 2013. EPA purported to withdraw part of the 2013 waiver authorizing enforcement of that regulation in 2019 and then reinstated those parts of the 2013 waiver in 2022. The 2013 waiver and the 2022 reinstatement are both included in the four waiver actions at issue.

leaf blowers and lawnmowers sold in the State. *See* EPA Press Release. California has named EPA and its Administrator, in his official capacity, as respondents.

While the new petitions are brought by one plaintiff here (of eleven) against two of four defendants here, and share some analogous legal questions, the petitions are otherwise distinct from *California v. United States*. Most importantly, these petitions are protective. California believes the district courts have jurisdiction to review its challenges to the actions of EPA and its Administrator. Accordingly, California has challenged those actions in the U.S. District Court for the District of Columbia. *California v. EPA*, No. 1:26-cv-02185-BAH (D.D.C. June 22, 2026). California filed these protective petitions in order to protect its right to judicial review in the event the district court is found to lack jurisdiction, and the circuit courts are found to have original jurisdiction pursuant to 42 U.S.C. § 7607(b)(1).

These petitions are also distinct from the case before this Court because the petitions challenge additional actions that EPA has taken concerning different waivers which, in turn, authorize enforcement of different California regulations—regulations that have been in place for much longer than the California regulations at issue in this case, and waivers that even more federal administrations and Congresses had not ever considered to be "rules" subject to the Congressional Review Act. EPA's recent actions will naturally have a separate administrative record and involve distinct facts. *See* Press Release (providing EPA's view of the facts relevant to each of the four waivers). Moreover, unlike in this case, there are no congressional resolutions at issue in these new petitions, which challenge only the EPA reclassification and transmission of the additional waivers to Congress. The petitions thus do not challenge any action by Congress, raise no constitutional claims, and name neither the President nor the United States as a defendant. Moreover, California is the sole petitioner in these new cases in part because (unlike the underlying regulations implicated in *California v. United States* before this Court, FAC ¶ 4) one of the underlying California regulations—the amended SORE regulation—implicated in EPA's new actions cannot be adopted by other States. Pub. L. 108-199 § 428(c), 118 Stat. 3, 418 (2004); 40 C.F.R. § 1074.110(b).

Thus, pursuant to Civil Local Rule 3-13(b)(3)(C), California states that even if petitions for review could be transferred to this Court, these petitions should not be and no coordination of the petitions with this case is necessary.

Dated:  August 12, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Katherine Gaumond*
KATHERINE GAUMOND
Deputy Attorney General
*Attorneys for Plaintiff State of California*

5