ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER (DC Bar #1028454)
*Deputy Assistant Attorney General*
JEFFREY HUGHES (NY Bar #5367214)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 532-3080 (Hughes)
robert.stander@usdoj.gov
jeffrey.hughes@usdoj.gov

ERIC J. HAMILTON
*Deputy Assistant Attorney General*
Civil Division
JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch
STEPHEN M. PEZZI (FL Bar #1041279)
*Chief Litigation Counsel*
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 305-8576
stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 4:25-cv-04966-HSG

**THE UNITED STATES' BRIEF REGARDING *MULLIN v. DOE***

*Mullin v. Doe*, 609 U.S. __, 146 S. Ct. 2121 (2026) confirms that 5 U.S.C. § 805 disposes of the statutory and ultra vires claims in this case. In *Mullin*, the Supreme Court held that the temporary protected status statute's judicial-review bar precluded review of non-constitutional claims challenging the Secretary of Homeland Security's decisions made in the course of terminating designations for Syria and Haiti. 146 S. Ct. at 2133-34. That provision prohibits judicial review of "any determination … with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection." 8 U.S.C. § 1254a(b)(5)(A). "This text is clear, and its plain meaning is very broad." *Mullin*, 146 S. Ct. at 2133. When a

statute bars review of any "determination," the statute means what it says, and "challengers cannot avoid a judicial-review bar by creative pleading or clever lawyering." *Id.* at 2136. The Court also concluded that, even in the absence of judicial review, *Congress* has "ample means" to stop any hypothetical "abuse" of the statute. *Id.* at 2137.

*Mullin*, therefore, precludes the States' attempts to exclude EPA's determination and action at issue in this case from the scope of the Congressional Review Act's judicial-review bar. Like the provision in *Mullin*, § 805 is "clear and … very broad," 146 S. Ct. at 2133, and precludes review of all "determination[s]" and "action[s]," 5 U.S.C. § 805; there is no exemption for preliminary or predicate determinations or actions. *See Mullin*, 146 S. Ct. at 2134-37 (rejecting arguments that bar applies only to particular kinds of determinations). And the Court's conclusion that Congress can address any concerns it has with EPA's discharge of its obligations applies with even more force here, as an agency's compliance with congressional reporting obligations is "quintessentially within the province of the political branches to resolve as part of their ongoing relationships." *NRDC v. Hodel*, 865 F.2d 288, 319 (D.C. Cir. 1988); *see also Guerrero v. Clinton*, 157 F.3d 1190, 1195-96 (9th Cir. 1998) (adopting *Hodel*).

*Mullin* therefore provides another reason to dismiss the States' statutory and ultra vires claims.

Dated: August 21, 2026

Respectfully submitted,

ERIC J. HAMILTON
*Deputy Assistant Attorney General*
Civil Division

JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch

STEPHEN M. PEZZI (FL Bar #1041279)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 305-8576
stephen.pezzi@usdoj.gov

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
(DC Bar #1028454)
*Deputy Assistant Attorney General*

*/s/ Jeffrey Hughes*
JEFFREY HUGHES
(NY Bar #5367214)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 532-3080 (Hughes)
robert.stander@usdoj.gov
jeffrey.hughes@usdoj.gov

*Attorneys for Defendants*