UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF DELAWARE, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, U.S. ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>Defendants. | No. 4:25-cv-04966-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 15, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

The undersigned jointly submit this Case Management Statement in response to this Court's Docket Order of September 3, 2026, ECF No. 254, with the understanding that the Order asks them to address the specific issues the Order identifies: the timeline for any further briefing on (1) renewed motions to intervene, and (2) the pending motion to dismiss, in light of the Ninth Circuit's memorandum disposition. *Id.*

**1. Timeline for Renewed Motions to Intervene**

**<u>Position of Intervenors and Proposed Intervenors</u>**

Proposed Intervenors American Fuel & Petrochemical Manufacturers (AFPM), American Petroleum Institute (API), National Association of Convenience Stores (NACS), and Corn Growers Associations renew their motions to intervene permissively under Federal Rule of Civil Procedure 24(b). The Proposed Intervenors do not wish to delay resolution of the pending motion to dismiss and believe that no further briefing is necessary, as the grounds for permissive intervention have already been adequately briefed, ECF Nos. 61 (AFPM, API, and NACS Mot. to Intervene); 49 (Corn Growers Associations Mot. to Intervene).

- The Ninth Circuit held that this "court abused its discretion in denying AFPM, API, NACS, and the Corn Grower Associations' motions for permissive intervention" because Federal Defendants do not adequately represent AFPM, API, NACS, and the Corn Grower Associations' interests and therefore intervention would not needlessly complicate the case. ECF No. 246 at 12. The Ninth Circuit remanded for this court to reconsider the permissive intervention question. Following that Court's decision, the U.S. District Court for the District of Columbia granted AFPM and API intervention as of right in California's new and parallel challenge to EPA's transmission of Clean Air Act waivers to Congress under the Congressional Review Act ("CRA"). Minute Order, *California v. EPA*, No. 1:26-cv-2185 (D.D.C. Aug. 4, 2026). That court explained that movants had shown a legally protected economic interest that could be impaired because the outcome of the lawsuit "'may directly affect [their] members, who manufacture fuels, operate refineries, and distribute and sell fuel nationwide.'" *Id*. The District Court agreed with the Ninth Circuit that the federal government does not adequately represent industry interests. *Id*.

- The test for permissive intervention is not onerous, and courts should "construe[] [Rule 24] broadly in favor of proposed intervenors," adopting a "liberal policy in favor of intervention [that] serves both efficient resolution of issues and broadened access to the courts" that "allow[s] parties with a practical interest in the outcome of a particular case to intervene." *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002) (citations omitted).
- Permissive intervention for AFPM, API, and NACS is appropriate because: (1) their motions are timely, which Plaintiffs do not contest; (2) their proposed defenses share common questions of law and fact with the main action—AFPM, API, and NACS seek to assert defenses aligned with the government defendants regarding the validity of the CRA resolutions and the legal scope of state authority to regulate emissions; and (3) their participation alongside the parties already granted intervention as of right will not complicate the case or cause delay. Moreover, although there is presently alignment, though not complete overlap, between the arguments of AFPM, API, and NACS and the Government, AFPM, API, and NACS cannot know how the litigation may develop and what arguments may be pursued (or not in the future), making permissive intervention all the more warranted here. Even more, this court should avoid picking and choosing between proposed intervenors with interests that, for the purposes of the intervention analysis, are identical. The inclusion of proposed intervenors will not burden this case. While AFPM, API, and NACS stand on their prior briefing, they would welcome additional briefing if it would aid the Court and would propose conferring with the other parties to submit a joint briefing schedule.
- Permissive intervention for the Corn Growers Associations is also appropriate because it would not complicate case management or compromise efficiency; the Corn Growers Associations share counsel with Intervenor American Free Enterprise Chamber of Commerce (AmFree) and would submit joint filings in this case. Nonetheless, were this Court to conclude additional briefing was warranted, the Corn Growers Associations would be glad to confer on an expedited briefing schedule.

Intervenors AmFree, Alliance for Automotive Innovation (Auto Innovators), and National Automobile Dealers Association (NADA) agree that permissive intervention is appropriate for all Proposed Intervenors, that their participation as parties alongside those already granted intervention as of right will not further complicate or delay, and that this Court can grant the motions for intervention based on the existing briefs. If this Court decides additional briefing is appropriate, the Intervenors support conferring on an expedited briefing schedule.

**Position of Plaintiff States**

Plaintiff States respond briefly to the Proposed Intervenors' arguments regarding permissive intervention below, and would be glad to provide further briefing on this issue should the Court find it helpful and would likewise confer with opposing counsel as to a reasonable schedule. Plaintiff States also respectfully note that the Ninth Circuit recalled the mandate as issued in error, ECF No. 256, but that the mandate is nonetheless expected to issue as soon as today, September 11, 2026.[1]

Plaintiff States reiterate their prior opposition and contend that AFPM, API, NACS, and the Corn Growers Associations should not be permitted to intervene because their participation risks complicating and delaying the case. *See* ECF No. 84 at 7-8 & ECF No. 85 at 7-8. Indeed, although the Corn Growers Associations indicate that they will submit joint filings alongside AmFree, the remaining groups make no such representation, suggesting that Intervenors and Proposed Intervenors would add at least three separate sets of papers to any future filings. Moreover, although AFPM, API, and NACS assert that their interests are "identical" to those of the Alliance, NADA, and AmFree, the Ninth Circuit concluded differently, ECF No. 246 at 11, and, in any event, those interests are now adequately represented by these newly admitted parties. *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 199 (2022) (noting, in the context of serial motions to intervene, that "the interests of existing parties" could "come to overlap fully with the interests of any remaining proposed intervenor"); *Arakaki v. Cayetano*, 324 F.3d 1078, 1087 (9th

[1] Although the mandate has not yet issued, Plaintiff States use the terms "Proposed Intervenors" and "Intervenors" to avoid inconsistency and possible confusion.

Cir. 2003) (affirming denial of intervention as of right where, among other things, existing presence of "similarly situated intervenor" accounted for new movant's interests).

Should the Court grant intervention to AFPM, API, NACS, and the Corn Growers Associations, Plaintiff States respectfully reiterate their request for reasonable case management conditions, and, in particular, their request that all intervenors—those admitted as-of-right and any admitted permissively—be required to file all substantive papers jointly (rather than filing multiple separate briefs), thereby mitigating the potential prejudice to Plaintiff States. *See* ECF No. 145 at 12-13. Proposed Intervenors and Intervenors have demonstrated that they are able to coordinate in this manner through past joint filings before this Court and the Ninth Circuit. *See, e.g.*, ECF No. 186-1; *California v. AmFree*, No. 26-88 (9th Cir.), Dkt. 17.

**<u>Position of the United States</u>**

The United States takes no position on Proposed Intervenors' renewed motions. .

**2. Timeline for Pending Motion to Dismiss**

**<u>Position of Intervenors and Proposed Intervenors</u>**

Proposed Intervenors and Intervenors believe that no further briefing is necessary on the pending motion to dismiss. These entities filed *amicus curiae* briefs in support of dismissal, ECF Nos. 185-1; 186-1, so all of their arguments are before the Court. Those briefs add one argument that Defendants did not expressly make—that a waiver of Clean Air Act preemption is a "rule" within the meaning of the Congressional Review Act. ECF Nos. 185-1 at 7–10; 186-1 at 24–25.[2] Because Plaintiffs filed their opposition four weeks after the *amicus* briefs, they had ample opportunity to, and did in fact, respond to those arguments. *See, e.g.*, ECF No. 194 at 10–11 (responding to arguments raised only in *amicus* briefs that a waiver is a "rule"). To the extent the *amicus curiae* briefs do not cover all arguments raised by Defendants, Proposed Intervenors and Intervenors endorse them by reference. Additional briefing is therefore unnecessary and would only further delay resolution of the motion to dismiss.

---

[2] Citations refer to the page numbering in the footers rather than the ECF Bates numbering.

**Position of Plaintiff States**

Plaintiff States agree that the addition of intervenors to the case does not warrant additional briefing on the pending motion to dismiss. In response to Intervenors' and Proposed Intervenors' reference to specific arguments they advanced in their amicus briefs or now adopt from the United States' briefing, Plaintiffs respectfully direct this Court's attention to two parts of a recent decision by the District Court for the District of Columbia—in a case to which Plaintiff California, Defendants EPA and Administrator Zeldin, and Proposed Intervenors AFPM and API are all parties.

First, in denying motions to dismiss claims very similar to those in Counts I and II of the Complaint here (ECF No. 157), that court concluded "Section 209(b) waivers are properly considered adjudicatory orders," not rules, "under the APA, and therefore under the CRA, for both procedural and substantive reasons." *California v. EPA*, No. 26-CV-2185 (BAH), 2026 WL 2593640, at *28 (D.D.C. Sept. 2, 2026). In so doing, that court rejected AFPM's and API's contrary arguments—the same ones they (along with other Proposed Intervenors and Intervenors) specifically reference above. *See also id*. at 7 n.6.

Second, as the D.C. District Court noted, EPA and its Administrator took the position, before that court, that Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), "does not deprive" district courts of jurisdiction over EPA's reclassification of Clean Air Act preemption waivers from orders into rules or its submission of those actions to Congress as rules. *California v. EPA*, 2026 WL 2593640, at *15 n.8 (citing briefing). The D.C. District Court agreed. *Id.* Yet Defendants EPA and its Administrator took the opposite position in the motion to dismiss pending before this Court. ECF No. 172 at 19:27-20:27 (arguing EPA's reclassification and submission actions "would be reviewable only by the courts of appeals under § 307(b)(1) of the Clean Air Act"). While some Intervenors advanced this argument in their amicus briefs, *e.g.*, ECF No. 185-1 at 3-4, not all did. To the extent some Intervenors or Proposed Intervenors seek now to join the United States' argument that Section 307(b) precludes this Court's jurisdiction, the Court should be aware that the United States has effectively abandoned that argument.

**Position of the United States**

The United States agrees that no further briefing is necessary on the pending motion to dismiss. The United States disagrees with California's assertion it that took opposing positions in this Court and the D.C. District Court, or that the United States has abandoned any arguments. Our position in both courts has been consistent: the alleged "actions" taken by EPA were under the Congressional Review Act and, in any event, not final agency action. In this Court, the United States additionally argued that *if* the Court concludes that plaintiffs have identified final agency actions not subject to section 805 of the CRA—and we dispute both propositions—*then* only the courts of appeals could exercise jurisdiction over any challenges to those actions, as they would be closely related to final actions taken under the Clean Air Act, i.e., the waivers. *See* ECF No. 172 at 19-20. However, EPA took its alleged actions, however framed, under the CRA.

[Signature block begins on next page]

Dated: September 11, 2026

Respectfully submitted,

Steven P. Lehotsky* (DC 992765)
Michael B. Schon* (DC 989893)
Lehotsky Cohn LLP
200 Massachusetts Ave., NW
Suite 700
Washington, DC 20001
Email: steve@lehotskycohn.com
Email: mike@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

/s/ Katherine C. Yarger
Katherine C. Yarger* (CO 40387)
Lehotsky Cohn LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Attorneys for American Fuel & Petrochemical Manufacturers, American Petroleum Institute, and the National Association of Convenience Stores*

* Admitted pro hac vice.

/s/ Rachel Levick
Raymond B. Ludwiszewski (*pro hac vice*)
Rachel Levick (*pro hac vice*)
GIBSON, DUNN & CRUTCHER
1700 M Street, NW
Washington, DC 20036
Tel.: 202-955-8500
Fax: 202-467-0539
rludwiszewski@gibsondunn.com
rlevick@gibsondunn.com
Sean Howell, Bar No. 315967
GIBSON, DUNN & CRUTCHER
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: 415-393-8355
Fax: 415-801-7364
showell@gibsondunn.com
*Attorneys for Intervenor-Defendants The Alliance for Automotive Innovation and The National Automobile Dealers Association*

/s/ Michael Buschbacher
Michael Buschbacher (*pro hac vice*)
James R. Conde (*pro hac vice*)
James R. Wedeking (*pro hac vice*)
Laura B. Ruppalt (*pro hac vice*)
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com

John B. Thomas (Bar No. 269538)
Jessica Wahl (Bar No. 321887)
Hicks Thomas LLP
701 University Avenue, Suite 106
Sacramento, California 95825
(916) 241-8414
jthomas@hicks-thomas.com

*Attorneys for Intervenor-Defendant American Free Enterprise Chamber of Commerce, and Proposed Intervenor-Defendants Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, Nebraska, and Tennessee, and Wisconsin Corn Growers Associations, Texas Corn Producers, and National Corn Growers Association*

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Plaintiff State of California*

PHILIP J. WEISER
*Attorney General for the State of Colorado*

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM
Assistant Deputy Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6285
Carrie.Noteboom@coag.gov

KATHLEEN JENNINGS
*Attorney General of the State of Delaware*

/s/ *Vanessa L. Kassab*
IAN R. LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

ANDREA JOY CAMPBELL
*Attorney General for the Commonwealth of Massachusetts*

*/s/ Seth Schofield*
SETH SCHOFIELD
Senior Appellate Counsel
JON WHITNEY
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Flr.
Boston, Mass. 02108
(617) 727-2200
seth.schofield@mass.gov
jon.whitney@mass.gov

MATTHEW J. PLATKIN
*Attorney General for the State of New Jersey*

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
(609) 376-2740
Lisa.Morelli@law.njoag.gov

RAÚL TORREZ
*Attorney General for the State of New Mexico*

*/s/ J. Spenser Lotz**
J. SPENSER LOTZ
Assistant Attorney General
Environmental Protection Bureau
201 Third St. NW, Suite 300
Albuquerque, New Mexico 87102
(505) 616-7560
slotz@nmdoj.gov

* pro hac vice application forthcoming

LETITIA JAMES
*Attorney General for the State of New York*

*/s/ Ashley M. Gregor*
ASHLEY M. GREGOR
Assistant Attorney General
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8454
ashley.gregor@ag.ny.gov

CHARITY R. CLARK
*Attorney General for the State of Vermont*

*/s/ Hannah Yindra*
HANNAH YINDRA
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov

DAN RAYFIELD
*Attorney General for the State of Oregon*

*/s/ Paul Garrahan*
PAUL GARRAHAN
Sr. Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov
PETER F. NERONHA
*Attorney General for the State of Rhode Island*

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
Special Assistant Attorney General
Office of the Attorney General
Chief, Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400 ext. 2297
nvaz@riag.ri.gov

NICHOLAS W. BROWN
*Attorney General for the State of Washington*

*/s/ Alexandria Doolittle*
ALEXANDRIA K. DOOLITTLE
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6769
Alex.Doolittle@atg.wa.gov

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER (DC Bar #1028454)
*Deputy Assistant Attorney General*
JEFFREY HUGHES (NY Bar #5367214)
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 717-7067 (Stander)
(202) 532-3080 (Hughes)
Email: robert.stander@usdoj.gov
jeffrey.hughes@usdoj.gov

MEGAN L. OWEN
*Principal Deputy Assistant Attorney General*
Civil Division

JOSEPH E. BORSON
*Assistant Branch Director*
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (FL Bar #1041279)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov
*Attorneys for Defendants*

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories to this document concurred in this filing.

*/s/ Michael Buschbacher*
Michael Buschbacher

*Attorney for Intervenor-Defendant American Free Enterprise Chamber of Commerce, and Proposed Intervenor-Defendants Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, Nebraska, Tennessee, and Wisconsin Corn Growers Associations, Texas Corn Producers, and National Corn Growers Association*